John B. Scherling (SBN 122234)
Scott H. Davison (SBN 228807)
SUGHRUE MION, PLLC
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: 619.238.3545
Facsimile: 619.238.4931
jscherling@sughrue.com
sdavison@sughrue.com

William H. Mandir (*pro hac vice* pending)
John F. Rabena (*pro hac vice* pending)
Carl J. Pellegrini (*pro hac vice* pending)
Chandran B. Iyer (*pro hac vice* pending)
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: 202.293.7060
Facsimile: 202.293.7860
wmandir@sughrue.com
jrabena@sughrue.com
cpellegrini@sughrue.com
cbiyer@sughrue.com

Attorneys for Plaintiff
GIRAFA.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIRAFA.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEXA INTERNET, INC.; NIALL O'DRISCOLL, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT, DECLARATORY JUDGMENT OF INVALIDITY AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff GIRAFA, by and through its attorneys, for its Complaint against Defendants ALEXA INTERNET, INC. ("ALEXA") and NIALL O'DRISCOLL ("O'DRISCOLL") (collectively "Defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff GIRAFA is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1313 North Market Street, Suite 5100, Wilmington, Delaware 19801.

2. Defendant ALEXA is a California corporation organized and existing under the laws of California, with a principal place of business at Presidio of San Francisco, Building 37, P.O. Box 29141, California 94129.

3. According to the ALEXA website, defendant O'DRISCOLL is the Chief Executive Officer of ALEXA.

## JURISDICTION AND VENUE

4. Counts I and II set forth below arise under the provisions of the Declaratory Relief Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, to declare the rights and legal relations of the parties. An actual, justiciable controversy exists between GIRAFA and Defendants, arising from ALEXA's allegation that GIRAFA has committed certain acts of patent infringement.

5. Jurisdiction over Counts I and II is conferred on this Court pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (original jurisdiction under patent laws). Jurisdiction over Count III is conferred on this Court pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue under 28 U.S.C. § 1391(b) and personal jurisdiction are proper in this district, as Defendants reside and/or conduct substantial business in this district and because, on information and belief, Defendants' conduct giving rise to this lawsuit took place in this judicial district.

## BACKGROUND

7. On December 5, 2007 GIRAFA filed in the United States District Court for the District of Delaware a Complaint for patent infringement against a number of defendants, including

1  ALEXA, alleging infringement of United States Patent No. 6,864,904 entitled "Framework For Providing Visual Context to WWW Hyperlinks" ("the '904 patent") (*Girafa.com v. Amazon Web Services, LLC, et al.*, C.A. No. 07-787-SLR) ("the Delaware action").

8. On March 13, 2008, GIRAFA filed a Motion for Preliminary Injunction (the "PI Motion") against several parties, including ALEXA, in the Delaware action.

9. ALEXA, (1) without a good faith belief in the merits of its claim, (2) in retaliation for GIRAFA's filing of the Delaware action and PI Motion, and (3) for the purpose of causing GIRAFA resources to be diverted to defending meritless sham litigation during the pendency of the Delaware action, on March 21, 2008 filed in the United States District Court for the District for Eastern District of Texas (Marshall Division) a complaint for patent infringement alleging that GIRAFA infringes United States Patent No. 6,282,548 entitled "Automatically Generate And Displaying Metadata As Supplemental Information Concurrently With The Web Page, There Being No Link Between Web Page And Metadata" ("the '548 patent") (*Alexa Internet, Inc. v. Girafa.com, Inc.*, No. 2:08-cv-121) ("the Texas action").

10. In particular, the '548 patent is directed to a method and apparatus that displays metadata about a web page being displayed by a browser. After a browser receives a request for a web page from a Web server, it displays the requested web page in the conventional manner. A separate client concurrently displays metadata about the web page, which the client has requested and received from a database metadata server. This metadata may include, for example, statistics about visits or links to the web page, the age of the web page, contact information for the administrator of the web page, etc.

11. Critically and fundamentally, the claims, specification and prosecution history of the '548 patent limit the claims of the '548 patent to metadata about a *currently displayed* web page.

12. In an amendment filed on May 4, 1999 during the prosecution of the '548 patent, the applicants presented arguments directed to overcoming the rejection under 35 U.S.C. § 102(e) over U.S. Patent No. 5,706,507 to Schloss ("Schloss"). For example, the applicants stated the following with respect to Schloss:

> Schloss, at col. 10, lines 8-36, describes displaying a warning message that a link is to an offensive web page. This occurs under Schloss when a user is viewing a non-offensive web page (web page A), which contains a link to an offensive web page (web page B). Schloss then displays a warning that web page B is offensive. This message is not displayed concurrently with web page B, as web page B is not being displayed at all. . . . <u>Of course, the message does not describe the web page being displayed, web page A, which is not offensive.</u>

Amendment of May 4, 1999 at 7 (emphasis added).

13. In the May 4, 1999 amendment filed in the prosecution of the '548 patent, the applicants further stated that "[t]he claimed invention is advantageous because, unlike Schloss, it provides a user with additional information about the current webpage." Amendment of May 4, 1999 at 7.

14. Finally, the applicants summarized their argument against Schloss as follows:

> When Schloss prints a message warning the user that displayed link would lead to an offensive page, <u>Schloss is not providing a link to the other page as information about the page being displayed, but is instead providing information about the undisplayed page to which the link pertains.</u>

Amendment of May 4, 1999 at 8 (emphasis added).

15. In a Continuing Prosecution Application ("CPA") of June 21, 1997, the applicants for the '548 patent requested reconsideration of their application, yet again emphasizing that "<u>[m]etadata is supplemental information about the web page being displayed, not about the target pages of links on the web page being displayed.</u>" CPA of June 21, 1997 at 11.

