John B. Scherling (SBN 122234)
Scott H. Davison (SBN 228807)
SUGHRUE MION, PLLC
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: 619.238.3545
Facsimile: 619.238.4931
jscherling@sughrue.com
sdavison@sughrue.com

William H. Mandir (admitted *pro hac vice*)
John F. Rabena (admitted *pro hac vice*)
Carl J. Pellegrini (admitted *pro hac vice*)
Chandran B. Iyer (admitted *pro hac vice*)
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: 202.293.7060
Facsimile: 202.293.7860
wmandir@sughrue.com
jrabena@sughrue.com
cpellegrini@sughrue.com
cbiyer@sughrue.com

Attorneys for Plaintiff
GIRAFA.COM, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GIRAFA.COM, INC., | Case No.: 08-cv-02745 RMW (RS) |
| Plaintiff, | **LOCAL RULE 3-13 NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** |
| v. | |
| ALEXA INTERNET, INC.; NIALL O'DRISCOLL, | |
| Defendants. | |

## IDENTIFICATION OF OTHER ACTION OR PROCEEDING

On March 21, 2008, Alexa Internet, Inc. ("Alexa") filed in the United States District Court for the Eastern District of Texas (Marshall Division) a complaint for patent infringement alleging that Girafa infringes United States Patent No. 6,282,548 entitled "Automatically Generate And Displaying Metadata As Supplemental Information Concurrently With The Web Page, There Being No Link Between Web Page And Metadata" ("the '548 patent") (*Alexa Internet, Inc. v. Girafa.com, Inc.*, No. 2:08-cv-121) ("the Texas action").

## RELATIONSHIP OF OTHER ACTION OR PROCEEDING

As set forth in the complaint in the instant case, Girafa brings causes of action for declaratory judgments of noninfringement and invalidity with respect to the '548 patent that is the subject of the Texas action. Girafa also alleges that Alexa, without a good faith belief in the merits of its claim, filed the Texas action in retaliation for Girafa's filing of a lawsuit and preliminary injunction motion in Delaware on an unrelated patent for the purpose of causing Girafa resources to be diverted to defending meritless litigation. Accordingly, Girafa in the instant case also brings a cause of action for unfair competition against Alexa and its Chief Executive Officer, Niall O'Driscoll, under California Business & Professions Code §§ 17200, et seq.

/ / /

## DISTRICT TRANSFER UNDER 28 U.S.C. § 1407

On June 6, 2008 Girafa filed a motion in the Texas action, a copy of which is attached hereto as Exhibit 1, to transfer the Texas action to this district pursuant to 28 U.S.C. § 1404(a).  For the reasons set forth in that motion, a transfer of the Texas action to this district for pretrial proceedings pursuant to 28 U.S.C. § 1407 is appropriate as well.

DATED:  June 30, 2008

SUGHRUE MION, PLLC

By:   /s/ John B. Scherling
John B. Scherling
Scott H. Davison
101 West Broadway, Suite 1600
San Diego, CA 92101

William H. Mandir (admitted *pro hac vice*)
John F. Rabena (admitted *pro hac vice*)
Carl J. Pellegrini (admitted *pro hac vice*)
Chandran B. Iyer (admitted *pro hac vice*)
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037

Attorneys for Plaintiff
GIRAFA.COM, INC.

**DECLARATION OF SERVICE**

I am a citizen of the United States, more than 18 years old, and not a party to this action.  My place of employment and business address is 501 West Broadway, Suite 1600, San Diego, California 92101.  On June 16, 2008, I caused a copy of the following:

**LOCAL RULE 3-13 NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**

to be served as follows:

[ **X** ]    **BY ELECTRONIC SERVICE**  I am readily familiar with the business practice at my place of business for electronically mailing a true and correct copy through Sughrue Mion, PLLC's electronic mail system to the email address(es) set forth below in accordance with Code of Civil Procedure section 1010.6; and

[ **X** ]    **BY U.S. POSTAL SERVICE FIRST CLASS MAIL**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

| | |
|---|---|
| Thomas G. Pasternak<br>DLA Piper US LLP<br>203 North LaSalle Street<br>Suite 1900<br>Chicago, IL 60601-1293<br>Telephone:  (312) 368-4000<br>Facsimile:  (312) 236-7516<br>Email:  tom.pasternak@dlapiper.com | |

Executed on June 16, 2008 at San Diego, California.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Kelly Haensel*

Kelly Haensel

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ALEXA INTERNET, INC.,

      Plaintiff,

   v.

