1  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
2  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
3  DLA PIPER US LLP
   2000 University Avenue
4  East Palo Alto, California 94303-2214
   Tel: 650.833.2000
5  Fax: 650.833.2001

6  JOHN R. HURLEY, Bar No. 203641
   john.hurley@dlapiper.com
7  DLA PIPER US LLP
   153 Townsend Street, Suite 800
8  San Francisco, CA 94107-1957
   Tel: 415.836.2500
9  Fax: 415.836.2501

10  THOMAS G. PASTERNAK, Bar No. 06207512
    (pro hac vice pending)
11  thomas.pasternak@dlapiper.com
    R. DAVID DONOGHUE, Bar No. 06273840 (pro
12  hac vice pending)
    david.donoghue@dlapiper.com
13  DLA PIPER US LLP
    203 North LaSalle Street, Suite 1400
14  Chicago, IL 60601-1293
    Tel: 312.368.4000
15  Fax: 312.236.7516

16
    Attorneys for Defendants
17  ALEXA INTERNET, INC. and NIALL
    O'DRISCOLL
18
                  UNITED STATES DISTRICT COURT
19
                  NORTHERN DISTRICT OF CALIFORNIA
20
                        SAN JOSE DIVISION
21

22  GIRAFA.COM, INC.,                    CASE NO. CV 08-2745 RMW

23         Plaintiff,                    **DEFENDANTS' MOTION TO DISMISS,
                                         TRANSFER OR STAY**
24         v.
                                         Date: September 5, 2008
25  ALEXA INTERNET, INC.; NIALL          Time: 9:00 am
    O'DRISCOLL,                          Dept: 6, 4th Floor
26                                       Judge: Honorable Ronald M. Whyte
           Defendants.
27

28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .......................................................................................................... 2

II.  ARGUMENT ............................................................................................................... 2

    A.  This Case Should Be Dismissed Under the First-to-File Rule.............................. 2

        1.  The First-to-File Rule Applies Because Girafa's Complaint Satisfies the Threshold Factors of Chronology, Identity of Parties and Identity of Issues ....................................................................... 3

        2.  No Exceptions Excuse Application of the First-to-File Rule..................... 4

    B.  This Case Is Properly Transferred to Texas Under 28 U.S.C. § 1404(a)............... 5

        1.  Law Applicable to Motions to Transfer .................................................... 6

        2.  This Case Is Properly Venued in the Eastern District of Texas ................ 7

        3.  Texas Is No Less A Convenient Forum For This Litigation....................... 7

        4.  The Public Policy Factors Favor Transfer To Texas ................................ 10

III.  CONCLUSION ........................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

## CASES

*Allegiance Healthcare Corp. v. London Int'l Group*,
    1998 U.S. Dist. LEXIS 8953 (N.D. Cal. June 17, 1998) ................................................... 8

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991)............................................................................................. 3, 5

*Anrig v. Ringsby United*,
    603 F.2d 1319 (9th Cir. 1979)................................................................................................. 5

*Arete Power, Inc. v. Beacon Power Corp.*,
    2008 WL 508477 (N.D. Cal. Feb. 22, 2008) ......................................................................... 6

*Competitive Techs., Inc. v. Fujitsu Ltd.*,
    374 F.3d 1098 (Fed. Cir. 2004)............................................................................................... 3

*CoxCom, Inc. v. Hybrid Patents Inc.*,
    2007 WL 2500982 (N.D. Cal. 2007).............................................................................. passim

*Dist. No. 1, Pac. Coast Dist. v. Alaska*,
    682 F.2d 797, 799 n.3 (9th Cir. 1982)................................................................................... 7

*Gaston v. Gottesman*,
    2007 WL 1114014 (N.D. Cal. 2007)...................................................................................... 5

*Hynix Semiconductor Inc. v. Rambus Inc.*,
    2007 WL 4062845 (N.D. Cal. 2007)...................................................................................... 4

