| | |
|---|---|
| 1 | ELIZABETH DAY, Bar No. 177125 |
|   | elizabeth.day@dlapiper.com |
| 2 | GREGORY J. LUNDELL, Bar No. 234941 |
|   | greg.lundell@dlapiper.com |
| 3 | DLA PIPER US LLP |
|   | 2000 University Avenue |
| 4 | East Palo Alto, California 94303-2214 |
|   | Tel: 650.833.2000 |
| 5 | Fax: 650.833.2001 |
| 6 | JOHN R. HURLEY, Bar No. 203641 |
|   | john.hurley@dlapiper.com |
| 7 | DLA PIPER US LLP |
|   | 153 Townsend Street, Suite 800 |
| 8 | San Francisco, CA 94107-1957 |
|   | Tel: 415.836.2500 |
| 9 | Fax: 415.836.2501 |
| 10 | THOMAS G. PASTERNAK, Bar No. 06207512 |
|    | (pro hac vice pending) |
| 11 | thomas.pasternak@dlapiper.com |
|    | R. DAVID DONOGHUE, Bar No. 06273840 (pro |
| 12 | hac vice pending) |
|    | david.donoghue@dlapiper.com |
| 13 | DLA PIPER US LLP |
|    | 203 North LaSalle Street, Suite 1400 |
| 14 | Chicago, IL 60601-1293 |
|    | Tel: 312.368.4000 |
| 15 | Fax: 312.236.7516 |

Attorneys for Defendants
ALEXA INTERNET, INC. and NIALL O'DRISCOLL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GIRAFA.COM, INC., | CASE NO. CV 08-2745 RMW |
| Plaintiff, | **DECLARATION OF M. ELIZABETH DAY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY** |
| v. | |
| ALEXA INTERNET, INC.; NIALL O'DRISCOLL, | Date: September 5, 2008 |
| Defendants. | Time: 9:00 am |
|  | Dept: 6, 4th Floor |
|  | Judge: Honorable Ronald M. Whyte |

DLA PIPER US LLP
SAN FRANCISCO

WEST\21468720.1
357317-000011

-1-
DECLARATION OF M. ELIZABETH DAY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS, TRANSFER OR STAY; CV 08-2745 RMW

I, M. Elizabeth Day, declare as follows:

1. I am an attorney with the law firm of DLA Piper US LLP, counsel for Defendants Alexa Internet, Inc. and Niall O'Driscoll, in this action. I have personal knowledge of the facts stated herein and if called as a witness, could and would competently testify hereto.

2. Alexa Internet, Inc. ("Alexa") filed a complaint against Girafa.com ("Girafa") for patent infringement of U.S. Patent No. 6,282,548 in the United States District Court for the Eastern District of Texas (the "Texas Action") on March 21, 2008. A true and correct copy of Alexa's complaint is attached hereto as Exhibit A.

3. Girafa is an Israeli company incorporated in the State of Delaware.

4. On June 6, 2008, Girafa filed its answer to the complaint in the Texas Action. In its answer at ¶¶ 5-6, Girafa admits that venue is proper and that Girafa is subject to personal jurisdiction. A true and correct copy of Girafa's answer is attached hereto as Exhibit B.

5. Girafa filed its complaint in this action on June 2, 2008. Girafa's complaint seeks declaratory judgment of non-infringement and invalidity and a third cause of action for unfair competition.

6. On June 6, 2008, Girafa filed a Motion to Transfer the Texas Action to the Northern District of California. On June 24, 2008, Alexa filed its opposition to the Motion to Transfer. Girafa has elected not to reply to Alexa's opposition as any rely briefing was due to the court on June 30, 2008.

7. Attached hereto as Exhibit C is a true and correct copy of print outs from the Judicial Caseload Profile, available at http://www.uscourts.gov/cgi-bin/cmsd2007.pl., showing that civil cases in the Eastern District of Texas go to trial 6.9 months earlier than civil cases in the Northern District of California.

