1  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
2  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
3  DLA PIPER US LLP
   2000 University Avenue
4  East Palo Alto, California 94303-2214
   Tel: 650.833.2000
5  Fax: 650.833.2001

6  JOHN R. HURLEY, Bar No. 203641
   john.hurley@dlapiper.com
7  DLA PIPER US LLP
   153 Townsend Street, Suite 800
8  San Francisco, CA 94107-1957
   Tel: 415.836.2500
9  Fax: 415.836.2501

10 THOMAS G. PASTERNAK (pro hac vice pending)
   thomas.pasternak@dlapiper.com
11 R. DAVID DONOGHUE, (pro hac vice pending)
   david.donoghue@dlapiper.com
12 DLA PIPER US LLP
   203 North LaSalle Street, Suite 1400
13 Chicago, IL 60601-1293
   Tel: 312.368.4000
14 Fax: 312.236.7516

15 Attorneys for Defendants
   ALEXA INTERNET, INC. and NIALL
16 O'DRISCOLL

17
18                          UNITED STATES DISTRICT COURT
19                        NORTHERN DISTRICT OF CALIFORNIA
20                                  SAN JOSE DIVISION

21 | GIRAFA.COM, INC.,                       | CASE NO. CV 08-02745 RMW
22 |          Plaintiff,                     | **DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S THIRD CLAIM FOR RELIEF**
23 |      v.                                 |
24 | ALEXA INTERNET, INC.; NIALL             | **CAL. CODE CIV. PROC. § 425.16**
   | O'DRISCOLL,                             |
25 |                                         | Date: September 5, 2008
   |          Defendants.                    | Time: 9:00 am
26 |                                         | Dept: 6, 4th floor
   |                                         | Judge: Ronald M. Whyte
27
28

WEST\21463698.3          DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S THIRD CLAIM FOR
357317-000011            RELIEF; CV 08-02745 RMW

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND ISSUES TO BE DECIDED ....................................................... 2

II. LEGAL ARGUMENT ...................................................................................................... 2

    A. The Legal Framework for Anti-SLAPP Motions.................................................. 2

    B. The Third Claim for Relief is Based on Privileged Acts and Should Be Stricken ................................................................................................................... 4

III. CONCLUSION ................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page**

### CASES

*Batzel v. Smith*,
  333 F.3d 1018 (9th Cir. 2003)..................................................................................... 4

*Briggs v. Eden Council for Hope and Opportunity*,
  19 Cal. 4th 1106 (1999) ........................................................................................... 3, 5

*Equilon Enters. v. Consumer Cause, Inc.*,
  29 Cal. 4th 53 (2002) .................................................................................................. 2

*Fox Searchlight Pictures v. Paladino*,
  89 Cal. App. 4th 294 (2001) ....................................................................................... 3

*Globetrotter Software, Inc. v. Elan Computer Group. Inc.*,
  63 F. Supp. 2d 1127 (N.D. Cal. 1999) ........................................................................ 4

*Greka Integrated, Inc. v. Lowery*,
  133 Cal. App. 4th 1572 (2005) ................................................................................... 4

*Kashian v. Harriman*,
  98 Cal. App. 4th 892 (2002) ................................................................................... 3, 4

*Navellier v. Sletten*,
  29 Cal. 4th 82 (2002) ............................................................................................... 4, 5

*New Net, Inc. v. Lavasoft*,
  356 F. Supp. 2d 1090 (C.D. Cal. 2004) ...................................................................... 4

*Pacific Gas & Elec. Co. v. Bear Stearns & Co.*,
  50 Cal. 3d 1118 (1990) ...................................................................................... 2, 5, 6

*Peregrine Funding, Inc. v. Sheppard Mullin*,
  133 Cal. App. 4th 658 (2005) ..................................................................................... 4

*Rubin v. Green*,
  4 Cal. 4th 1187 (1993) ................................................................................................ 6

*Tuchscher Dev. Enters., Inc. v San Diego Unified Port Dist.*,
  106 Cal App 4th 1219 (2003) ..................................................................................... 3

*Wilcox v. Superior Court*,
  27 Cal. App. 4th 809 (1994) ....................................................................................... 2

