1  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
2  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
3  DLA PIPER US LLP
   2000 University Avenue
4  East Palo Alto, California 94303-2214
   Tel:  650.833.2000
5  Fax:  650.833.2001

6  JOHN R. HURLEY, Bar No. 203641
   john.hurley@dlapiper.com
7  DLA PIPER US LLP
   153 Townsend Street, Suite 800
8  San Francisco, CA  94107-1957
   Tel:  415.836.2500
9  Fax:  415.836.2501

10 THOMAS G. PASTERNAK (pro hac vice pending)
   thomas.pasternak@dlapiper.com
11 R. DAVID DONOGHUE, (pro hac vice pending)
   david.donoghue@dlapiper.com
12 DLA PIPER US LLP
   203 North LaSalle Street, Suite 1400
13 Chicago, IL 60601-1293
   Tel:  312.368.4000
14 Fax:  312.236.7516

15 Attorneys for Defendants
   ALEXA INTERNET, INC. and NIALL
16 O'DRISCOLL

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                         SAN JOSE DIVISION

20

21 GIRAFA.COM, INC.,                    CASE NO.  CV 08-02745 RMW

22          Plaintiff,                  **DEFENDANTS' MOTION TO DISMISS
                                        PLAINTIFF'S THIRD CLAIM FOR
23     v.                               RELIEF UNDER FED. R. CIV. P. 12(b)(6)**

24 ALEXA INTERNET, INC.; NIALL          Date:  September 5, 2008
   O'DRISCOLL,                          Time:  9:00 am
25                                      Dept:  6, 4th Floor
          Defendants.                   Judge:  Ronald M. Whyte
26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**TABLE OF CONTENTS**</u>

<u>Page</u>

I.    INTRODUCTION AND ISSUES TO BE DECIDED ....................................................... 2

II.   LEGAL ARGUMENT ................................................................................................. 3

    A.    Standard of Decision ......................................................................................... 3

    B.    Girafa Cannot Base a UCL Claim on Alexa's Filing and Prosecution of the
        Still-Pending Texas Action ................................................................................ 4

    C.    Girafa Has Not Alleged Substantive Facts to Support Its UCL Claim ................. 6

        1.    Unlawful Business Practices – Girafa Fails to Allege Violation of
            Some Other Law ...................................................................................... 7

        2.    Unfair Business Practices – Girafa Fails to Allege Violation of
            Antitrust Law Or Policy .......................................................................... 8

        3.    "Fraudulent" Business Practices – Girafa Fails to Allege Deceptive
            Conduct or Reliance ................................................................................ 8

    D.    Girafa Has Not alleged Facts Sufficient to State a UCL Claim for Relief
        Against Niall O'Driscoll ..................................................................................... 9

III.  CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Balistreri v. Pacifica Police Dep't,*
  901 F.2d 696 (9th Cir. 1990).................................................................. 3

*Bell Atl. Corp. v. Twombly,*
  ---, U.S. -- 127 S.Ct. 1955 (2007) .................................................... 3, 8

*Bernardo v. Planned Parenthood Fed'n of Am.,*
  115 Cal. App. 4th 322 (2004) ............................................................. 7

*Bradstreet v. Wong,*
  161 Cal. App. 4th 1440 (2008) .......................................................... 10

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*
  20 Cal. 4th 163 (1999) ........................................................................ 8

*Conley v. Gibson,*
  355 U.S. 41 (1957) ............................................................................. 3

*Formula One Licensing, B.V. v. Purple Interactive Ltd.,*
  No. C 00-2222 MMC, 2001 U.S. Dist. LEXIS 2968 (N.D. Cal. 2001)..................... 2, 5, 6

*Ivey v. Bd. of Regents of the Univ. of Alaska,*
  673 F.2d 266 (9th Cir. 1982)............................................................... 4

*Khoury v. Maly's of California, Inc.,*
  14 Cal. App. 4th 612 ................................................................. 7, 8, 10