16. The accused GIRAFA Toolbar and Thumbnail Service, however, only display data about *linked* web pages.

17. The claims, specification, and prosecution history of the '548 patent likely preclude any interpretation under which GIRAFA's technology could be considered infringement, inducement of infringement, or contributory infringement, by limiting the claim so as to apply only to metadata about a currently displayed web page, while GIRAFA's thumbnails are clearly about linked pages.

18. In asserting ALEXA's '548 patent against GIRAFA, ALEXA is trying to cover exactly what it told the U.S. Patent Office was NOT covered by the '548 patent, namely information about linked pages.

19. The claims, specification and prosecution history of the '548 patent thus preclude any interpretation under which GIRAFA's technology could be considered infringement, inducement of infringement or contributory infringement, by limiting the claims to apply only to metadata about a currently displayed web page, while GIRAFA's thumbnails clearly are about linked pages.

20. GIRAFA denies ALEXA's allegations of infringement in the Texas action, and further alleges that the '548 patent is invalid. Thus, an actual justiciable controversy exists between ALEXA and GIRAFA as to the infringement and validity of the '548 patent. Moreover, ALEXA's conduct as alleged herein constitutes unlawful, unfair competition under California law.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGMENT

### (Defendant ALEXA)

21. GIRAFA reasserts Paragraphs 1-20 as if fully set forth herein.

22. GIRAFA has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products and/or services that literally infringe any claim of the '548 patent.

23. GIRAFA has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products and/or services that infringe any claim of the '548 patent under the doctrine of equivalents.

24. GIRAFA has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products and/or services that infringe the '548 patent or otherwise committed any act in violation of 35 U.S.C. § 271 with respect to the '548 patent.

25. Because of the proceedings in the PTO during the prosecution of the '548 patent application including related applications, narrowing amendments and arguments submitted to distinguish the application claims from prior art to obtain the '548 patent, ALEXA is estopped from contending that the claims of the '548 patent can be interpreted to cover any GIRAFA product and/or services, including the accused products.

26. ALEXA is estopped from construing the claims of the '548 patent to cover and include any GIRAFA product and/or service, including the accused products.

27. ALEXA cannot legally recapture any subject matter relinquished by amendment or argument during prosecution of the '548 patent application, and predecessor and related applications.

28. This case is an exceptional case under 35 U.S.C. § 285.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

### (Defendant ALEXA)

29. GIRAFA reasserts Paragraphs 1-28 as if fully contained herein.

30. Each and every claim of the '548 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States patent laws, Title 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 102, 103, and/or 112.

31. This case is an exceptional case under 35 U.S.C. § 285.

## COUNT III: UNFAIR COMPETITION (Cal. Bus. & Prof. Code §§ 17200 et seq.)

### (Defendants ALEXA and O'DRISCOLL)

32. GIRAFA reasserts Paragraphs 1-31 as if fully contained herein.

33. Despite the clear inapplicability of the '548 patent to GIRAFA's technology, ALEXA initiated the Texas action alleging that the GIRAFA Toolbar and Thumbnail Service infringes the '548 patent. Thus, rather than pursuing a legitimate claim on the merits, ALEXA filed the Texas action to retaliate for GIRAFA's filing of the Delaware action and the PI Motion and to cause GIRAFA resources to be diverted during the pendency of the Delaware action to the unnecessary defense of the meritless action brought in bad faith in the Eastern District of Texas. In short, knowing that continued infringement of the '904 patent may severely and irreparably damage GIRAFA within the year, ALEXA filed the Texas action to put extreme financial pressure on GIRAFA to gain improper business and litigation advantages and attempt to force GIRAFA out of business.

34. On information and belief, defendant O'DRISCOLL, in his role as manager of ALEXA, knowingly encouraged, induced, authorized, aided and abetted the filing of the Texas action for the reasons set forth above.

35. ALEXA and O'DRISCOLL have committed and continue to commit the unlawful, unfair and fraudulent conduct described above with the intent to harass and intimidate GIRAFA, divert GIRAFA's resources and attention from the Delaware action and GIRAFA's business operations, and attempt to drive GIRAFA out of business. This illegal, anticompetitive and deceptive conduct constitutes unfair competition under the law of California, to the detriment of GIRAFA.

## PRAYER FOR RELIEF

WHEREFORE, GIRAFA prays for a judgment against ALEXA as follows:

(a) That GIRAFA has not infringed and does not infringe the '548 patent or has not otherwise performed any acts that violate 35 U.S.C. § 271;

(b) That the '548 patent is invalid and void;

(c) That ALEXA's conduct has violated the unfair competition laws of the State of California;

(d) That ALEXA, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with ALEXA, be permanently enjoined and restrained from any further acts of unfair competition;

(e) Awarding GIRAFA its costs and expenses;

(f) That this is an exceptional case under 35 U.S.C. § 285 and award GIRAFA its attorneys' fees pursuant to that section; and

(g) Award GIRAFA such further equitable and legal relief as the Court or a jury deems proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38 of Federal Rules of Civil Procedure, GIRAFA demands a trial by jury on all issues triable by jury.

DATED: June 2, 2008

SUGHRUE MION, PLLC

By: /s/ John B. Scherling
John B. Scherling
Scott H. Davison
101 West Broadway, Suite 1600
San Diego, CA 92101

William H. Mandir (*pro hac vice* pending)
John F. Rabena (*pro hac vice* pending)
Carl J. Pellegrini (*pro hac vice* pending)
Chandran B. Iyer (*pro hac vice* pending)
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037

Attorneys for Plaintiff
GIRAFA.COM, INC.