GIRAFA.COM, INC.

      Defendant.

Case No.: 2:08-cv-121

**DEFENDANT GIRAFA.COM, INC.'S
MOTION TO TRANSFER**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................3
II.   STATEMENT OF FACTS .................................................................................3
      1.    The Parties .................................................................................. 3
      2.    California Action ................................................................................ 4
III.  ANALYSIS.........................................................................................................4
            A.    PRIVATE INTEREST FACTORS.........................................................6
                  i.     Relative Ease of Access to Proof.................................................6
                  ii.    Availability of Compulsory Process to Secure Witnesses'
                         Attendance ..................................................................................7
                  iii.   Willing Witnesses' Cost of Attendance.................................8
                  iv.    All Other Practical Problems .....................................................8
            B.    PUBLIC INTEREST FACTORS ..........................................................9
                  i.     Administrative Difficulties Flowing From Court Congestion ........9
                  ii.    Localized Interests in Resolving the Controversy .........................9
                  iii.   Forum's Familiarity With the Governing Law and Conflict of
                         Laws..............................................................................................9
                  iv.    Avoidance of Unnecessary Conflict of Law Issues ......................10
IV.   CONCLUSION.................................................................................................10

## I.  INTRODUCTION

The above patent infringement action has no relationship to Texas at all, as it involves two (2) foreign companies, neither of which have any offices or employees in Texas.  All of the inventors, other party witnesses, and third party witnesses are located in or near northern California and Israel.  No potential witness is believed to be located in Texas.

In addition, there is a parallel lawsuit in the Northern District of California that includes the same patent and the same accused services.  While the California action was filed after the instant case, it includes a related, personal cause of action against the CEO of Alexa Internet, Inc. ("Alexa"); the personal cause of action mandates that that case go forward in California and not Texas.

Accordingly, Girafa respectfully requests that this action be transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1404(a) for the convenience of the parties and witnesses.

## II.  STATEMENT OF FACTS

1.     **The Parties**

Defendant Girafa is a privately-held company incorporated under Delaware law and having places of business only in Delaware and Israel. *See* Declaration of Shirli Ran in Support of Plaintiff Girafa.com, Inc.'s Motion to Dismiss or Transfer ("Ran Decl."), attached hereto as Exhibit "A", ¶ 3.  Girafa does not hold any business licenses issued by the State of Texas. Ex. A, ¶ 4.  It has no offices, employees or registered agents in Texas.  Ex. A, ¶ 5-8.  Girafa has also not made any sales presentations for the accused system in Texas.  Ex. A, ¶ 9.  Girafa, likewise, has no bank accounts and no real property in Texas.  Ex. A,  ¶¶ 7-8.  Girafa provides its thumbnail

services using servers located in Weehawken, New Jersey. Ex. A, ¶ 10.

Plaintiff Alexa is a California corporation having its principal place of business in San Francisco. Like Girafa, Alexa also does not have any offices or employees in this or any other district in Texas. Moreover, upon information and belief, the invention claimed in the '548 patent was neither conceived of nor reduced to practice in Texas and none of the inventors reside in this state. The '548 patent was prosecuted by an attorney who is believed to currently reside in California, but no longer represents Alexa.

2.    **California Action**

Girafa has commenced an action against Alexa and its CEO, Niall O'Driscoll, in the Northern District of California, where Alexa maintains its principal place of business and where Mr. O'Driscoll resides. Exhibit B. Girafa's lawsuit alleges that Alexa and Mr. O'Driscoll have engaged in unfair competition against Girafa, and also seeks a declaratory judgment of non-infringement and invalidity of the same patent asserted in this case, U.S. Patent 6,282,548 ("'548 patent"). The facts of Girafa's unfair competition allegation against Mr. O'Driscoll and Alexa are significantly intertwined with the facts surrounding Alexa's '548 patent allegation.

Girafa therefore commenced its action in California because Texas does not have personal jurisdiction over Mr. O'Driscoll, a California resident. Accordingly, the Northern District of California is the appropriate venue for addressing any issues stemming from the '548 patent and the related unfair competition assertion against Mr. O'Driscoll and Alexa.