*Insituform Techs., Inc. v. Amerik Supplies, Inc.*,
    2008 WL 276404 (E.D. Va. 2008) ......................................................................................... 3

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000)................................................................................................. 6

*Kasey v. Molybdenum Corp.*,
    408 F.2d 16 (9th Cir. 1969)................................................................................................... 6

*Medtronic, Inc. v. Cordis Corp.*,
    2008 WL 858680 (E.D. Tex. March 31, 2008) ................................................................... 11

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982).............................................................................................. 2, 3

*Tidel Eng'g, L.P. v. Fire King Int'l, Inc.*,
    2008 WL 899345 (E.D. Tex. March 31, 2008) ................................................................... 10

*Tropos Networks, Inc. v. IPCO, LLC*,
    2006 WL 1883316 (N.D. Cal. 2006)..................................................................................... 10

# TABLE OF AUTHORITIES
**(continued)**

**Page**

*Ward v. Follett Corp.*,
  158 F.R.D. 645 (N.D. Cal. 1994) .................................................................................... 3, 5

*Winner Int'l Royalty Corp. v. Wang*,
  202 F.3d 1340 (Fed. Cir. 2000) ......................................................................................... 6

*Wireless Consumers Alliance v. T-Mobile USA, Inc.*,
  2003 U.S. Dist. LEXIS 26802 ............................................................................................ 6

*Z-Line Designs, Inc. v. Bell'O Int'l, LLC*,
  218 F.R.D. 663 (N.D. Cal. 2003) ................................................................................. 3, 4, 5

## STATUTES

28 U.S.C. §1404(a) .................................................................................................................. 5, 6

California Code of Civil Procedure § 425.16(b)(1) .................................................................. 11

Federal Rules of Civil Procedure 12(b)(6) ......................................................................... 2, 11

Federal Rules of Civil Procedure 13(a) ..................................................................................... 3

Federal Rules of Civil Procedure 21 ......................................................................................... 5

DLA Piper US LLP
San Francisco

WEST\21472001.1
357317-000011

-iii-
DEFENDANT'S MOTION TO DISMISS, TRANSFER OR STAY,  CV 08-2745 JCS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Please take notice that on September 5, 2008 at 9:00 a.m. in Courtroom 6 of the above court, located at 280 S. First Street, San Jose, California, defendants Alexa Internet, Inc. and Niall O'Driscoll ("Defendants") will move to dismiss this action in lieu of a first-filed action with identical issues in the Eastern District of Texas (the "Texas Action"). Pursuant to the San Jose Division Standing Order Regarding Case Management in Civil Cases, Defendants have confirmed Plaintiff's availability for this date. Defendants' motion is filed pursuant to the first-to-file rule based on the fact that Girafa's patent-related claims here are essentially counterclaims that have to be brought, if anywhere, in the Texas Action.

Alternatively, with the same result, the Court could transfer this case to Texas under 28 U.S.C. § 1404(a) where it could be consolidated with the existing Texas Action, on the basis that the Eastern District of Texas is a convenient venue in which this litigation could have been brought. Transferring this litigation to the Eastern District of Texas will increase the convenience to the parties and witnesses and will further the interests of justice insofar as the litigation currently pending in Texas was filed before this above-captioned litigation and the patent claims brought here are more appropriately raised as counterclaims in that action.

1    **I.    INTRODUCTION**

2    Girafa.com, Inc. ("Girafa") filed this case in an attempt to deny Alexa Internet, Inc.

3    ("Alexa") its choice to assert its patent against Girafa in the Eastern District of Texas (the "Texas

4    Action").    Months before Girafa filed the present lawsuit, Alexa filed the Texas Action against

5    Girafa for infringing United States Patent No. 6,282,548 – the same patent at issue here.

6    Knowing, and in fact admitting, that jurisdiction and venue are proper in Texas, Girafa

7    nevertheless filed this present action, which includes claims for declaratory judgments of

8    invalidity and non-infringement and a dubious California state cause of action for unfair

9    competition based solely on the filing of the Texas Action in an effort to avoid the first-to-file

10    rule.    As described in Defendants' Special Motion to Strike Third Claim for Relief and

11    Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) filed herewith, Girafa's unfair

12    competition claim is wholly without merit and should be dismissed.    If it survives motion

13    practice, it should be severed from the patent causes of action and stayed.