Dated: July 15, 2008

M. ELIZABETH DAY

-2-

WEST\21468720.1
357317-000011
DECLARATION OF M. ELIZABETH DAY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY, CV 08-2745 RMW

DLA PIPER US LLP
SAN FRANCISCO

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Alexa Internet, Inc.<br>    Plaintiff,<br><br>v.<br><br>Girafa.com, Inc.<br>    Defendant. | NO. 2:08-cv-121<br><br>**JURY DEMANDED** |

### PLAINTIFF ALEXA'S PATENT INFRINGEMENT COMPLAINT

Plaintiff Alexa Internet, Inc. ("Alexa"), by its attorneys, for its Complaint against Defendant Girafa.com, Inc. ("Girafa"), alleges as follows:

#### NATURE OF ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq.* and, more particularly, 35 U.S.C. §§ 271 and 281. This action relates to the Defendant's infringement of a patent assigned to Alexa.

#### PARTIES

2. Plaintiff Alexa is a corporation organized and existing under the laws of California, having its principal place of business at Presidio of San Francisco, Building 37, P.O. Box 29141, San Francisco, California 94129.

3. Defendant Girafa is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1313 North Market Street, Suite 5100, Wilmington, Delaware 19801.

1

## JURISDICTION AND VENUE

4. Plaintiff's claims are made pursuant to the patent laws of the United States, Title 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(a), (b) and/or (c), and 1400(b), as Girafa resides and/or conducts substantial business in this district and has committed, and is continuing to commit, acts of infringement in this district.

6. Girafa is subject to personal jurisdiction in this judicial district because it is doing business in this judicial district, directly and/or through third parties, by selling, offering to sell, and otherwise making available its products and services, including at the "http://www.girafa.com" web page.

## GENERAL ALLEGATIONS

7. United States Patent No. 6,282,548 ("the '548 patent"), entitled "Automatically Generate and Displaying Metadata as Supplemental Information Concurrently with the Web Page, There Being No Link Between Web Page and Metadata" was duly and legally issued by the United States Patent and Trademark Office to inventors Michael G. Burner *et al.* on August 28, 2001. A true and correct copy of the '548 patent is attached hereto as Exhibit A.

8. The '548 patent has been assigned to Alexa who is its current owner with sole rights to sue and recover damages and otherwise enforce the '548 patent.

9. Girafa makes, uses, sells, offers for sale in the United States, and/or imports into the United States, directly or through third parties, computer-related products and services, including without limitation, its Girafa Toolbar and Girafa Thumbnail Service, that infringe the '548 patent.

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF THE '548 PATENT

10. Plaintiff refers to and incorporates paragraphs 1 through 9, as though fully set forth herein.

11. Girafa has been and is still is infringing literally and/or under the doctrine of equivalents one or more claims of the '548 patent pursuant to 35 U.S.C. § 271(a) by making, using, selling, offering to sell in the United States, and/or importing into the United States, directly or through third parties, computer-related products and services, including without limitation, its Girafa Toolbar and Girafa Thumbnail Service, that infringe the '548 patent.

12. By reason of Girafa's acts alleged herein, Plaintiff has suffered, is suffering, and, unless such acts are enjoined by the Court, will continue to suffer injury to its business and property rights, for which it is entitled to damages pursuant to 35 U.S.C. § 284 in an amount to be proved at trial.

13. By reason of Girafa's acts alleged herein, Plaintiff has suffered, is suffering, and, unless such acts are enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Plaintiff is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

## SECOND CAUSE OF ACTION
## INDUCED INFRINGEMENT OF THE '548 PATENT

14. Plaintiff refers to and incorporates paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff is informed and believes and thereon alleges that Girafa has been and still is inducing others to infringe one or more claims of the '548 patent pursuant to 35 U.S.C. §

271(b) and/or (f) by making, using, selling, offering to sell in the United States, and/or importing into the United States, directly or through third parties, computer-related products and services, including without limitation, its Girafa Toolbar and Girafa Thumbnail Service, that infringe the '548 patent.

16. Plaintiff has suffered, is suffering, and, unless such acts are enjoined by the Court, will continue to suffer injury to its business and property rights, for which it is entitled to damages pursuant to 35 U.S.C. § 284 in an amount to be proved at trial.

17. By reason of Girafa's acts alleged herein, Plaintiff has suffered, is suffering, and, unless such acts are enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Plaintiff is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

### THIRD CAUSE OF ACTION
### CONTRIBUTORY INFRINGEMENT OF THE '548 PATENT

18. Plaintiff refers to and incorporates paragraphs 1 through 17 as though fully set forth herein.

19. Girafa has been and is still contributorily infringing one or more claims of the '548 patent pursuant to 35 U.S.C. § 271(c) by making, using, selling, offering to sell in the United States, and/or importing into the United States, directly or through third parties, computer-related products and services, including without limitation, its Girafa Toolbar and Girafa Thumbnail Service, that infringe the '548 patent.