*Wilson v. Parker, Covert & Chidester*,
  28 Cal. 4th 811 (2002) ................................................................................................ 3

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**STATUTES**

Business and Professions Code § 17200, et. seq. ................................................................. 2

California Code of Civil Procedure § 425.16 ............................................................. 2, 3, 4, 5, 7

California Code of Civil Procedure § 4125.16(b)(1) ................................................................ 3, 5

California Code of Civil Procedure § 425.16(e)(1) ................................................................... 3

California Code of Civil Procedure § 425.16(j) ...................................................................... 2, 4

DLA Piper US LLP
San Francisco

WEST\21463698.3
357317-000011

-iii-
DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW

1 | **NOTICE OF MOTION**

2 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

3 Please take notice that on September 5, 2008 at 9:00 a.m. in Courtroom 6 of the above court, located at 280 South First Street, San Jose, California, defendants Alexa Internet, Inc. and Niall O'Driscoll will move to strike the third claim for relief in the complaint filed by plaintiff Girafa.com, Inc. Pursuant to the San Jose Division Standing Order Regarding Case Management in Civil Cases, Defendants have confirmed Plaintiff's availability for this date.

Defendants' motion will be brought pursuant to California Code of Civil Procedure Section 425.16 on the basis that the plaintiff's third claim for relief arises from conduct in furtherance of defendants' right to petition.

-1-
WEST\21463698.3
357317-000011
DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW

## I. INTRODUCTION AND ISSUES TO BE DECIDED

Plaintiff Girafa.com, Inc.'s ("Girafa") third claim for relief arises from conduct that is in furtherance of the defendants' protected exercise of their right to petition. As such, the claim should be stricken under California's anti-SLAPP statute, Code of Civil Procedure 425.16.[1]

Girafa's third claim for relief directly attacks defendants for filing and prosecuting a pending lawsuit in Texas (the "Texas Action"). Specifically, Girafa alleges that defendant Alexa Internet's filing and prosecution of the Texas Action constitutes "unlawful, unfair and fraudulent conduct" under the California's Unfair Competition Law ("UCL."). Bus. & Prof. Code § 17200, et. seq. (Complaint, ¶¶ 33, 35.) By directly and unabashedly suing for unfair competition based on only the filing and prosecution of a lawsuit—particularly one that is still pending—Girafa's improper actions have the effect of chilling and burdening defendants' protected right to petition the courts for redress.

To successfully oppose this special motion to strike, Girafa must show that it has a probability of success on the merits of its third claim for relief. Girafa cannot do so because its claim is barred as a matter of law. In *Pacific Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1124 (1990) ("*PG&E*"), the California Supreme Court held that claims alleging bad-faith filing and prosecution of a lawsuit cannot be brought until termination of the underlying suit. Because the Texas Action is still pending, Girafa has no legal basis for its Third Claim for Relief, and it should be stricken without leave to amend.

## II. LEGAL ARGUMENT

### A. The Legal Framework for Anti-SLAPP Motions.

The purpose of a special motion under Code of Civil Procedure section 425.16 is to identify, early in litigation, meritless suits or causes of action that have been brought against a defendant primarily in retaliation for exercise of that defendant's constitutionally protected rights. As aptly described in *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 815-17 (1994) (*disapproved on other grounds by Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 68

---

[1] As required by Code of Civil Procedure §425.16(j), a copy of the caption page of this motion has been forwarded to the Judicial Council.

(2002)):

> Litigation which has come to be known as SLAPP is defined by the sociologists who coined the term as "civil lawsuits ... that are aimed at preventing citizens from exercising their political rights or punishing those who have done so. . ."

Given the purpose of the special motion to strike, the Courts have established a two-step procedure for evaluation of an anti-SLAPP motion. *See, e.g. Kashian v. Harriman*, 98 Cal. App. 4th 892, 905 (2002). All that is required to strike a cause of action is that (a) the defendant make a *prima facie* case that the cause of action arises primarily from protected activity; and (b) the plaintiff is unable to demonstrate the underlying merit of the claim if all evidence proffered by the parties in support of and in opposition to the motion is given credence. *Wilson v. Parker, Covert & Chidester,* 28 Cal. 4th 811, 821 (2002).