*Laster v. T-Mobile USA, Inc.,*
  407 F. Supp. 2d 1181 (S.D. Cal. 2005) ................................................ 9

*Marshall v. Standard Ins. Co.,*
  214 F. Supp. 2d 1062 (C.D. Cal. 2000) ............................................... 7

*Multimedia Patent Trust v. Microsoft Corp.,*
  525 F. Supp. 2d 1200 (2007)......................................................... 7, 8, 10

*North Star Int'l v. Arizona Corp. Comm'n,*
  720 F.2d 578 (9th Cir. 1983)........................................................... 3, 8

*Pacific Gas & Elec. Co. v. Bear Stearns & Co.,*
  50 Cal. 3d 1118 (1990) ................................................................. 2, 4, 5

*People v. Toomey,*
  157 Cal. App. 3d 1 (1984)............................................................... 10

*Podolsky v. First Healthcare Corp.,*
  50 Cal. App. 4th 632 (1996) ............................................................ 7

i

**TABLE OF AUTHORITIES**

**Page**

*Rubin v. Green*,
    4 Cal. 4th 1187 (1993) ................................................................................... 6

*Silberg v. Anderson*,
    50 Cal. 3d 205, 214 (1990) ........................................................................... 6

*South Bay Chevrolet v. Gen. Motors Acceptance Corp.*,
    72 Cal. App. 4th 861 (1999) ......................................................................... 8

*State Farm Fire & Cas. Co. v. Superior Court*,
    45 Cal. App. 4th 1093 (1996) ....................................................................... 7

*Visto Corp. v. Sproqit Techs., Inc.*,
    360 F. Supp. 2d 1064 (N.D. Cal. 2005) ................................................. 2, 5, 6

**STATUTES**

Cal. Bus. & Prof. Code §17200, *et. seq* ........................................................... 2

Cal. Bus. & Prof. Code § 17200 ....................................................................... 6

Cal. Bus. & Prof. Code § 17204 (emphasis added) .......................................... 9

Federal Rule of Civil Procedure 12(b)(6) ..................................................... 2, 3

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on September 5, 2008 at 9:00 a.m. in Courtroom 6 of the above court, located at 280 South First Street, San Jose, California, defendants Alexa Internet, Inc. and Niall O'Driscoll will move for dismissal of the third claim for relief in the complaint filed by plaintiff Girafa.com, Inc.  Pursuant to the San Jose Division Standing Order Regarding Case Management in Civil Cases, Defendants have confirmed Plaintiff's availability for this date.

Defendants' motion will be brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the plaintiff's complaint fails to state facts sufficient to support the third claim for relief.

I.        **INTRODUCTION AND ISSUES TO BE DECIDED.**

Plaintiff Girafa.com, Inc. ("Girafa") alleges in its third claim for relief that defendant Alexa Internet, Inc. filed a meritless patent infringement lawsuit in Texas (the "Texas Action"), and that the filing and prosecution of the Texas Action constitutes "unlawful, unfair and fraudulent conduct" under California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §17200, *et. seq.*  (Complaint, ¶¶ 33, 35.)  The issue before the Court is whether Girafa can state a UCL claim based on Alexa's filing and prosecution of another lawsuit while that underlying lawsuit is still pending.  The answer is "no."

Girafa admittedly filed this action in response to and as a collateral attack on the Texas Action.  (Complaint, ¶¶ 9-20.)  Girafa's first two claims for relief seek declarations of non-infringement and invalidity of the same patent already at issue in Texas – claims that should have been asserted as counterclaims in the Texas Action.  (Complaint, ¶¶ 9, 21-31.)  In Girafa's third claim for relief, it alleges that Alexa and its CEO, Niall O'Driscoll ("O'Driscoll"), violated the UCL by filing the Texas Action in the first place.  Girafa also has filed a motion in Texas to transfer the Texas Action to this Court.  That claim, which is the subject of this motion, was unquestionably included in an attempt by Girafa to make its motion to transfer the first-filed Texas case here appear to have a modicum of merit.  It does not—Alexa has opposed it, and contemporaneously with this motion is filing a motion to transfer this case to Texas or, in the alternative, to dismiss it in lieu of the Texas case.  Alexa also is moving to dismiss the unfair competition claim under Fed.R.Civ.P 12(b)(6).