### III. ANALYSIS

Girafa requests that the Court transfer this case to the Northern District of California

- 4 -

pursuant to 28 U.S.C. §1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1]

Section 1404(a) "is intended to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." *Zoltar Satellite Sys., Inc. v. LG Elec. Mobile Communs. Co.*, 402 F.Supp.2d 731, 734 (E.D.Tex. 2005) (internal quotation marks and citations omitted). "Section 1404(a) protects litigants, witnesses, and the public against unnecessary inconvenience and expense and avoids wasted time, energy and money." *Id.*[2]

Under section 1404(a), transfer is available when the transferee court (here the Northern District of California) is a court where this action could have been filed. If this requirement is met, then the Court weighs the following private and public interest factors to determine if transfer is proper. Private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. Public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of

---

[1] The United States Supreme Court recently held that a court may rule on the issue of forum non conveniens without first addressing the issue of jurisdiction. *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 127 S.Ct. 1184 (2007). The Supreme Court decided that judicial economy is best served when courts address forum non conveniens issues without resolving the issue of jurisdiction when it is dispositive on the issue of transferring or dismissing the case and is less difficult to determine.

[2] The law of the Fifth Circuit, rather than the Federal Circuit, applies to a motion to transfer venue under 28 U.S.C. §1404(a). *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003) (law of regional circuit applies to motion for section 1404(a) transfer).

- 5 -

law problems involving foreign law's application. *Zoltar*, 402 F.Supp.2d at 735 (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).

While a plaintiff's choice of forum is entitled to deference, *Robinson v. TCI/US West Communs., Inc.*, 117 F.3d 900, 908 (5th Cir. 1997), less deference is owed where, as here, the plaintiff is a foreign company. *Alpine View*, 205 F.3d at 222.  In other words, "the usual deference accorded the plaintiff's choice of forum is of minimal value when none of the parties reside in this...District." *Hanby, et al. v. Shell Oil Co., et al.*, 144 F.Supp.2d 673 (E.D. Tex 2001).  As discussed in greater detail below, other relevant factors overwhelmingly weigh in favor of transferring this case. *See In re Horseshoe Ent.*, 337 F.3d 429 (5th Cir. 2003) (holding that the factors favoring transfer substantially outweigh the single factor of the place where plaintiff chose to file the suit.").

It cannot be disputed that jurisdiction and venue are proper in the district to which Girafa seeks transfer - the Northern District of California, as that is where Alexa and Mr. O'Driscoll reside.  The following examination of the other relevant factors further confirms that this litigation should be transferred to the Northern District of California.

A.    UNDERLINE PRIVATE INTEREST FACTORS

i.    **Relative Ease of Access to Proof**

Here, the majority of the evidence is located in the Northern District of California, where Alexa is based.  From the face of the '548 patent, it appears that the claimed invention was conceived of in the Northern District of California as seven of the eight inventors resided in that

district when the patent was issued.[2] Additionally, Girafa's unfair competition and declaratory

judgment claims against Alexa and its CEO is pending in the Northern District of California. In

contrast, no sources of proof are known to exist in Texas. This factor, therefore, strongly favors

transferring this case to the Northern District of California.

### ii.    Availability of Compulsory Process to Secure Witnesses' Attendance

Girafa's state law unfair competition allegation in California, and some of its defenses

against the '548 patent in both cases, require testimony and evidence from the attorney that

prosecuted the '548 patent, Laura Majerus. While prosecuting the '548 patent, Ms. Majerus

worked for two firms in northern California, Graham & James LLP, and Fenwick and West LLP,

both of Palo Alto, CA. Exs. C, D. Ms. Majerus is now believed to be working as an in-house

attorney for Google, Inc., in Mountain View, CA. Ex. E. Compelling discovery of files from the

law firms, and deposition testimony from Ms. Majerus, will be more efficient from California.

Moreover, compelling Ms. Majerus to appear at trial can only be done in California.

Further, the '548 patent lists eight inventors, presumably employees of Alexa Internet,

Inc., at the time the patent issued in 2001. At least two of these inventors, David L. Marvit and

Ronna C. Tannenbaum, are believed to have left Alexa, but still reside in northern California.

Accordingly, inventors like Marvit and Tannenbaum cannot be compelled to testify in Texas, but

can be compelled in California.

Moreover, there does not appear to be any witness that is within the Eastern District of

Texas or subject to this Court's subpoena power. While it is true that "regardless of where the

---

[2] The eight inventor was a resident of Seattle Washington.

trial is held, many witnesses, including [non-party] witnesses, will likely need to travel a significant distance," it clearly would be more convenient for these witnesses to travel to the Northern District of California. Thus this factor favors transferring this case to the Northern District of California.