14    With the unfair competition claim removed from the case, the patent causes of action

15    should be dismissed under the first-to-file rule.    Alternatively, since California is no more

16    convenient a venue in which to litigate Alexa's patent infringement allegations than Texas, the

17    Court should honor Alexa's choice of Texas and transfer the case there for consolidation.    At least

18    one other judge in this Court has transferred claims similar to Girafa's under nearly the exact

19    same set of circumstances.    *CoxCom, Inc. v. Hybrid Patents Inc.*, 2007 WL 2500982 (N.D. Cal.

20    2007).    Failure to dismiss or transfer the patent claims will waste resources and lead to the

21    possibility of inconsistent verdicts given that identical claims will be litigated simultaneously in

22    two different forums.    Alexa submits that this action should be dismissed in its entirety.

23    **II.    ARGUMENT**

24    **A.    This Case Should Be Dismissed Under the First-to-File Rule.**

25    Under the first-to-file rule, the Court should dismiss Girafa's action because Alexa

26    previously filed a complaint involving the same parties and the same issues in another district.

27    *See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir. 1982).    Girafa's

28    complaint is subject to the first-to-file rule and no exceptions apply.

1.    **The First-to-File Rule Applies Because Girafa's Complaint Satisfies the Threshold Factors of Chronology, Identity of Parties and Identity of Issues.**

In applying the first-to-file rule, a court looks at three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003)(citing *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir.1982)).  All of the threshold factors for the first-to-file rule are met here.

First, it is undisputed that Alexa filed its complaint in Texas on March 21, 2008, and Girafa filed its complaint on June 2, 2008.  *See* Declaration of M. Elizabeth Day In Support of Motion to Dismiss, Transfer or Stay ("Day Decl.,) ¶¶2 and 5.  Next, Girafa and Alexa are the same parties identified in Alexa's complaint previously filed in Texas.  Finally, both complaints concern United States Patent No. 6,282,548, the same (and only) patent-at-issue in both pending litigations.  In the Texas Action, Girafa's Answer asserts non-infringement and invalidity as defenses.  Here, Girafa seeks declaratory judgment on identical issues – non-infringement and invalidity.  *See* Day Decl., ¶5.  Therefore, the chronology, the identity of the parties, and the identity of the issues warrant application of the first-to-file rule.

Underscoring the appropriateness of applying the first-to-file rule is the fact that Girafa's patent-related claims in this case should logically be counterclaims in the Texas Action. Fed.R.Civ.P. 13(a); *see also*, *Insituform Techs., Inc. v. Amerik Supplies, Inc.*, 2008 WL 276404, Slip Op., *2 (E.D. Va. 2008) ("Moreover, 'it is generally recognized that when the same patent is at issue in an action for declaration of non-infringement, a counterclaim for patent infringement [or vice versa] is compulsory and if not made is deemed waived.'")(quoting *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999)); *Competitive Techs., Inc. v. Fujitsu Ltd.*, 374 F.3d 1098, 1100 n. 4 (Fed. Cir. 2004) (noting that counterclaims for declaratory judgment of invalidity and non-infringement are compulsory counterclaims).  Application of the first-to-file rule will force Girafa to assert its patent-related claims, if at all, as counterclaims to Alexa's Texas Complaint.