20. By reason of Girafa's acts alleged herein, Plaintiff has suffered, is suffering, and, unless such acts are enjoined by the Court, will continue to suffer injury to its business and

property rights, for which it is entitled to damages pursuant to 35 U.S.C. § 284 in an amount to be proved at trial.

21. By reason of Girafa's acts alleged herein, Plaintiff has suffered, is suffering, and, unless such acts are enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Plaintiff is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

## RESERVATION OF RIGHTS

22. Alexa reserves its right to amend its Complaint to include additional facts and claims, including, but not limited to, Girafa's willful infringement, should facts learned during discovery support any such additional facts and claims.

## PRAYER

WHEREFORE, Alexa respectfully request the following relief:

(a) That Plaintiff be adjudged the owner of the '548 patent and entitled to all rights of recovery thereunder, and that such patent is valid and enforceable;

(b) That Girafa be adjudged to have infringed, induced infringement, and/or contributed to infringement of the '548 patent;

(c) That Girafa, its officers, principals, agents, attorneys, servants, and employees, and all others acting under their direction and authority, and their successors and assigns, be enjoined by preliminary and permanent injunctions from infringement, inducement of infringement, and contributory infringement of the '548 patent;

(d) That Plaintiff be awarded all damages adequate to compensate it for Girafa's infringement of the '548 patent, such damages to be determined by a jury, including pre-judgment and post-judgment interest;

(e) That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

(f) That Plaintiff be given such other and further relief as this Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Alexa respectfully requests that all issues triable be tried by and before a jury.

Dated: March 21, 2008                                    Respectfully Submitted,

/s/ *Charles Ainsworth*
Charles Ainsworth
Parker Bunt & Ainsworth, P.C
100 E Ferguson, Suite 1114
Tyler, TX 75702
(903) 531-3535 (Telephone)
(903) 533-9687 (Fax)
Email: charley@pbatyler.com

Thomas G. Pasternak – PHV pending
R. David Donoghue – PHV pending
DLA Piper US LLP
203 N. LaSalle Street, Suite 1900
Chicago, Illinois 60601
312) 368-4000 (Telephone)
(312) 236-7516 (Fax)
thomas.pasternak@dlapiper.com
david.donoghue@dlapiper.com

M. Elizabeth Day – PHV pending
Gregory J. Lundell – PHV pending
DLA Piper US LLP
2000 University Avenue
East Palo Alto, CA 94303 2248
(650) 833-2000 (Telephone)
(650) 833-2001 (Fax)
elizabeth.day@dlapiper.com
greg.lundell@dlapiper.com

*Attorneys for Alexa Internet, Inc.*

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ALEXA INTERNET, INC.,

    Plaintiff,

v.

GIRAFA.COM, INC.

    Defendant.

Case No.: 2:08-cv-121

**DEFENDANT GIRAFA.COM, INC.'S
ANSWER TO ALEXA INTERNET, INC'S. COMPLAINT**

Defendant Girafa.com, Inc. ("Girafa"), by its attorneys, hereby answers to the allegations in the Complaint of Alexa Internet, Inc. ("Alexa").

### NATURE OF ACTION

1. Girafa admits that the Complaint purports to set forth an action under the patent laws of the United States, but denies the allegation that Defendant has infringed the asserted patent.

### PARTIES

2. On information and belief, Girafa admits that Alexa is organized and existing as alleged.

3. Girafa admits the assertion of this paragraph.

### JURISDICTION AND VENUE

4. Girafa admits that this Court has subject matter jurisdiction over the asserted claims.

5. Girafa denies that it resides and/or conducts substantial business in this district, and that

it has committed and is continuing to commit, acts of infringement in this district, but admits that venue is proper.

6. Girafa denies that it is doing business in this judicial district, but admits that it is subject to personal jurisdiction.