The anti-SLAPP statute applies to causes of action "arising from any act [of the defendant] in furtherance of [1] the person's right of petition or [2] free speech under the United States or California Constitution in connection with a public issue …." Cal. Code Civ. Proc. § 4125.16(b)(1). The right of "petition" within the meaning of Code of Civil Procedure section 425.16 includes the filing of a lawsuit whether or not the subject matter involves a matter of "public significance." Code Civ. Proc. § 425.16(e)(1); *See also, Briggs v. Eden Council for Hope and Opportunity*, 19 Cal. 4th 1106, 1115 (1999) (moving party under anti-SLAPP statute need not demonstrate that communications involve a matter of "public significance" if communications are otherwise made before an official body or in an official proceeding).

In showing that a cause of action "arises from" protected activity, the moving party need not prove that a cross-complainant's *intent* in bringing a non-meritorious claim was to chill the exercise of protected rights—the specific intent of a plaintiff is irrelevant. *Fox Searchlight Pictures v. Paladino*, 89 Cal. App. 4th 294, 305 (2001); *Tuchscher Dev. Enters., Inc. v San Diego Unified Port Dist.*, 106 Cal App 4th 1219, 1232 (2003). In other words, the anti-SLAPP statute's focus is not on the form of the plaintiff's cause of action, but the underlying nature of the defendant's activity giving rise to the asserted liability. *Id.* When deciding whether the initial "arising from" requirement has been met, a court should consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

3

WEST\21463698.3
357317-000011

DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW

*Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002).

Once the requisite *prima facie* case has been made by a defendant bringing an anti-SLAPP motion, the Court moves to the second step of the analysis—an evaluation of the merits of the cause of action brought by the plaintiff. *See Kashian*, 98 Cal. App. 4th at 905. At that point, the burden shifts to the plaintiff to establish the probability that it will prevail on the merits of his cause of action. Code of Civil Procedure §425.16(b). In other words, it becomes the plaintiff's burden to establish that the acts constituting his cause of action are not really privileged by the First Amendment or otherwise arising from protected activity *and* that the claim is otherwise meritorious. *Navellier*, 29 Cal. 4th at 94; s*ee also e.g. Greka Integrated, Inc. v. Lowery*, 133 Cal. App. 4th 1572, 1581 (2005); *Peregrine Funding, Inc. v. Sheppard Mullin*, 133 Cal. App. 4th 658, 681-82 (2005).

Because California's anti-SLAPP law is a substantive bar to suit rather than just a procedural law, a defendant may bring a special motion to strike in federal court so long as the motion is directed only to state-law claims. *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003); *Globetrotter Software, Inc. v. Elan Computer Group. Inc*., 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999); *New Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1099-100 (C.D. Cal. 2004) ("Defendant properly directs its anti-SLAPP motion only to the pendant state law claims set out in the Complaint.").

**B.    The Third Claim for Relief is Based on Privileged Acts and Should Be Stricken.**

For the purposes of this motion under Code of Civil Procedure section 425.16, the pertinent part of Girafa's factual allegations supporting its third cause of action under the UCL is as follows:

> Despite the clear inapplicability of the '548 patent to GIRAFA's technology, ALEXA initiated the Texas action alleging that the GIRAFA Toolbar and Thumbnail Service infringes the '548 patent. Thus, rather than pursuing a legitimate claim on the merits, ALEXA filed the Texas action to retaliate for GIRAFA's filing of the Delaware action and the PI Motion and to cause GIRAFA resources to be diverted during the pendency of the Delaware action to the unnecessary defense of the meritless action brought in bad faith in the Eastern District of Texas. In short, knowing that

4

        continued infringement of the '904 patent may severely and irreparably damage GIRAFA within the year, ALEXA filed the Texas action to put extreme financial pressure on GIRAFA to gain improper business and litigation advantages and attempt to force GIRAFA out of business.

(Complaint, ¶ 33.)

Even a cursory reading of the allegations underlying the third cause of action demonstrates why it should be stricken pursuant to Section 425.16 — the cause of action is based plainly and directly on the filing of a lawsuit. The claim therefore "arises from" protected petitioning activity. Cal. Code Civ. Proc. § 425.16(b)(1) & (e)(1); *Briggs*, 19 Cal. 4th 1106, 1115 (1999).