Girafa's third claim is not only a transparent attempt to fabricate a basis for moving the patent case from Texas, it also is barred under California law.  In *Pacific Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1124 (1990) ("*PG&E*"), the California Supreme Court held that claims alleging bad-faith filing and prosecution of a lawsuit cannot be brought until termination of the underlying suit.  At least two judges in this very Court have relied on *PG&E* to dismiss claims nearly identical to Girafa's UCL claim.  *See Formula One Licensing, B.V. v. Purple Interactive Ltd.,* No. C 00-2222 MMC, 2001 U.S. Dist. LEXIS 2968 (N.D. Cal. 2001); *Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1065 (N.D. Cal. 2005).

1   Aside from the fact that it is premature, Girafa's UCL claim also fails because Girafa has

2   not alleged the basic factual predicates for "unlawful, unfair and fraudulent" business practices:

3   - Girafa has not alleged that Alexa violated some other law or statute—the basic

4     requirement of pleading an "unlawful" practice;

5   - Girafa has not alleged that Alexa's conduct threatens to harm competition—a

6     necessary predicate to an "unfair" practice; and

7   - Girafa has not alleged that Alexa engaged in misleading conduct or that Girafa

8     acted in reliance on such misleading conduct—Girafa therefore has no claim for

9     "fraudulent" business practices.

10  Finally, Girafa has not alleged facts to support a claim for relief against O'Driscoll

11  individually.  Even if Girafa could otherwise state a UCL claim based on the filing and

12  prosecution of the Texas Action, it is Alexa, not O'Driscoll, that is the plaintiff in Texas.

13  **II.    LEGAL ARGUMENT.**

14  **A.    Standard of Decision.**

15  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

16  sufficiency of a claim. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated on other*

17  *grounds, Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955 (2007).  Rule 12(b)(6) permits

18  dismissal either where a claim lacks a cognizable legal theory, or where insufficient facts are

19  alleged to support a legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

20  1990).

21  Although a complaint need not provide detailed factual allegations to survive a 12(b)(6)

22  motion, a plaintiff must allege "more than labels and conclusions" or a "formulaic recitation of

23  the elements of a cause of action." *Bell Atl.*, 127 S.Ct. at 1964-65.  Instead, the complaint must

24  set out factual allegations which, when taken as true, would give rise to a right to relief. *Id*. at

25  1965.

26  Dismissal under Rule 12(b)(6) is proper if a claim is vague, conclusory, and fails to set

27  forth any material facts in support of the allegation.  *See North Star Int'l v. Arizona Corp.*

28  *Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).  Moreover, a court may not resort to liberal

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF
UNDER FRCP 12(b)(6); CV 08-02745 RMW

1    interpretation to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd.*

2    *of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

3          **B.**    <u>**Girafa Cannot Base a UCL Claim on Alexa's Filing and Prosecution of the**</u>
                <u>**Still-Pending Texas Action.**</u>

4

5           Girafa's claim under the UCL is premised entirely on Alexa's filing and prosecution of

6    the Texas Action.  In essence, Girafa alleges that that suit is a "meritless action brought in bad

7    faith," and that Alexa and O'Driscoll "have committed and continue to commit … unlawful,

8    unfair and fraudulent conduct" as a result of their initiation and continued litigation of the Texas

9    Action.

10          In *Pacific Gas & Elec.*, 50 Cal. 3d at 1124, the California Supreme Court reiterated the

11   strong public policy in favor of providing access to the courts.  The Court held that that claims

12   based on the filing and prosecution of a lawsuit cannot be brought until the termination of that

13   underlying suit.  Girafa's claim runs directly afoul of the policy and holding of *PG&E.*

14          In *PG&E*, plaintiff PG&E sued Bear Stearns for intentional interference with contractual

15   relations and prospective business advantage.  PG&E's suit was premised on Bear Stearns

16   advising the Placer County Water Agency of grounds under which the Water Agency could

17   legally terminate a contract for the sale of hydroelectric power to PG&E.  *Id.*  As a result of the

18   advice from Bear Stearns, the Water Agency initiated an action for declaratory relief to seek a

19   determination that it could legally terminate the contract.  *Id.*  PG&E responded by suing Bear

20   Stearns for intentional interference.  *Id.*

21          In reviewing a ruling on demurrer, the California Supreme Court held that PG&E could

22   ***not*** state an interference claim by alleging that the pending litigation itself made performance of

23   the contract more expensive or burdensome.  *Id*. at 1127.  The Court held that because the only

24   damages then alleged by PG&E were expenses incurred in responding to the declaratory relief

25   action, PG&E could only pursue such a claim if and when the underlying lawsuit terminated in its

26   favor.  *Id.* at 1130-31.

27   ///

28   ///

- 4 -

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF
UNDER FRCP 12(b)(6); CV 08-02745 RMW

1    In reaching this holding, the California Supreme Court reasoned that, "[u]nder existing

2  law, the only common law tort claim that treats the instigation or bringing of a lawsuit as an

3  actionable injury is the action for malicious prosecution," and that there were high barriers to the

4  assertion of such a claim:  "[A] plaintiff in a malicious prosecution action must prove that the

5  prior action was brought without probable cause and was pursued to a legal termination in

6  plaintiff's favor." *Id.* at 1130-31.  The Court explained that these limitations are "essential to

7  assure free access to the courts," and that given the importance of this policy, it would be

8  "repugnant" to allow a claim for intentional interference when the only interference was the

9  inducement of still-pending litigation.  *Id.* at 1131, 1137.  The Court ultimately concluded that

10  such a claim for interference must be subject to the same limitations as a claim for malicious

11  prosecution:  "[A] plaintiff seeking to state a claim for intentional interference with contract or

12  prospective economic advantage because defendant induced another to undertake litigation, must

13  allege that the litigation was brought without probable cause and that the litigation concluded in

14  plaintiff's favor." *Id.*

15    This Court has applied *PG&E* to dismiss claims similar to the claims now asserted by

16  Girafa.  In *Formula One*, 2001 U.S. Dist. LEXIS 2968, the defendant responded to a trademark

17  infringement case by asserting counterclaims for interference with existing and prospective

18  economic advantage, alleging that it had been damaged by the plaintiffs' assertion of allegedly

19  baseless infringement claims.  Judge Chesney relied on *PG&E* to hold that since the interference

20  claims were based on the still-pending lawsuit itself, "such claims [were] premature." *Id.* at *15.

21  Where the action was still pending, the defendant could not satisfy the prerequisite that the action

22  had concluded in its favor.  *Id.*

23    In *Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1065 (N.D. Cal.), Visto sued

24  Sproqit for patent infringement.  Sproqit responded by filing counterclaims for, among other

25  things, interference with prospective economic advantage and defamation.  Sproqit alleged that

26  Visto's claims of patent infringement were meritless and that its business had been damaged by

27  Visto's lawsuit and by pre-suit claims of infringement and threats of litigation.  *Id.*  In ruling on

28  Visto's motion to dismiss, Magistrate Judge Chen applied *PG&E* to hold that Sproqit's

- 5 -

1    counterclaims ran afoul of "the need to assure free access to the courts," that they were

2    "premature," and that they could only be asserted if and when the Sproqit "prevail[ed] in

3    defeating the patent infringement suit." *Id.* at 1072.

4        Girafa's UCL claim is functionally identical to the counterclaims dismissed in *Formula*

5    *One* and *Visto Corp.* Like the defendants in those cases, Girafa is attempting to state a claim for

6    relief by alleging that it is the subject of a meritless lawsuit. (Complaint, ¶ 33.) And like the

7    infringement claims at issue in *Formula One* and *Visto Corp.*, the underlying infringement claims

8    asserted by Alexa are still pending. The fact that Girafa asserts a statutory UCL claim rather than

9    a common-law tort is immaterial. *Rubin v. Green*, 4 Cal. 4th 1187, 1203 (1993).

10       Girafa alleges that the Texas Action is a "meritless action brought in bad faith."

11   (Complaint, ¶ 33.) But as the California Supreme Court has counseled, the merit of the Texas

12   Action is to be resolved in the Texas Action itself: "[T]he original litigation itself provides an

13   efficient forum in which to 'expos[e] during trial the bias of witnesses and the falsity of evidence,

14   thereby enhancing the finality of judgments and avoiding an unending roundelay of litigation …."

15   *Rubin*, 4 Cal. 4th at 1054 (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 214 (1990)).

16       By filing its UCL claim, Girafa is attempting to engage in the very "unending roundelay

17   of litigation" that the California Supreme Court has denounced as "evil." *Rubin*, 4 Cal. 4th at

18   1054. California law simply does not allow a defendant to challenge the merits of pending

19   litigation in a collateral and derivative lawsuit. Girafa's UCL claim must therefore be dismissed.

20       **C.    Girafa Has Not Alleged Substantive Facts to Support Its UCL Claim.**

21       In addition to being premature, Girafa's UCL claim is more substantively flawed. Girafa

22   has not alleged the basic factual predicates for "unlawful, unfair and fraudulent" business

23   practices.

24       The UCL generally proscribes "unfair competition," which it defines to "mean and

25   include any unlawful, unfair or fraudulent business act or practice …." Cal. Bus. & Prof. Code

26   § 17200. Because the UCL uses disjunctive language, "it establishes three varieties of unfair

27   competition—acts or practices which are unlawful, or unfair, or fraudulent . In other words, a

28

- 6 -

1   practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa." *Podolsky v.*

2   *First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996).

3       Girafa attempts to state claims for relief on all three prongs of the UCL, alleging that

4   "ALEXA and O'DRISCOLL have committed and continue to commit … unlawful, unfair and

5   fraudulent conduct …." (Complaint, ¶ 35.)   Girafa's factual allegations do not support this

6   conclusory assertion.

7       1.    "**Unlawful Business Practices – Girafa Fails to Allege Violation of**
            **Some Other Law.**

8

9       The first substantive prong of the UCL—proscribing "unlawful" business practices—

10  "borrows violations of other laws and . . . makes [them] independently actionable." *State Farm*

11  *Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (1996).  Violation of some other

12  law is the critical element of an "unlawful" business practice.

13      In order to adequately plead a claim for relief, a plaintiff must actually describe how the

14  conduct is unlawful.  A claim is insufficient where it fails to identify the "statute, regulation or

15  law" which the defendant allegedly violated. *Bernardo v. Planned Parenthood Fed'n of Am.*, 115

16  Cal. App. 4th 322, 352 (2004); *see also Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th

17  612, 619 (holding demurrer properly sustained where complaint failed to describe how practice

18  was "unlawful"); *Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1217 (2007)

19  (citing *Khoury* for 17200 pleading standard on 12(b)(6) motion); *Marshall v. Standard Ins. Co.*,

20  214 F. Supp. 2d 1062, 1071 (C.D. Cal. 2000) (claim dismissed where party failed to specify how

21  practices were unlawful).

22      In this case, Girafa makes absolutely no attempt to describe how the defendants' conduct

23  is unlawful.   Girafa does not identify any statute, regulation or law which either Alexa or

24  O'Driscoll violated in filing the Texas Action. (Complaint, ¶ 35.)  Girafa cannot even point to its

25  other claims for a predicate since they seek only declaratory relief regarding non-infringement

26  and validity of a patent—those other claims do not allege violation of any law.  (Complaint,

27  ///

28  ¶¶ 21-31.)  Simply put, Girafa has not alleged any unlawful conduct, and it has no claim for

- 7 -

1    "unlawful" business practices.

2              **2.    Unfair Business Practices – Girafa Fails to Allege Violation of**
                        **Antitrust Law Or Policy.**
3

4              Girafa's claim under the UCL for "unfair" business practices must be based on "conduct

5    that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of

6    those laws because its effects are comparable to or the same as a violation of the law" or on

7    allegations that "[the conduct] otherwise significantly threatens or harms competition." *Cel-Tech*

8    *Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). As is the case

9    under the other prongs of the UCL, a plaintiff asserting a claim of "unfair" business practices

10   must "state with reasonable particularity the facts supporting the statutory elements of the

11   violation." *Multimedia Patent Trust*, 525 F. Supp. 2d at 1217 (2007) (quoting *Khoury*, 14 Cal.

12   App. 4th at 619).

13             In this case, Girafa does not plead any facts to satisfy the statutory elements of a claim for

14   "unfair" business practices. Girafa does not identify any antitrust law or policy that Alexa or

15   O'Driscoll have violated, and Girafa does not allege any actual facts regarding a threat to

16   competition engendered by their conduct. Girafa makes a conclusory statement that Alexa and

17   O'Driscoll have engaged in "anticompetitive" conduct, but does not state how the conduct is

18   anticompetitive. (Complaint, ¶ 35.) Girafa does not identify any relevant product or geographic

19   markets, nor does it describe how any competition in such a market might be harmed. *Bell Atl.*,

20   127 S.Ct. at 1964-65 (holding that to survive motion to dismiss, plaintiff must allege "more than

21   labels and conclusions"); *North Star Int'l*, 720 F.2d at 583 (holding dismissal proper where claim

22   based on vague and conclusory allegations).

23             **3.    "Fraudulent" Business Practices – Girafa Fails to Allege Deceptive**
                        **Conduct or Reliance.**
24

25             In order to state a claim for "fraudulent" business practices, a plaintiff must, at the very

26   least, allege some conduct that would be likely to deceive. *South Bay Chevrolet v. Gen. Motors*

27   *Acceptance Corp.*, 72 Cal. App. 4th 861, 865 (1999). The only conduct Girafa alleges in its UCL

28   claim is the filing of the Texas Action. (Complaint, ¶ 33.) Girafa does not explain how the filing

                                                     - 8 -

1  of this particular lawsuit was a misleading or deceptive act (or how the filing of any lawsuit could

2  be a misleading or deceptive).

3      Just as important, in order to have standing to assert a claim for fraudulent business

4  practices, a plaintiff must have acted in reliance on the false or fraudulent conduct of the

5  defendant.  Section 17204 of the UCL states that in order to have standing, a plaintiff must have

6  "suffered injury in fact ... *as a result of*" the challenged business practice.  Cal. Bus. & Prof. Code

7  § 17204 (emphasis added).   This language in the context of an alleged fraudulent business

8  practice requires the defendant to allege causation in terms of actual reliance and actual injury.

9  *See, e.g., Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (no standing

10  where plaintiffs did not allege reliance on allegedly false or misleading advertising).

11      Even if the filing of the Texas Action could somehow be deemed to be deceptive, Girafa

12  does not allege that it was actually deceived or that it detrimentally relied as a result.  Girafa does

13  not allege "injury … 'as a result of' any misrepresentation" by Alexa or O'Driscoll, and Girafa

14  therefore lacks standing to assert a claim for "fraudulent" business practices.  *O'Brien*, 161 Cal.

15  App. 4th at 404-05.

16  **D.    Girafa Has Not alleged Facts Sufficient to State a UCL Claim for Relief
17      Against Niall O'Driscoll.**

18      The entire basis of Girafa's UCL claim is the filing and prosecution of the Texas Action.

19  (Complaint, ¶ 33.)   And Girafa admits that defendant Alexa filed that lawsuit—there is no

20  allegation that O'Driscoll is a plaintiff in the Texas Action.  Instead, Girafa asserts its UCL claim

21  against O'Driscoll based on allegations that he "is the Chief Executive Officer of ALEXA" and

22  that he "knowingly encouraged, induced, authorized, aided and abetted the filing of the Texas

23  action …."  (Complaint, ¶¶ 3, 33.)  These conclusory allegations are not sufficient to state a claim

24  for relief.

25  ///

26  ///

27  ///

28  ///

1    An owner or officer of a corporation may be individually liable under the UCL for actions

2    taken by a corporation, but only "if he or she actively and directly participate[d] in the unfair

3    business practice." *Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1448 (2008).  In *People v.*

4    *Toomey*, 157 Cal. App. 3d 1, 15-16 & n. 5 (1984), the California Court of Appeal held that the

5    owner and managing principal of a corporation could be held liable under the UCL where he

6    "personally participated in the misleading advertising" and where he dominated and controlled

7    the company—"Toomey was in essence, the company."

8    Unlike the situation in *Toomey*, where the individual defendant personally made the false

9    and misleading representations that were the subject of the claim, Girafa does not and cannot

10    allege that O'Driscoll personally filed the Texas Action—Alexa is the plaintiff in that case, not

11    O'Driscoll.  (Complaint, ¶¶ 9, 33.)  Also in contrast to the facts in *Toomey*, Girafa makes no

12    allegation that O'Driscoll so dominates and controls Alexa such that the two are one in the same.

13    Girafa has not alleged any facts to show that O'Driscoll directly participated in the alleged

14    UCL violations.  The UCL claims against O'Driscoll individually should therefore be dismissed

15    on this additional basis. *Multimedia Patent Trust*, 525 F. Supp. 2d at 1217 (2007) (holding facts

16    supporting UCL claim must be alleged with "reasonable particularity"); *see also Khoury*, 14 Cal.

17    App. 4th at 619.

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

- 10 -

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF
UNDER FRCP 12(b)(6); CV 08-02745 RMW

III.    **CONCLUSION**

Girafa's UCL claim based on the filing of the Texas Action is both premature and substantively flawed. Girafa cannot assert UCL claims based on alleged bad faith unless and until the Texas Action is concluded in its favor. More fundamentally, Girafa has not even alleged facts to support claims of "unlawful, unfair and fraudulent" business practices against either Alexa or O'Driscoll. The Court should therefore dismiss Girafa's third claim for relief.

Dated: July 15, 2008

DLA PIPER US LLP

By /s/ Elizabeth Day
ELIZABETH DAY, Bar No. 177125
elizabeth.day@Dlapiper.Com
GREGORY J. LUNDELL, Bar No. 234941
greg.lundell@Dlapiper.Com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

JOHN R. HURLEY, Bar No. 203641
john.hurley@Dlapiper.Com
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, Ca  94107-1957
Tel: 415.836.2500
Fax: 415.836.2501

THOMAS G. PASTERNAK (pro hac vice pending)
thomas.pasternak@Dlapiper.Com
R. DAVID DONOGHUE, (pro hac vice pending)
david.donoghue@Dlapiper.Com
DLA PIPER US LLP
203 North Lasalle Street, Suite 1400
Chicago, Il 60601-1293
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys For Defendants
ALEXA INTERNET, INC. and NIALL O'DRISCOLL

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF
UNDER FRCP 12(b)(6); CV 08-02745 RMW