### iii.    Willing Witnesses' Cost of Attendance

"Typically, the most important of the...factors is whether substantial inconvenience will be visited upon key fact witnesses should the court deny transfer." *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 774 (E.D.Tex. 2000). "In terms of witnesses, venue is considered convenient in the district or division where the majority of witnesses are located." *Shoemake v. Union Pac. R.R. Co.*, 233 F.Supp.2d 828, 832 (E.D.Tex. 2002).

The '548 patent lists eight inventors, seven of which are listed as residing in northern California in 2001 when the patent issued; one inventor is listed as residing in Seattle, Washington in 2001. At least two inventors and the prosecuting attorney are believed to be no longer affiliated with either party. Thus this factor favors transferring this case to that district.

### iv.    All Other Practical Problems

If this case is not transferred, there likely will be duplicative litigation with the Girafa's action in California, but the California action cannot be transferred to Texas because Texas does not have personal jurisdiction over Mr. O'Driscoll. There is also the inconvenience and injustice of maintaining an action filed by a nonresident corporation against defendant who does not reside or conduct business in the Eastern District of Texas. Additionally, "because it is still early in the litigation, the Plaintiff would not be prejudiced by a transfer." *Ledoux v. Isle of Capri*

*Casinos, Inc.*, 218 F.Supp.2d 835, 838 (E.D. Tex. 2002).

B.      PUBLIC INTEREST FACTORS

i.      **Administrative Difficulties Flowing From Court Congestion**

The "Overall Caseload Statistics" indicate that although the Northern District of

California has more civil cases per judgeship, that district resolves civil cases somewhat faster

than the Eastern District of Texas.  In the Northern District of California, the median time from

filing to disposition of civil cases in 2007 was 6.7 months, while the median time in the Eastern

District of Texas is 9.0 months.  Thus, this factor appears to slightly favor transfer.

ii.      **Localized Interests in Resolving the Controversy**

Because Texas has no interest in this case, there is no local interest served by Alexa

litigating its claims against Girafa here.  The Northern District of California, however, as the

home of Alexa and Mr. O'Driscoll, clearly has a local interest in adjudicating a dispute involving

one of its corporations and one of its citizens.

iii.      **Forum's Familiarity With the Governing Law and Conflict of Laws**

While both this district and the Northern District of California are familiar with federal

patent law, the Northern District of California is more experienced at handling claims arising

from California state law, such as Girafa's state law claim of unfair competition.  Thus, this

factor favors transfer.

- 9 -

iv.    **Avoidance of Unnecessary Conflict of Law Issues**

This factor does not apply here and, therefore, does not weigh for or against transfer.

\* \* \* \*

Transferring this case to the Northern District of California would provide the parties and the judicial system with the most efficient and least expensive resolution of both this case and Girafa's case against Alexa in a forum that has a demonstrable interest in the matter. Weighing this consideration, along with all of the other relevant factors, confirms that transfer to the Northern District of California is warranted.

## IV. CONCLUSION

For the foregoing reasons, this Girafa respectfully requests that this Court transfer this case to the United States District Court of the Northern District of California.

DATED:        June 6, 2008               CAPSHAW DERIEUX, LLP


/s/ S. Calvin Capshaw
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 24053063
N. Claire Abernathy
State Bar No. 24053063
1127 Judson Road, Suite 220 (75601)
P.O. Box 3999
Longview, TX 75606
TEL: (903) 236-9800
FAX: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Defendant Girafa.com Inc.*

*OF COUNSEL:*

SUGHRUE MION, PLLC
William H. Mandir
John F. Rabena
Chandran B. Iyer
Trevor C. Hill
2100 Pennsylvania Ave., N.W.
Washington D.C.  20037
Tel  (202) 293-7060
Fax  (202) 293-7860

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A) on this 9th day of June, 2008.

/s/ S. Calvin Capshaw
S. Calvin Capshaw

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule CV-7(h), Claire Abernathy, counsel for defendant, conferred with Chris Bunt, counsel for plaintiff, on June 6, 2008 by phone in a good faith attempt to resolve the matter without court intervention.  The parties could not reach agreement. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ N. Claire Abernathy
N. Claire Abernathy

- 11 -

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ALEXA INTERNET, INC.,

        Plaintiff,

    v.

    v.

GIRAFA.COM, INC.

        Defendant.

Case No.: 2:08-cv-121

**DECLARATION OF SHIRLI RAN
IN SUPPORT OF PLAINTIFF GIRAFA.COM, INC.'S
MOTION TO DISMISS OR TRANSFER**

I, Shirli Ran, hereby declare as follows:

1.    I am the Chief Operating Officer ("COO") for Girafa.com, Inc. ("Girafa") and have held this position since 1999. As COO of Girafa, I oversee the company's product development, operational and business activities.

2.    I have personal knowledge of the following facts and, if called as a witness, could and would competently testify thereto.

3.    Girafa is a privately-held company incorporated under Delaware law and having places of business only in Delaware and Israel.

4.    Girafa does not hold any business licenses issued by the State of Texas.

5.    Girafa does not have any registered agent in Texas.

6.    Girafa does not have any employees or agents in Texas.

7.    Girafa does not have any bank accounts in Texas.

8.    Girafa does not own any real property in Texas.

9.    Girafa also has not made any sales presentation for the accused system in Texas.

10.   The servers that Girafa uses to provide its thumbnails and associated services are located in Weehawken, New Jersey.

11.   To my knowledge, none of the parties in this litigation or any of the witnesses are located in Texas.

Dated: June 3, 2008                    By: _Shirli Ran_
                                           Shirli Ran

**EXHIBIT B**

1   John B. Scherling (SBN 122234)
    Scott H. Davison (SBN 228807)
2   SUGHRUE MION, PLLC
    501 West Broadway, Suite 1600
3   San Diego, California 92101-3595
    Telephone: 619.238.3545
4   Facsimile: 619.238.4931
    jscherling@sughrue.com
5   sdavison@sughrue.com

6   William H. Mandir (*pro hac vice* pending)
    John F. Rabena (*pro hac vice* pending)
7   Carl J. Pellegrini (*pro hac vice* pending)
    Chandran B. Iyer (*pro hac vice* pending)
8   SUGHRUE MION, PLLC
9   2100 Pennsylvania Avenue, N.W.
    Washington, D.C. 20037
10  Telephone: 202.293.7060
    Facsimile: 202.293.7860
11  wmandir@sughrue.com
12  jrabena@sughrue.com
    cpellegrini@sughrue.com
13  cbiyer@sughrue.com

14  Attorneys for Plaintiff
    GIRAFA.COM, INC.

15

16                  UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18

19  GIRAFA.COM, INC.,                    Case No.:

20              Plaintiff,               **COMPLAINT FOR DECLARATORY
                                         JUDGMENT OF NONINFRINGEMENT,**
21      v.                               **DECLARATORY JUDGMENT OF
                                         INVALIDITY AND UNFAIR
22                                       COMPETITION**

23  ALEXA INTERNET, INC.;
    NIALL O'DRISCOLL,
24                                       **DEMAND FOR JURY TRIAL**
                Defendants.
25

26

27

28

COMPLAINT

1    Plaintiff GIRAFA, by and through its attorneys, for its Complaint against Defendants

2    ALEXA INTERNET, INC. ("ALEXA") and NIALL O'DRISCOLL ("O'DRISCOLL") (collectively

3    "Defendants"), alleges as follows:

**THE PARTIES**

4

5    1.    Plaintiff GIRAFA is a corporation organized and existing under the laws of

6    Delaware, with its principal place of business at 1313 North Market Street, Suite 5100, Wilmington,

7    Delaware 19801.

8    2.    Defendant ALEXA is a California corporation organized and existing under the laws

9    of California, with a principal place of business at Presidio of San Francisco, Building 37, P.O.

10   Box 29141, California 94129.

11   3.    According to the ALEXA website, defendant O'DRISCOLL is the Chief Executive

12   Officer of ALEXA.

**JURISDICTION AND VENUE**

13

14   4.    Counts I and II set forth below arise under the provisions of the Declaratory Relief

15   Act, 28 U.S.C. § 2201 *et seq.,* and the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.,* to

16   declare the rights and legal relations of the parties. An actual, justiciable controversy exists between

17   GIRAFA and Defendants, arising from ALEXA's allegation that GIRAFA has committed certain

18   acts of patent infringement.

19   5.    Jurisdiction over Counts I and II is conferred on this Court pursuant to 28 U.S.C.

20   §§ 1331 (federal question jurisdiction) and 1338(a) (original jurisdiction under patent laws).

21   Jurisdiction over Count III is conferred on this Court pursuant to 28 U.S.C. § 1367 (supplemental

22   jurisdiction).

23   6.    Venue under 28 U.S.C. § 1391(b) and personal jurisdiction are proper in this district,

24   as Defendants reside and/or conduct substantial business in this district and because, on information

25   and belief, Defendants' conduct giving rise to this lawsuit took place in this judicial district.

**BACKGROUND**

26

27   7.    On December 5, 2007 GIRAFA filed in the United States District Court for the

28   District of Delaware a Complaint for patent infringement against a number of defendants, including

-2-                                          COMPLAINT

ALEXA, alleging infringement of United States Patent No. 6,864,904 entitled "Framework For Providing Visual Context to WWW Hyperlinks" ("the '904 patent") (*Girafa.com v. Amazon Web Services, LLC, et al.*, C.A. No. 07-787-SLR) ("the Delaware action").

8.    On March 13, 2008, GIRAFA filed a Motion for Preliminary Injunction (the "PI Motion") against several parties, including ALEXA, in the Delaware action.

9.    ALEXA, (1) without a good faith belief in the merits of its claim, (2) in retaliation for GIRAFA's filing of the Delaware action and PI Motion, and (3) for the purpose of causing GIRAFA resources to be diverted to defending meritless sham litigation during the pendency of the Delaware action, on March 21, 2008 filed in the United States District Court for the District for Eastern District of Texas (Marshall Division) a complaint for patent infringement alleging that GIRAFA infringes United States Patent No. 6,282,548 entitled "Automatically Generate And Displaying Metadata As Supplemental Information Concurrently With The Web Page, There Being No Link Between Web Page And Metadata" ("the '548 patent") (*Alexa Internet, Inc. v. Girafa.com, Inc.*, No. 2:08-cv-121) ("the Texas action").

10.    In particular, the '548 patent is directed to a method and apparatus that displays metadata about a web page being displayed by a browser. After a browser receives a request for a web page from a Web server, it displays the requested web page in the conventional manner. A separate client concurrently displays metadata about the web page, which the client has requested and received from a database metadata server. This metadata may include, for example, statistics about visits or links to the web page, the age of the web page, contact information for the administrator of the web page, etc.

11.    Critically and fundamentally, the claims, specification and prosecution history of the '548 patent limit the claims of the '548 patent to metadata about a *currently displayed* web page.

12.    In an amendment filed on May 4, 1999 during the prosecution of the '548 patent, the applicants presented arguments directed to overcoming the rejection under 35 U.S.C. § 102(e) over U.S. Patent No. 5,706,507 to Schloss ("Schloss"). For example, the applicants stated the following with respect to Schloss:

COMPLAINT

> Schloss, at col. 10, lines 8-36, describes displaying a warning message that a link is to an offensive web page. This occurs under Schloss when a user is viewing a non-offensive web page (web page A), which contains a link to an offensive web page (web page B). Schloss then displays a warning that web page B is offensive. This message is not displayed concurrently with web page B, as web page B is not being displayed at all. . . . <u>Of course, the message does not describe the web page being displayed, web page A, which is not offensive.</u>

Amendment of May 4, 1999 at 7 (emphasis added).

13. In the May 4, 1999 amendment filed in the prosecution of the '548 patent, the applicants further stated that "[t]he claimed invention is advantageous because, unlike Schloss, it provides a user with additional information about the current webpage." Amendment of May 4, 1999 at 7.

14. Finally, the applicants summarized their argument against Schloss as follows:

> When Schloss prints a message warning the user that displayed link would lead to an offensive page, <u>Schloss is not providing a link to the other page as information about the page being displayed, but is instead providing information about the undisplayed page to which the link pertains.</u>

Amendment of May 4, 1999 at 8 (emphasis added).

15. In a Continuing Prosecution Application ("CPA") of June 21, 1997, the applicants for the '548 patent requested reconsideration of their application, yet again emphasizing that "<u>[m]etadata is supplemental information about the web page being displayed, not about the target pages of links on the web page being displayed.</u>" CPA of June 21, 1997 at 11.

16. The accused GIRAFA Toolbar and Thumbnail Service, however, only display data about *linked* web pages.

17. The claims, specification, and prosecution history of the '548 patent likely preclude any interpretation under which GIRAFA's technology could be considered infringement, inducement of infringement, or contributory infringement, by limiting the claim so as to apply only to metadata about a currently displayed web page, while GIRAFA's thumbnails are clearly about linked pages.

-4-

COMPLAINT

18.     In asserting ALEXA's '548 patent against GIRAFA, ALEXA is trying to cover exactly what it told the U.S. Patent Office was NOT covered by the '548 patent, namely information about linked pages.

19.     The claims, specification and prosecution history of the '548 patent thus preclude any interpretation under which GIRAFA's technology could be considered infringement, inducement of infringement or contributory infringement, by limiting the claims to apply only to metadata about a currently displayed web page, while GIRAFA's thumbnails clearly are about linked pages.

20.     GIRAFA denies ALEXA's allegations of infringement in the Texas action, and further alleges that the '548 patent is invalid.  Thus, an actual justiciable controversy exists between ALEXA and GIRAFA as to the infringement and validity of the '548 patent.  Moreover, ALEXA's conduct as alleged herein constitutes unlawful, unfair competition under California law.

## COUNT I:  DECLARATORY JUDGMENT OF NON-INFRINGMENT

### (Defendant ALEXA)

21.     GIRAFA reasserts Paragraphs 1-20 as if fully set forth herein.

22.     GIRAFA has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products and/or services that literally infringe any claim of the '548 patent.

23.     GIRAFA has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products and/or services that infringe any claim of the '548 patent under the doctrine of equivalents.

24.     GIRAFA has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products and/or services that infringe the '548 patent or otherwise committed any act in violation of 35 U.S.C. § 271 with respect to the '548 patent.

25.     Because of the proceedings in the PTO during the prosecution of the '548 patent application including related applications, narrowing amendments and arguments submitted to distinguish the application claims from prior art to obtain the '548 patent, ALEXA is estopped from contending that the claims of the '548 patent can be interpreted to cover any GIRAFA product and/or services, including the accused products.

COMPLAINT

26.    ALEXA is estopped from construing the claims of the '548 patent to cover and include any GIRAFA product and/or service, including the accused products.

27.    ALEXA cannot legally recapture any subject matter relinquished by amendment or argument during prosecution of the '548 patent application, and predecessor and related applications.

28.    This case is an exceptional case under 35 U.S.C. § 285.

## COUNT II:  DECLARATORY JUDGMENT OF INVALIDITY

### (Defendant ALEXA)

29.    GIRAFA reasserts Paragraphs 1-28 as if fully contained herein.

30.    Each and every claim of the '548 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States patent laws, Title 35 U.S.C. § 101 *et seq.,* including but not limited to §§ 102, 103, and/or 112.

31.    This case is an exceptional case under 35 U.S.C. § 285.

## COUNT III:  UNFAIR COMPETITION (Cal. Bus. & Prof. Code §§ 17200 et seq.)

### (Defendants ALEXA and O'DRISCOLL)

32.    GIRAFA reasserts Paragraphs 1-31 as if fully contained herein.

33.    Despite the clear inapplicability of the '548 patent to GIRAFA's technology, ALEXA initiated the Texas action alleging that the GIRAFA Toolbar and Thumbnail Service infringes the '548 patent.  Thus, rather than pursuing a legitimate claim on the merits, ALEXA filed the Texas action to retaliate for GIRAFA's filing of the Delaware action and the PI Motion and to cause GIRAFA resources to be diverted during the pendency of the Delaware action to the unnecessary defense of the meritless action brought in bad faith in the Eastern District of Texas.  In short, knowing that continued infringement of the '904 patent may severely and irreparably damage GIRAFA within the year, ALEXA filed the Texas action to put extreme financial pressure on GIRAFA to gain improper business and litigation advantages and attempt to force GIRAFA out of business.

34.    On information and belief, defendant O'DRISCOLL, in his role as manager of ALEXA, knowingly encouraged, induced, authorized, aided and abetted the filing of the Texas action for the reasons set forth above.

COMPLAINT

35.    ALEXA and O'DRISCOLL have committed and continue to commit the unlawful, unfair and fraudulent conduct described above with the intent to harass and intimidate GIRAFA, divert GIRAFA's resources and attention from the Delaware action and GIRAFA's business operations, and attempt to drive GIRAFA out of business.  This illegal, anticompetitive and deceptive conduct constitutes unfair competition under the law of California, to the detriment of GIRAFA.

### **PRAYER FOR RELIEF**

WHEREFORE, GIRAFA prays for a judgment against ALEXA as follows:

(a)    That GIRAFA has not infringed and does not infringe the '548 patent or has not otherwise performed any acts that violate 35 U.S.C. § 271;

(b)    That the '548 patent is invalid and void;

(c)    That ALEXA's conduct has violated the unfair competition laws of the State of California;

(d)    That ALEXA, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with ALEXA, be permanently enjoined and restrained from any further acts of unfair competition;

(e)    Awarding GIRAFA its costs and expenses;

(f)    That this is an exceptional case under 35 U.S.C. § 285 and award GIRAFA its attorneys' fees pursuant to that section; and

(g)    Award GIRAFA such further equitable and legal relief as the Court or a jury deems proper under the circumstances.

1

**JURY DEMAND**

2          Pursuant to Rule 38 of Federal Rules of Civil Procedure, GIRAFA demands a trial by jury on

3    all issues triable by jury.

4

5    DATED:  June __2__, 2008

6                                                          SUGHRUE MION, PLLC

7                                                          By:  _John B. Scherling_

8                                                          John B. Scherling
                                                           Scott H. Davison
9                                                          101 West Broadway, Suite 1600
                                                           San Diego, CA 92101
10

11                                                         William H. Mandir (*pro hac vice* pending)
                                                           John F. Rabena (*pro hac vice* pending)
12                                                         Carl J. Pellegrini (*pro hac vice* pending)
                                                           Chandran B. Iyer (*pro hac vice* pending)
13                                                         2100 Pennsylvania Avenue, N.W.
                                                           Washington, D.C. 20037
14

15                                                         Attorneys for Plaintiff
                                                           GIRAFA.COM, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

**EXHIBIT C**

| PATENT APPLICATION TRANSMITTAL LETTER<br>(Small Entity) | Docket No.<br>39214.00001 |
|---|---|

### TO THE ASSISTANT COMMISSIONER FOR PATENTS

Transmitted herewith for filing under 35 U.S.C. 111 and 37 C.F.R. 1.53 is the patent application of:

Michael G. Burner et al.

For:

**METHOD AND APPARATUS FOR AUGMENTING A WEB PAGE WITH METADATA**

Enclosed are:

- ☒ Certificate of Mailing with Express Mail Mailing Label No.   EM303714865US
- ☒ Twenty-three (23)   sheets of drawings.
- ☐ A certified copy of a                              application.
- ☒ Declaration      ☒ Signed.      ☐ Unsigned.
- ☐ Power of Attorney
- ☒ Information Disclosure Statement
- ☐ Preliminary Amendment
- ☒ Alexa Internet      Verified Statement(s) to Establish Small Entity Status Under 37 C.F.R. 1.9 and 1.27.
- ☒ Other:   Assignment Recordation Cover Sheet, Assignment (signed) and $40.00 check for recordation fee

### CLAIMS AS FILED

| For | #Filed | #Allowed | #Extra | Rate | Fee |
|---|---|---|---|---|---|
| **Total Claims** | 32 | - 20 = | 12 | x   $11.00 | $132.00 |
| **Indep. Claims** | 3 | - 3 = | 0 | x   $40.00 | $0.00 |
| **Multiple Dependent Claims** (check if applicable)   ☐ | | | | | $0.00 |
| | | | | **BASIC FEE** | $385.00 |
| | | | | **TOTAL FILING FEE** | $517.00 |

☐ A check in the amount of                    to cover the filing fee is enclosed.
☒ The Commissioner is hereby authorized to charge and credit Deposit Account No.      05-0150
 as described below.  A duplicate copy of this sheet is enclosed.
  ☒ Charge the amount of    $517.00    as filing fee.
  ☒ Credit any overpayment.
  ☒ Charge any additional filing fees required under 37 C.F.R. 1.16 and 1.17.
  ☐ Charge the issue fee set in 37 C.F.R. 1.18 at the mailing of the Notice of Allowance,
    pursuant to 37 C.F.R. 1.311(b).

Dated:   06/21/97

*Laura Majerus*
/Signature

Laura A. Majerus, Esq.
Reg. No. 33,417
**GRAHAM & JAMES LLP**
600 Hansen Way
Palo Alto, CA 94070
(415) 856-6500

cc:

Copyright 1994-96 Legalsoft                                              F01SMALL/REV05

**EXHIBIT D**



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/880,117 | 06/21/97 | BURNER | M | 39214.00001 |

| | EXAMINER |
|---|---|
| LM01/0809 | CHANNAVAJJALA, S |
| ART UNIT | PAPER NUMBER |
| 2777 | |

LAURA A. MAJERUS, ESQ.
FENWICK & WEST, LLP
TWO PALO ALTO SQUARE
PALO ALTO CA 94306

DATE MAILED:

08/09/99

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

1- File Copy

**EXHIBIT E**