1    Perhaps even more troubling than Girafa's decision to assert what should have been

2    counterclaims in Texas is the duplicative litigation that will ensue if Girafa's claims are heard in

3    this Court.    A request for declaratory judgment of non-infringement and invalidity against a

4    patentee makes the *patentee's counterclaim for infringement compulsory*.  *Hynix Semiconductor*

5    *Inc. v. Rambus Inc.*, 2007 WL 4062845, *4 (N.D. Cal. 2007) (Whyte, J.)("At this point, it is well-

6    settled Federal Circuit law that a claim for a declaratory judgment that a product does not infringe

7    makes a counterclaim that the product infringes the patent compulsory.").    Accordingly, if

8    Girafa's patent-related claims continue in this Court, Alexa will be forced to counterclaim for

9    infringement.  This would result in identical proceedings in both this Court and in Texas.  Such a

10   result can easily be avoided by application of the first-to-file rule.

11                    **2.        No Exceptions Excuse Application of the First-to-File Rule.**

12           No exceptions exist in this case to excuse the Court's application of the first-to-file rule.

13   No indicia of bad faith, anticipatory suit, or forum shopping are present in this case.  *See Z-Line*

14   *Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 N.D. Cal. 2003).    Furthermore, as

15   described below, despite the presence of some witnesses in California, California is not a more

16   convenient forum in which to litigate Alexa's patent claims than Texas.  *Id.*  Alexa's actions in

17   protecting its intellectual property in Texas are wholly appropriate and cannot be characterized as

18   bad faith or as anticipatory.   Forum shopping is not present either; indeed, Girafa has already

19   admitted that jurisdiction and venue are proper in Texas.  *See* Day Decl., ¶4.  Accordingly, the

20   first-to-file rule should apply to this case.

21           Girafa's state law claim should not preclude application of the first-to-file rule.  Along

22   with this Motion, Alexa has two separate motions--a Special Motion to Strike and a Motion to

23   Dismiss Girafa's state law claim.  As explained in greater detail in those Motions, Girafa's state

24   law claim is without merit and procedurally improper.  Even if it were a meritorious claim, it is

25   premature until the resolution of the first-filed Texas Action.  No convenience exists in this

26   district that should preclude application of the first-to-file rule.  To the contrary, forcing party and

27   non-party witnesses to endure duplicative litigation in two different forums would be highly

28   inconvenient.  *CoxCom*, 2007 WL 2500982, at *2.  And should the unfair competition claim

-4-

1    survive, an easy solution is to sever it from the other two patent causes of action and dismiss or

2    transfer the remaining patent declaratory relief claims.  Fed. R. Civ. P. 21; *Anrig v. Ringsby*

3    *United*, 603 F.2d 1319, 1324 (9th Cir. 1979)(noting that it is proper for a district court to sever

4    claims under Rule 21 and transfer the severed claims to a more appropriate forum); *Gaston v.*

5    *Gottesman*, 2007 WL 1114014 (N.D. Cal. 2007) (noting that where there is no danger of

6    inconsistent results or piecemeal litigation "a district may retain a portion of a pending action by

7    severing such portion prior to effectuating a transfer").

8        Alexa submits that the most prudent course of action would be to dismiss this case in

9    order to avoid conflicting rulings while still allowing a court to determine the proper forum.

10   Shortly after filing the present case, Girafa filed a Motion to Transfer the Texas Action to the

11   Northern District of California.  *See* Day Decl., ¶6.  That motion is still being briefed.  It is,

12   however, within this Court's discretion to ensure that the Texas Action proceed without

13   conflicting orders from this Court.  *See Ward*, 158 F.R.D. at **649-650 ("The court does not find

14   sufficient circumstances to justify an exception to the "first to file" rule. Thus, as the first-filing

15   party, Follett's Illinois suit should be permitted to proceed without concern of a conflicting order

16   being issued by this court.")  Therefore, by dismissing Girafa's claims pursuant to the first-to-file

17   rule, this Court will allow the Texas court, where the first-filed case presently resides, to decide

18   the convenience of litigating in Texas versus California.  *See Z-Line Designs,* 218 F.R.D. at 665

19   ("The balance of convenience should normally be weighed by the court in the first filed action.")

20   (citing *Alltrade,* 946 F.2d at 628).

21       **B.    This Case Is Properly Transferred to Texas Under 28 U.S.C. § 1404(a).**

22       The same logic and results apply with the application of transfer pursuant to 28 U.S.C.

23   §1404(a) and consolidation--Girafa's decision to file declaratory judgment claims in the Northern

24   District of California after being sued on the same patent in the Texas Action should not deprive

25   Alexa of its choice to litigate in Texas.  Girafa's declaratory claims for non-infringement and

26   invalidity should have been brought as counterclaims in response to Alexa's lawsuit in Texas.

27       **1.    Law Applicable to Motions to Transfer**

28       A federal district court may transfer a civil action to any other district or division where

1  the action might have been brought for the convenience of parties and witnesses, and in the

2  interest of justice.  28 U.S.C. § 1404(a).  A motion to transfer is a procedural matter, which is

3  therefore governed by Ninth Circuit law.  *See, e.g., Winner Int'l Royalty Corp. v. Wang*, 202 F.3d

4  1340, 1352 (Fed. Cir. 2000).

5        The Ninth Circuit instructs that on a motion to transfer, a district court should weigh the

6  plaintiff's choice of forum against "(1) the convenience of parties; (2) the convenience of

7  witnesses; and (3) the interests of justice."  *Arete Power, Inc. v. Beacon Power Corp.*, 2008 WL

8  508477, slip op. *2 (N.D. Cal. Feb. 22, 2008) (citing *Kasey v. Molybdenum Corp.*, 408 F.2d 16,

9  20 (9th Cir. 1969); *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 499 n. 21 (9th Cir. 2000)).

10  The plaintiff's choice of forum is "not entitled to significant weight" where the plaintiff is not a

11  resident, where the plaintiff appears to have engaged in forum shopping, or where there is a prior

12  duplicative lawsuit pending.  *CoxCom, Inc. v. Hybrid Patents Inc.*, 2007 WL 2500982, slip op. *2

13  (N.D. Cal. 2007).

14        Under Ninth Circuit case law, courts typically analyze convenience to the parties and

15  witnesses by examining factors such as: "the relative ease of access to sources of proof;

16  availability of compulsory process for attendance of unwilling, and the cost of obtaining

17  attendance of willing, witnesses; . . . and all other practical problems that make trial of a case

18  easy, expeditious and inexpensive....[The Court will weigh] relative advantages and obstacles to

19  fair trial."  *Arete Power*, 2008 WL 508477, at *3 (citing *Decker Coal Co. v. Commonwealth

20  *Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986)).  In analyzing whether a transfer is in the interests

21  of justice, a court may look at factors such as "the administrative difficulties flowing from court

22  congestion; the local interest in having localized controversies decided at home; . . . the avoidance

23  of unnecessary problems in conflict of laws, or in the application of foreign law; and the

24  unfairness of burdening citizens in an unrelated forum with jury duty."  *Id.*

25      **2.**    **This Case Is Properly Venued in the Eastern District of Texas**

26        The initial inquiry in a motion to transfer venue under section 1404(a) is whether the

27  action could have been filed in the transferee court-- the Marshall Division of the Eastern District

28  of Texas.  *See Wireless Consumers Alliance v. T-Mobile USA, Inc.*, 2003 U.S. Dist. LEXIS

26802, at *4.  A federal civil action may be brought in any district where a substantial part of the events giving rise to the claim occurred.  *Id.*  In contrast, the venue of the transferor court is not important.  *Id.* at *5 n.2 (citing *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 n.3 (9th Cir. 1982)).

Assuming either dismissal or severance of the unfair competition claim, this case could have been brought in the Marshall Division of the Eastern District of Texas because a substantial part of the events giving rise to the claim arose in that district.  Indeed, Alexa has already sued Girafa for patent infringement, and ***Girafa has admitted that jurisdiction and venue are proper in Texas***.  *See* Day Decl., ¶4.  In any case, the technology accused of infringement is available in the Marshall Division of the Eastern District of Texas.  Girafa also conducts substantial business in Texas and has committed, and is continuing to commit, acts of infringement in the Marshall Division of the Eastern District of Texas.  Consequently, this factor weighs heavily in favor of Alexa's motion to transfer.

### 3.    Texas Is No Less A Convenient Forum For This Litigation.

#### a.    Girafa's "Choice of Forum" Is Entitled To No Deference.

Even though Girafa is styled as the plaintiff in the present action, its "choice" to file in this district should be given no weight.  Not only is Girafa a foreign litigant, but Girafa's lawsuit is nothing more than blatant forum shopping in response to Alexa's Texas Action.  *CoxCom,* 2007 WL 2500982, at *2 (holding that plaintiff's choice of forum is a factor weighing against transfer, but not entitled to significant weight).  Girafa's proper course of action should have been to file a Motion to Transfer in Texas and allow the Texas Court to make a decision about the relative convenience of the forums.  Instead, Girafa is trying to render the proceedings in the Texas court irrelevant by filing its claims here, ignoring whatever decision the Texas Court might make with respect to transfer.

A plaintiff's choice of forum commands only minimal consideration if the plaintiff does not reside in the district where he brought the suit or if it appears there is forum shopping.  *CoxCom,* 2007 WL 2500982, at *2; *Allegiance Healthcare Corp. v. London Int'l Group*, 1998 U.S. Dist. LEXIS 8953, 1998 U.S. Dist. LEXIS 8953, at *5 (N.D. Cal. June 17, 1998).  Here,

1    Girafa is an Israeli company, incorporated under Delaware law. *See* Day Decl., ¶3. Girafa's only

2    feasible connection with the Northern District of California is Girafa's unfair competition claim,

3    but that claim is not sufficient to create a nexus. *CoxCom,* 2007 WL 2500982, at *3 (transferring

4    claims of declaratory judgment and unfair competition where the declaratory plaintiff filed in the

5    Northern District after being sued on the same patents in the Eastern District of Texas). Girafa's

6    choice of forum warrants no deference.

7                          **b.      Texas is as Convenient a Forum to the Parties.**

8             Most important to this analysis is the fact that Alexa committed to litigating the patent-in-

9    suit in Texas before Girafa even filed the present lawsuit. Accordingly, Alexa will make its

10   evidence and witnesses available in Texas. Alexa's actions in this respect prove that Texas is a

11   convenient forum for Alexa and that Girafa's access to Alexa's evidence and witnesses will not

12   be hindered.

13            Alexa's physical presence in San Francisco is irrelevant for purposes of determining

14   where the patent infringement and unfair competition claims should be litigated. Importantly, it

15   is Girafa that is accused of infringing Alexa's patent, and Girafa's acts of infringement occur in

16   the Eastern District of Texas. Likewise, Alexa's place of residence has no bearing on Girafa's

17   attempts to muster evidence of invalidity. Since Alexa has already committed to bringing its

18   witnesses and evidence to Texas, Alexa's San Francisco address is a non-factor in determining

19   convenience.

20            Girafa has no particular connection with the Northern District of California that would

21   make California a more convenience forum than Texas. Girafa is an Internet company based in

22   Israel. Its website is available throughout the United States. And, Girafa previously sued Alexa

23   in Delaware. Girafa's state law claim cannot establish a nexus with California where one does

24   not otherwise exist. Because Alexa originally filed its lawsuit in Texas, has committed to making

25   its evidence and witnesses available there, and because Girafa has no specific interest in

26   California, the convenience to the parties' factor favors transfer to Texas.

27                          **c.      Failure to Transfer this Litigation to Texas Will Inconvenience
                                      Non-Party Witnesses.**

28

It is a significant inconvenience to require non-party witnesses to appear in California and Texas to give the exact same evidence with respect to infringement and validity. *See CoxCom,* 2007 WL 2500982, at 2. In Girafa's Motion to Transfer to the Northern District of California it claimed that Laura Majerus, David Marvit, and Ronna Tannenbaum are key witnesses to this case. However, these witnesses do not appear to have significant evidence to offer, and Girafa identified none in its Motion. For example, Girafa has pled no allegation, such as prosecution misconduct, that implicates Ms. Majerus, the prosecuting attorney of the '548 patent, as a witness. Likewise, Mr. Marvit and Ms. Ronna, two of the eight inventors on the '548 patent, are not implicated by any of Girafa's currently pled theories. That these individuals possess limited information in this case underscores the inconvenience to which they would be subject if duplicative cases were to proceed simultaneously, and their presence in California is a red herring. It is more convenient and efficient to subject these individuals to discovery and trial in only one proceeding. Therefore, to the extent these witnesses have evidence to offer, the Court should grant Alexa's motion to transfer to avoid intruding on the time and availability of these third parties more than necessary. The convenience of non-party witnesses favors a transfer of this litigation to Texas.

### d. The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses.

Compulsory process is a neutral factor in this instance. This is a patent case and it is likely that much of the important evidence will come from party witnesses and experts. Compulsory process is not required for experts. As discussed above, Girafa's claims do not appear to require essential evidence from non-party witnesses that would require compulsory process to secure attendance at trial. Furthermore, as Girafa admits, its servers are in Weehawken, New Jersey. To the extent these servers are managed or owned by a third-party, subpoenas will be required to secure information regarding Girafa's activities regardless of whether this case is venued in California or Texas. This factor is neutral as between Texas and California.

1

**4.     The Public Policy Factors Favor Transfer To Texas.**

2

**a.     Administrative Difficulties Flowing From Court Congestion.**

3     As of 2007, civil cases in the Eastern District of Texas go to trial 6.9 months earlier than

4   civil cases in the Northern District of California.  *See* Day Decl., ¶7, Ex. C (Judicial Caseload

5   Profile,  available  at  http://www.uscourts.gov/cgi-bin/cmsd2007.pl.)    According  to  the  same

6   statistics, cases in the Northern District of California reach "disposition" 2.3 months faster than

7   cases in the Eastern District of Texas.  While litigants have access to a speedier trial for civil

8   cases in the Eastern District of Texas than the Northern District of California, both districts are

9   busy, competent forums for patent litigation.  However, Alexa chose to file its complaint in the

10   district with a faster time to trial and that choice should be honored.

11     Time  to  trial  notwithstanding,  the  instant  case  is  duplicative  of  the  Texas  Action.

12   Litigation  of  identical  issues  between  the  same  parties  represents  needless  use  of  judicial

13   resources  and  only  clogs  the  courts'  already  crowded  dockets.    This  factor  favors  honoring

14   Alexa's choice to seek a speedy trial by transferring Girafa's claims to the Eastern District of

15   Texas.

16

**b.     The Eastern District of Texas Has a Local Interest in Resolving
Alexa's Claim That Girafa Infringes the '548 Patent.**

17

18     The Eastern District of Texas has a strong interest in adjudicating the infringement of the

19   '548 patent.  Girafa's accused services and website are readily available in the Eastern District of

20   Texas, and the citizens of that venue have an interest in adjudicating issues of patent infringement

21   with respect to products sold in the Eastern District of Texas.  *See, e.g., Tropos Networks, Inc. v.*

22   *IPCO, LLC*, 2006 WL 1883316, *4 (N.D. Cal. 2006) (holding that while infringing acts occurred

23   in  the  Northern  District  of  California,  the  potential  transferee  district,  Georgia,  also  had  an

24   interest in protecting against infringers); *see also Tidel Eng'g, L.P. v. Fire King Int'l, Inc.*, 2008

25   WL 899345, slip op. at *3 (E.D. Tex. March 31, 2008) ("The citizens of this venue have an

26   interest in adjudicating issues of patent infringement with respect to products sold in the Eastern

27   District of Texas.").  Likewise, it is not an unfair or undue burden for the citizens, and potential

28   jurors, of the Eastern District of Texas to resolve facts related to a claim of patent infringement

-10-

1   where the infringement occurs in their district.  *See*, *e.g.*, *Medtronic, Inc. v. Cordis Corp.*, 2008

2   WL 858680, slip op. at *4 (E.D. Tex. March 31, 2008)(holding that the citizens of the Eastern

3   District of Texas have "a substantial interest in whether acts of patent infringement have

4   occurred").  Accordingly, this factor weighs in favor of transfer, if the case is not dismissed

5   outright.

6          Girafa's improper injection of a California state law claim into this case and attempt to

7   create a local nexus with California does not create an interest in the Northern District of

8   California sufficient to keep this case here.  *See CoxCom,* 2007 WL 2500982, at *3 (transferring

9   declaratory judgment along with California unfair competition claims).  In any case, Girafa's state

10  law claims are likely to be dismissed, and the Court can transfer only Girafa's declaratory

11  judgment claims.  The interest in allowing the Eastern District of Texas to resolve a claim for

12  patent infringement already brought in that district favors transferring this case.

13              **c.    The Familiarity of the Eastern District of Texas with Patent
                        Infringement Cases Favors Transfer.**
14

15         The district court in the Eastern District of Texas is equally situated and familiar with the

16  patent laws as the district court in the Northern District of California.

17         Girafa's claim for unfair competition is the only possible nexus between Girafa's later-

18  filed lawsuit and the Northern District of California. The sole basis for Girafa's unfair

19  competition claim in California is Alexa's allegedly improper filing of a lawsuit in Texas.  This

20  unfair competition claim is improper under both California law and the Federal Rules of Civil

21  Procedure.  Girafa's only stated basis for its unfair competition claim is its allegation that

22  "ALEXA filed the Texas action to put extreme financial pressure on GIRAFA to gain improper

23  business and litigation advantages and attempt to force GIRAFA out of business."  However, as

24  discussed above and in Alexa's other motions filed along with this Motion, Girafa's third claim

25  fails as a matter of law.  Cal. Code Civ. Proc. § 425.16(b)(1); Fed. R. Civ. Pro. 12(b)(6).  It

26  should not be considered in weighing this factor.

27         Indeed, if this Court refuses to transfer this case based on this sort of maneuvering, that is,

28  a later-filed case alleging only claims that arise from the filing of the first lawsuit, a troubling

1  precedent would be set for parties seeking to avoid any jurisdiction where they prefer not to

2  litigate.  Consequently, this factor weighs in favor of Alexa's motion to transfer.

3          **d.      The Transferred Claims Will be Consolidated With Alexa's
                 Currently Pending Claims.**

4

5          This litigation will be made simpler as a practical matter by transferring Girafa's

6  declaratory claims to Texas for consolidation with Alexa's infringement claim.  Local Rule CV-

7  42 of the Eastern District of Texas states: "When two or more actions are pending before a judge

8  which involve either (1) a common question of law or fact; or (2) the same parties and issues; or

9  (3) different or additional parties and issues all of which arise out of the same transaction or

10  occurrence, that judge may order that all or part of the actions be consolidated."   Girafa's

11  complaint in this district and Alexa's complaint in the Eastern District of Texas involve the exact

12  same parties, patent, and accused technology.  Therefore, the cases have common questions of

13  law and fact, as well as the same parties and issues, all of which arise out of the same occurrence.

14  Girafa's claims can be consolidated with the claims before the Eastern District of Texas and this

15  favors transfer.  *See, e.g., CoxCom*, 2007 WL 2500982, at *2.

16  **III.   CONCLUSION**

17          For all of these reasons, Defendants respectfully request that the Court dismiss Girafa's

18  declaratory relief claims or transfer them to Texas for consolidation with the Texas Action.  If the

19  unfair competition claim survives, it should be severed into a separate case that may remain in

20  California, but that is stayed pending the outcome of the Texas Action.

21  Dated:  July 16, 2008                    DLA PIPER US LLP

22                                           By /s/ Elizabeth Day

23                                              ELIZABETH DAY
                                                Attorneys for Defendants
24                                              ALEXA INTERNET, INC. and NIALL
                                                O'DRISCOLL
25

26

27

28