## GENERAL ALLEGATIONS

7. Girafa is without sufficient information to admit or deny this assertion, and therefore denies it.

8. Girafa is without sufficient information to admit or deny this assertion, and therefore denies it.

9. Girafa denies this assertion.

## FIRST CAUSE OF ACTION

10. Girafa refers to and incorporates paragraphs 1 through 9, as though fully set forth herein.

11. Girafa denies this assertion.

12. Girafa denies this assertion.

13. Girafa denies this assertion.

## SECOND CAUSE OF ACTION

14. Girafa refers to and incorporates paragraphs 1 through 13, as though fully set forth herein.

15. Girafa denies this assertion.

16. Girafa denies this assertion.

17. Girafa denies this assertion.

## THIRD CAUSE OF ACTION

18. Girafa refers to and incorporates paragraphs 1 through 17, as though fully set forth herein.

19. Girafa denies this assertion.

20. Girafa denies this assertion.

21. Girafa denies this assertion.

## RESERVATION OF RIGHTS

22. Girafa admits that Alexa purports to reserve rights in this paragraph, but denies that Girafa has willfully infringed, and denies that Alexa is entitled to reserve any such rights.

## RESPONSE TO ALEXA'S PRAYER FOR RELIEF

23. Girafa denies that Alexa is entitled to the relief it has requested in its Prayer.

## REQUEST FOR TRIAL BY JURY

24. This paragraph states only legal request, and thus, no response is required.

## DEFENSES

25. As and for its defenses, Girafa alleges as follows:

### First Defense - Failure to State a Claim

26. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense - Noninfringement

27. Girafa does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, or in any other way, any claim of the '548 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

- 3 -

### Third Defense -Patent Invalidity

28. The '548 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to Sections 101-103, and/or 112.

### Exceptional Case

29. This is an exceptional case entitling Girafa to an award of its attorneys fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### RELIEF

WHEREFORE, Girafa seeks the following relief:

a. That judgment be entered in favor of Girafa and against Alexa on Alexa's Complaint;

b. That Alexa take nothing by its Complaint and that Alexa's Complaint be dismissed with prejudice;

c. That each and every claim of the '548 patent be declared not infringed, invalid, and/or unenforceable;

d. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, this action be found to be an exceptional case and that Girafa be awarded its attorneys' fees incurred in connection with this action;

e. That Girafa be awarded its cost of suit incurred herein; and

f. That Girafa be granted such other and additional relief as this Court deems just and proper.

DATED: June 6, 2008   CAPSHAW DeRIEUX, LLP

/s/ S. Calvin Capshaw
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 24053063
N. Claire Abernathy
State Bar No. 24053063
1127 Judson Road, Suite 220 (75601)
P.O. Box 3999
Longview, TX 75606
TEL: (903) 236-9800
FAX: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Defendant Girafa.com Inc.*

*OF COUNSEL:*

SUGHRUE MION, PLLC
William H. Mandir
John F. Rabena
Chandran B. Iyer
Trevor C. Hill
2100 Pennsylvania Ave., N.W.
Washington D.C. 20037
Tel (202) 293-7060
Fax (202) 293-7860

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A) on this 6th day of June, 2008.

/s/ S. Calvin Capshaw
S. Calvin Capshaw

- 6 -

# EXHIBIT C

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **CALIFORNIA NORTHERN** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | | |
| OVERALL CASELOAD STATISTICS | Filings* | | 7,970 | 8,683 | 6,362 | 6,727 | 6,919 | 7,887 | U.S. | Circuit |
| | Terminations | | 6,777 | 6,983 | 6,966 | 6,471 | 7,094 | 6,675 | | |
| | Pending | | 9,005 | 8,157 | 6,557 | 7,267 | 7,567 | 7,958 | | |
| | % Change in Total Filings | Over Last Year | -8.2 | | | | | | 79 | 15 |
| | | Over Earlier Years | | | 25.3 | 18.5 | 15.2 | 1.1 | 35 | 5 |
| | Number of Judgeships | | 14 | 14 | 14 | 14 | 14 | 14 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | .0 | 3.1 | 12.0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 569 | 620 | 455 | 480 | 494 | 563 | 15 | 4 |
| | | Civil | 505 | 558 | 390 | 413 | 424 | 510 | 8 | 2 |
| | | Criminal Felony | 33 | 37 | 39 | 44 | 47 | 42 | 86 | 14 |
| | | Supervised Release Hearings** | 31 | 25 | 26 | 23 | 23 | 11 | 28 | 10 |
| | Pending Cases | | 643 | 583 | 468 | 519 | 541 | 568 | 12 | 2 |
| | Weighted Filings** | | 624 | 621 | 543 | 581 | 631 | 598 | 8 | 2 |
| | Terminations | | 484 | 499 | 498 | 462 | 507 | 477 | 30 | 7 |
| | Trials Completed | | 8 | 8 | 10 | 10 | 11 | 11 | 92 | 14 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 12.4 | 11.2 | 12.6 | 11.1 | 11.7 | 11.8 | 82 | 14 |
| | | Civil** | 6.7 | 7.4 | 9.8 | 8.2 | 10.6 | 9.5 | 11 | 2 |
| | From Filing to Trial** (Civil Only) | | 24.9 | 25.0 | 28.0 | 22.5 | 30.3 | 23.5 | 46 | 7 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 393 | 528 | 530 | 430 | 377 | 475 | | |
| | | Percentage | 4.7 | 7.3 | 9.5 | 6.9 | 5.7 | 6.7 | 51 | 5 |
| | Average Number of Felony Defendants Filed Per Case | | 1.2 | 1.5 | 1.5 | 1.4 | 1.5 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 53.81 | 59.09 | 55.21 | 61.19 | 65.00 | 66.42 | | |
| | | Percent Not Selected or Challenged | 41.9 | 43.2 | 31.0 | 48.9 | 40.9 | 47.2 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7074 | 122 | 975 | 1610 | 94 | 44 | 534 | 527 | 243 | 533 | 732 | 422 | 1238 |
| Criminal* | 455 | 6 | 72 | 162 | 40 | 64 | 11 | 38 | 5 | 6 | 16 | 15 | 20 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

http://www.uscourts.gov/cgi-bin/cmsd2007.pl    7/16/2008

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | TEXAS EASTERN | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 3,873 | 3,658 | 3,583 | 3,860 | 4,072 | 3,610 | | |
| | Terminations | | 3,572 | 3,623 | 3,538 | 4,243 | 3,487 | 4,458 | | |
| | Pending | | 3,352 | 3,079 | 3,035 | 2,983 | 3,358 | 2,825 | | |
| | % Change in Total Filings | Over Last Year | 5.9 | | | | | | 19 | 2 |
| | | Over Earlier Years | | | 8.1 | .3 | -4.9 | 7.3 | 19 | 3 |
| | Number of Judgeships | | 8 | 8 | 8 | 8 | 8 | 7 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | 9.1 | 4.2 | 19.3 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 484 | 457 | 448 | 483 | 509 | 515 | 31 | 5 |
| | | Civil | 403 | 375 | 376 | 411 | 431 | 444 | 17 | 3 |
| | | Criminal Felony | 81 | 82 | 72 | 71 | 77 | 70 | 36 | 3 |
| | | Supervised Release Hearings** | 0 | 0 | 0 | 1 | 1 | 1 | - | - |
| | Pending Cases | | 419 | 385 | 379 | 373 | 420 | 404 | 30 | 6 |
| | Weighted Filings** | | 674 | 550 | 511 | 518 | 529 | 492 | 5 | 2 |
| | Terminations | | 447 | 453 | 442 | 530 | 436 | 637 | 41 | 7 |
| | Trials Completed | | 18 | 21 | 21 | 21 | 26 | 22 | 55 | 7 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 8.7 | 9.2 | 8.3 | 8.4 | 7.5 | 8.9 | 47 | 5 |
| | | Civil** | 9.0 | 9.0 | 10.3 | 6.5 | 10.9 | 15.0 | 42 | 5 |
| | From Filing to Trial** (Civil Only) | | 18.0 | 17.7 | 15.9 | 15.4 | 17.0 | 14.0 | 14 | 2 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 41 | 80 | 64 | 47 | 41 | 58 | | |
| | | Percentage | 1.5 | 3.2 | 2.6 | 1.9 | 1.4 | 2.4 | 9 | 2 |
| | Average Number of Felony Defendants Filed Per Case | | 1.8 | 1.6 | 1.7 | 1.7 | 1.7 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 40.26 | 36.89 | 34.27 | 33.92 | 32.49 | 32.40 | | |
| | | Percent Not Selected or Challenged | 35.5 | 30.1 | 30.2 | 32.5 | 33.5 | 33.3 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 3222 | 128 | 181 | 1379 | 30 | 20 | 75 | 401 | 252 | 409 | 220 | 3 | 124 |
| Criminal* | 648 | 18 | 185 | 55 | 168 | 90 | 24 | 30 | 10 | 25 | 11 | 11 | 21 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

http://www.uscourts.gov/cgi-bin/cmsd2007.pl                                    7/16/2008