Because the cause of action is based on protected activity, Girafa must prove in opposition that it has a probability of success on the merits. Cal. Code Civ. Proc. §425.16(b); *Navellier*, 29 Cal. 4th at 94. Girafa cannot satisfy this burden as a matter of law.

In *Pacific Gas & Elec.*, 50 Cal. 3d at 1124, the California Supreme Court held that claims based on the filing and prosecution of a lawsuit cannot be brought until the termination of that underlying suit. Girafa's claim runs directly afoul of the policy and holding of *PG&E*.

In the *PG&E* case, the California Supreme Court reasoned that, "[u]nder existing law, the only common law tort claim that treats the instigation or bringing of a lawsuit as an actionable injury is the action for malicious prosecution," and that there were high barriers to the assertion of such a claim: "[A] plaintiff in a malicious prosecution action must prove that the prior action was brought without probable cause and was pursued to a legal termination in plaintiff's favor." *Id*. at 1130-31. The Court explained that these limitations are "essential to assure free access to the courts," and that given the importance of this policy, it would be "repugnant" to allow a claim based on the filing of still-pending litigation. *Id*. at 1131, 1137. "To permit a cause of action for interference ... to be based on inducing potentially meritorious litigation … would threaten free access to the courts by providing an end run around the limitations on the tort of malicious prosecution." *Id*. The Court ultimately concluded that claims based on the filing and prosecution of litigation must be subject to the same limitations as a claim for malicious prosecution: "[A] plaintiff seeking to state a claim for intentional interference with contract or prospective

5

1  economic advantage because defendant induced another to undertake litigation, must allege that
2  the litigation was brought without probable cause and that the litigation concluded in plaintiff's
3  favor." *Id.*

4      The fact that Girafa asserts a statutory UCL claim rather than a common-law tort is
5  immaterial.  In *Rubin v. Green*, 4 Cal. 4th 1187, 1203 (1993), the California Supreme Court held
6  that California's litigation privilege serves as a bar on UCL claims as well as on common-law
7  torts.  The Court reasoned that a bar to a common-law claim "should not evaporate merely
8  because the plaintiff discovers a conveniently different label for pleading what is in substance an
9  identical grievance."  *Id.*  The same rationale applies here.  Allowing Girafa to proceed with its
10 UCL claim would eviscerate the holding and rationale of the *PG&E* decision.  Such a result
11 would chill the right to petition the courts for redress of grievances—every single lawsuit could
12 give rise to collateral and derivative claims seeking to undermine and burden the original suit.

13     Girafa's third cause of action is no more than a premature claim of "malicious
14 prosecution," a cause of action that must necessarily await the outcome of this Texas Action.
15 Girafa cannot prevail as a matter of law, and the claim should be stricken.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

6

WEST\21463698.3  
357317-000011

DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW

### III. <u>CONCLUSION</u>

For the foregoing reasons, defendants Alexa and Niall O'Driscoll request that this Court grant their special motion to strike the third claim for relief set forth in Girafa's complaint without leave to amend. Defendants also request that the Court award them, pursuant to Code of Civil Procedure section 425.16(c), their reasonable attorney's fees and costs as authorized by that statute.

Dated: July 16, 2008

DLA PIPER US LLP

By /s/ Elizabeth Day
ELIZABETH DAY, Bar No. 177125
elizabeth.day@Dlapiper.Com
GREGORY J. LUNDELL, Bar No. 234941
greg.lundell@Dlapiper.Com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

JOHN R. HURLEY, Bar No. 203641
john.hurley@Dlapiper.Com
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, Ca 94107-1957
Tel: 415.836.2500
Fax: 415.836.2501

THOMAS G. PASTERNAK (pro hac vice pending)
thomas.pasternak@Dlapiper.Com
R. DAVID DONOGHUE, (pro hac vice pending)
david.donoghue@Dlapiper.Com
DLA PIPER US LLP
203 North Lasalle Street, Suite 1400
Chicago, Il 60601-1293
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys For Defendants
ALEXA INTERNET, INC. and NIALL O'DRISCOLL

7
WEST\21463698.3
357317-000011
DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW