John B. Scherling (SBN 122234)
Scott H. Davison (SBN 228807)
SUGHRUE MION, PLLC
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: 619.238.3545
Facsimile: 619.238.4931
jscherling@sughrue.com
sdavison@sughrue.com

William H. Mandir (admitted *pro hac vice*)
John F. Rabena (admitted *pro hac vice*)
Carl J. Pellegrini (admitted *pro hac vice*)
Chandran B. Iyer (admitted *pro hac vice*)
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: 202.293.7060
Facsimile: 202.293.7860
wmandir@sughrue.com
jrabena@sughrue.com
cpellegrini@sughrue.com
cbiyer@sughrue.com

Attorneys for Plaintiff
GIRAFA.COM, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GIRAFA.COM, INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>ALEXA INTERNET, INC.; NIALL O'DRISCOLL,<br><br>     Defendants. | Case No.: 08-2745 RMW (RS)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY**<br><br>Date: September 5, 2008<br>Time: 9:00 a.m.<br>Dept: 6, 4th Floor<br>Judge: Honorable Ronald M. Whyte |

Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... I

I. INTRODUCTION AND ISSUES TO BE DECIDED ........................................... 1

II. FACTUAL BACKGROUND .................................................................................. 2

III. LEGAL ARGUMENT ............................................................................................. 4

    A. The First-to-File Doctrine Does Not Warrant Dismissal, Transfer or Stay ................. 4

        1. The First-to-File Doctrine is Discretionary ........................................ 4

        2. The Exceptions to the First-to-File Doctrine Do Not Warrant Transfer ........... 5

            a. Bad Faith .................................................................... 5

            b. Forum Shopping ............................................................ 6

            c. Convenience ................................................................ 6

    B. Transfer Is Not Appropriate Under §1404 ............................................ 7

        1. This Action Could Not Have Been Commenced in Texas ............................ 7

        2. Texas is Inconvenient for the Parties and Witnesses ........................................ 8

            a. PRIVATE FACTORS ....................................................... 8

                i. Relative Ease of Access to Proof ........................................... 8

                ii. Availability of Compulsory Process to Secure Witnesses' Attendance .............. 11

                iii. Willing Witnesses' Cost of Attendance ................................. 12

            b. PUBLIC INTEREST FACTORS ........................................... 12

                i. Administrative Difficulties Flowing From Court Congestion ...................... 12

                ii. Localized Interests in Resolving the Controversy .................. 12

                iii. Forum's Familiarity With the Governing Law and Conflict of Laws ............... 12

IV. CONCLUSION ...................................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**

*Alltrade, Inc. v. Uniweld Products, Inc.*,
    946 F.2d 622 (9th Cir. 1991) ................................................................................4, 5

*Bayer AG & Bayer Corp. v. Schein Pharms., Inc.*,
    301 F.3d 1306 (Fed. Cir. 2002) ..................................................................................... 9

*CoxCom, Inc. v. Hybrid Patents Inc.*,
    2007 U.S.Dist. LEXIS 67168 (N.D.Cal. 2007) ...................................................1, 10

*Dana Corp. v. IPC Ltd. Pshp.*,
    860 F.2d 415 (Fed. Cir. 1988) ..................................................................................... 9

*Dea O'Hopp, et al. v. Contifinancial Corp.*,
    88 F.Supp.2d 31 (E.D.N.Y. 2000) ..........................................................................4, 5

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th cir. 1985) ........................................................................................ 8

*Ellis v. Costco Wholesale Corp.*,
    372 F.Supp.2d 530 (N.D.Cal. 2005) ............................................................................ 8

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,
    179 F.R.D. 264 (C.D.Cal. 1998) .................................................................................. 5

*Inherent.com v. Martindale-Hubbell*,
    420 F.Supp.2d 1093 (N.D.Cal. 2006) .......................................................................... 5

*Intuitive Surgical, Inc. v. Cal. Institute of Tech.*,
    2007 U.S.Dist. LEXIS 31753 (N.D.Cal. 2007) ............................................................ 6

*Langford v. Ameritanz, Inc.*,
    2006 U.S.Dist. LEXIS 32823 (E.D.Cal. 2006) ..........................................................11

*London & Hull Maritime Insurance Co. v. Eagle Pac. Insurance Co.*,
    1996 U.S.Dist. LEXIS 22893 (N.D.Cal. 1996) ............................................................ 7

*Los Angeles Memorial Coliseum Com. v. National Football League*,
    89 F.R.D. 497 (C.D.Cal. 1981) .................................................................................... 8

*Saleh v. Titan Corp.*,
    361 F.Supp.2d 1152 (S.D.Cal. 2005) ........................................................................... 8

*Serco Services Co. L.P. v. Kelley Co.*,
    51 F.3d 1037 (Fed. Cir. 1995) ..................................................................................... 4

-ii-    Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)

*Silent Drive, Inc. v. Strong Industrial, Inc.*,
    326 F.3d 1194 ((Fed. Cir. 2003) .................................................................................. 7

*Ward v. Follett Corp.*,
    158 F.R.D. 645 (N.D.Cal. 1994) .................................................................................. 6

**STATUTES**

35 U.S.C. § 112 ........................................................................................................................ 9

28 U.S.C. § 1404 ................................................................................................................... 1, 6

**OTHER**

Wright, Miller & Cooper, *Federal Practice and Procedure 2d* § 3851 ......................................... 8

-iii-    Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)

## I.  INTRODUCTION AND ISSUES TO BE DECIDED

If ever there was a case that belonged in this Court (rather than the Eastern District of Texas, where defendants seek venue), it is this one. Multiple undisputed facts demonstrate the depth of this district's connection to the issues and evidence in this litigation and the absence of virtually any link to Texas:  (1) defendant Alexa Internet, Inc. ("Alexa") has its one and only place of business in San Francisco; (2) Alexa has and no offices or employees in the Eastern District of Texas; (3) Alexa's CEO (and co-defendant) Niall O'Driscoll ("O'Driscoll") is, upon information and belief, a resident of the Northern District of California and does not have any property or other interests in the Eastern District of Texas; (4) plaintiff Girafa.com, Inc. ("Girafa") is a Delaware Corporation having its principal place of business in Ramat Gan, Israel; (5) Girafa does not have any offices, employees, properties or other interests in the Eastern District of Texas; (6) the patent asserted in this case, U.S. Patent No. 6,282,548 ("the '548 patent"), was conceived of in this district and prosecuted by an attorney presently working in this district, and most of the inventors also reside in this district; and (7) this lawsuit implicates a California unfair competition claim that cannot be as effectively or efficiently litigated in Texas as in this district.

Despite having virtually no connection to Texas, defendants argue that this case should be transferred to the Eastern District of Texas. Defendants' principal argument is based on the "first-to-file" doctrine.  As discussed below, application of the first-to-file doctrine, relied upon by defendants, actually militates against transfer.  Defendants' reliance on 28 U.S.C. § 1404 in support of transfer also is misplaced, as a proper analysis under this statutory provision, which is primarily concerned with convenience of parties and witnesses, demonstrates that transfer to the Eastern District of Texas is not warranted. The mere fact that most of the party and non-party witnesses are in this district (and have no relation to Texas) overwhelmingly supports the conclusion that this jurisdiction is a more convenient venue, thereby compelling a finding that the action remain in this district.

Defendants' reliance on *CoxCom, Inc. v. Hybrid Patents Inc.*, 2007 U.S.Dist. LEXIS 67168 (N.D.Cal. 2007), a case they highlight in their Introduction, is curious at best. Defendants argue that

1    Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)

this action should be transferred, following *CoxCom*, because both cases have "nearly the exact same set of circumstances." Defendants' Motion to Dismiss, Transfer or Stay at 2. Defendants, however, are flat wrong. Far from finding "nearly the exact same set of circumstances," Judge Chesney transferred the *CoxCom* case from this Court because neither of the parties nor any of the witnesses resided in California, dispositive facts that Alexa fails to mention in its brief. Far from having "nearly the exact same set of circumstances," the instant action has significantly different facts from *CoxCom*. As noted above and discussed in greater detail below, both defendants in this case reside in the Northern District of California and most of the witnesses are here as well.

For these reasons, which are discussed in greater detail below, it is respectfully requested that defendants' motion to dismiss, transfer or stay this action be denied.

## II.     FACTUAL BACKGROUND

As alleged in Girafa's complaint herein, on December 5, 2007 Girafa filed a complaint in the United States District Court for the District of Delaware alleging infringement by, among others, Alexa, of U.S. Patent No. 6,864,904 ("the '904 patent"). *See* Exhibit D.[1] On March 13, 2008, Girafa filed a motion for preliminary injunction against several parties, including Alexa, in the Delaware action. *See* Exhibit O. Approximately one week thereafter, on March 21, 2008, Alexa retaliated by filing an action against Girafa in the United States District Court for the Eastern District of Texas for the alleged infringement of U.S. Patent No. 6,282,548 ("the '548 patent"). *See* Exhibit E. Subsequently, on June 2, 2008, Girafa commenced the instant action in this district. Girafa's lawsuit seeks a declaration of non-infringement and invalidity of the '548 patent, while also alleging that, by filing this retaliatory and ultimately frivolous action, Alexa and Mr. O'Driscoll have

---

[1]   Copies of all referenced exhibits including, for the Court's convenience, copies of unreported decisions cited herein, are included as exhibits to the Declaration of John B. Scherling in Support of Plaintiff's Oppositions to Defendants' (1) Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. P. 12(b)(6), (2) Special Motion to Strike Plaintiff's Third Claim for Relief and (3) Motion to Dismiss, Transfer or Stay.

-2-    Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)

engaged in unfair competition against Girafa. *Id.*[2]

Plaintiff Girafa is a privately-held company incorporated under Delaware law and having its principal place of business in Israel. *See* Exhibit P (June 2, 2008 Declaration of Shirli Ran) ¶ 3.[3] Girafa does not hold any business licenses issued by the State of Texas. Exhibit P at ¶ 4. It has no offices, employees or registered agents in Texas. Exhibit P at ¶¶ 5-8. Girafa has also not made any sales presentations for the accused system in Texas. Exhibit P at ¶ 9. Girafa, likewise, has no bank accounts and no real property in Texas. Exhibit P at ¶¶ 7-8. Girafa provides its thumbnail services using servers located in Weehawken, New Jersey. Exhibit P at ¶ 10.

Defendant Alexa is a California corporation having its principal place of business in San Francisco. Alexa also does not have any offices or employees in the Eastern District of Texas. Likewise, upon information and belief, Alexa's CEO Mr. O'Driscoll is a resident of the Northern District of California and does not have any property or other interests in the Eastern District of Texas. Moreover, upon information and belief, the invention claimed in the '548 patent was neither conceived of nor reduced to practice in Texas and none of the inventors reside in Texas. The '548 patent was prosecuted by an attorney who is believed to currently reside in California, but no longer represents Alexa. Also, upon information and belief, Alexa's internal decision to commence the Texas action, which is the subject of Girafa's unfair competition claim, was made in this district and not Texas.

In view of these facts, which demonstrate a strong connection to California and no connection to Texas, Girafa commenced the instant action against Alexa and its CEO in this venue because this is where Alexa maintains its principal place of business and where Mr. O'Driscoll resides. The facts of Girafa's unfair competition allegation against Mr. O'Driscoll and Alexa are

---

[2]   Based on the facts that (1) litigating this action in the Northern District of California is more convenient for the parties and witnesses and (2) no evidence exists in Texas, Girafa has made a motion in the Eastern District of Texas seeking transfer of the Texas action to this district. The briefing on that motion is nearly concluded. No date has been set by the Court for a hearing.

[3]   Exhibit P was submitted in the Texas action in support of Girafa's motion to transfer.

-3-                    Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)

significantly intertwined with the facts surrounding Alexa's '548 patent allegations. Girafa therefore commenced its action in California because, *inter alia*, Texas does not have personal jurisdiction over Mr. O'Driscoll, a California resident. Accordingly, the Northern District of California is the appropriate venue for addressing any issues stemming from the '548 patent and the related unfair competition claim against Mr. O'Driscoll and Alexa. Therefore, Girafa respectfully requests that defendants' motion be denied in its entirety.

### III.   LEGAL ARGUMENT

#### A.   The First-to-File Doctrine Does Not Warrant Dismissal, Transfer or Stay

##### 1.   The First-to-File Doctrine is Discretionary

Alexa's primary argument is that this action should be dismissed, transferred or stayed on the basis of the first-to-file doctrine. Alexa's treatment of the first-to-file rule is overly simplistic and, thus, their reliance on this doctrine is misplaced.

In its motion, Alexa fails to mention that "[t]he most basic aspect of the first-to-file rule is that it is ***discretionary***[.]" *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (emphasis added). The first filed rule "is not to be applied in a mechanical way regardless of other considerations." *Dea O'Hopp, et al. v. Contifinancial Corp.*, 88 F.Supp.2d 31 (E.D.N.Y. 2000); s*ee also Alltrade, Inc.*, 946 F.2d at 627-628 (holding that the first-to-file rule should not be applied as a "rigid mechanical solution."). In other words, the first-to-file rule is ***merely one factor*** among many to be considered in the analysis of the proper forum. *See Serco Servs. Co. L.P. v. Kelley Co.*, 51 F.3d 1037, 1040 (Fed. Cir. 1995) (affirming district court decision dismissing earlier-filed action based on, *inter alia*, convenience of parties.); *Alltrade, Inc.*, 946 F.2d at 628 (holding that first filing must still be balanced with other factors). The three threshold factors to consider when determining whether first-to-file analysis is warranted are: (1) the chronology of the actions;

1  (2) the identity of the parties involved; and (3) the similarity of the issues at stake.[4] *Alltrade, Inc.*,
2  946 F.2d at 625.
3        Due to its equitable nature, the first-to-file rule also has several notable exceptions. "[T]he
4  Court may, in its discretion, rely on equitable grounds such as when the filing of the first suit
5  evidences bad faith, anticipatory suit, or forum shopping,' to determine whether to depart from the
6  first-to-file rule." *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D.Cal. 2006);
7  *Alltrade, Inc.*, 946 F.2d at 628 ("[D]istrict court judges can, in the exercise of their discretion,
8  dispense with the first-filed principle for reasons of equity.") "A court may also relax the first-to-file
9  rule if 'the balance of convenience weighs in favor of the later-filed action.'" *Guthy-Renker Fitness,*
10 *L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D.Cal. 1998); *see also Dea O'Hopp, et*
11 *al.*, 88 F.Supp.2d at 35 (holding that "the first-filed doctrine ***does not supersede***" the balance of
12 convenience inquiry required under §1404(a).") (emphasis added).

13     **2.**    **<u>The Exceptions to the First-to-File Doctrine Do Not Warrant Transfer</u>**

14       As discussed below, the bad faith exception, the forum shopping exception and the
15 convenience exception apply to preclude application of the first-to-file doctrine in this case.

16     **a.**    **<u>Bad Faith</u>**

17       As detailed in Plaintiff's Opposition to Defendants' Special Motion to Strike Plaintiff's Third
18 Claim for Relief at pages 14-21, contemporaneously filed and respectfully incorporated herein by
19 reference, Alexa commenced the Texas action in bad faith. Alexa has not only commenced a
20 frivolous lawsuit, but chose to do so in a venue that has virtually no connection to the parties,

---

[4]     The application of the first filed doctrine is dubious since Alexa does not show that some of the thresholds are met. At the very least, the identities of the parties and the issues are not the same. While Girafa readily notes that it and Alexa are identical parties in the Texas and California action, the inquiry does not end there. Girafa has alleged a viable claim of unfair competition against Alexa's CEO Mr. O'Driscoll in this action. Mr. O'Driscoll is not a party to the Texas action. Therefore, the identities of the parties are not the same. Likewise, the issues in both actions are not identical. While both the California and Texas actions involve claim of patent infringement, the instant action also involves an unfair competition claim. For this reason, the issues, although intertwined, are not identical.

witnesses or evidence. Alexa can only have commenced its frivolous lawsuit in order to, *inter alia*, distract Girafa from prosecuting the Delaware action, gain some leverage in that case, and, even more fundamentally, attempt to put Girafa out of business. Also, Alexa seeks to litigate this case in Texas in order to harass Girafa by, among other things, making it more difficult for Girafa to gather and present at trial relevant evidence. Additionally, Alexa knew, or the most cursory reasonable investigation would have revealed, that Alexa has no reasonable expectation of a favorable outcome in the Texas action.

The bad faith exception is designed to ensure that parties are not rewarded for engaging in exactly such conduct. Therefore, this exception precludes application of the first-to-file doctrine.

### b.  Forum Shopping

Alexa's decision to commence its lawsuit in the Eastern District of Texas is a text book example of forum shopping: neither Alexa nor Girafa has offices, employees or property of any sort in Texas, let alone in the Eastern District of Texas. Likewise, Mr. O'Driscoll has no relation with Texas. Alexa is bent upon litigating in Texas for what only can be some strategic reason, which most likely is to inconvenience Girafa as much as possible. Alexa does not offer any explanation as to why it seeks to avoid litigating in this -- its home -- district, where almost of the activities underlying the dispute arose, where virtually all of the witnesses reside and which has the greatest local interest in the resolution of this dispute. It is apparent from Alexa's conduct that it is engaging in improper forum shopping. For this reason, the forum shopping exception prevents the application of the first-to-file doctrine.

### c.  Convenience

The analysis to determine the application of this exception is analogous to the 28 U.S.C. § 1404(a) analysis. *See Intuitive Surgical, Inc. v. Cal. Inst. of Tech.*, 2007 U.S. Dist. LEXIS 31753, *5-6 (N.D.Cal. 2007) (Exhibit Q). Contrary to Alexa's contention in its brief, this analysis can be, in some circumstances and certainly for equitable reasons, undertaken by the Court in the second-filed action. *See Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D.Cal. 1994). Similar to a § 1404 analysis, the weight given to the chronology of when the two actions are filed with the Court is

-6-    Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)

1  superseded by the convenience of the parties, local interests and other factors. As discussed in the
2  next section, this Court is a more convenient forum than the Eastern District of Texas.  For this
3  reason, the convenience exception precludes application of the first-to-file rule.
4  　　　　　　　　　　　　　　　　　　　　* * * *
5  　　　　For the foregoing reasons, the first-to-file rule does not apply to the instant action and,
6  therefore, cannot be used as the basis for transferring this action to the Eastern District of Texas.
7  　　　**B.**　　**Transfer Is Not Appropriate Under §1404**
8  　　　　　　**1.**　　**This Action Could Not Have Been Commenced in Texas**
9  　　　　"A court may not transfer unless, at the time the suit was filed, venue could have been
10  properly laid in the proposed transferee court and that court could have exercised subject matter
11  jurisdiction over the action and personal jurisdiction over ***all the defendants***."  *London & Hull*
12  *Maritime Ins. Co. v. Eagle Pac. Ins. Co.*, 1996 U.S. Dist. LEXIS 22893, *10 (N.D.Cal. 1996)
13  (internal quotations and citations omitted) (Exhibit R).
14  　　　　Here, Girafa ***could not have*** filed this action in the proposed transferee court, the Eastern
15  District of Texas, because that Court lacks personal jurisdiction over Mr. O'Driscoll. Mr. O'Driscoll
16  does not have any relation to Texas as he does not reside in that state and does not have any property
17  or other interests there.  *See Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201-02 (Fed.
18  Cir. 2003) (defendant not subject to personal jurisdiction where defendant lacked minimum contacts
19  with the forum state).
20  　　　　In their motion, defendants implicitly admit that this case could not have been commenced in
21  Texas given that Mr. O'Driscoll is a party.  The defendants simply state that this case could have
22  been brought in Texas "[a]ssuming either dismissal or severance of the unfair competition claim[.]"
23  However, this analysis is improper.  The correct analysis is whether Girafa's action, which includes
24  an unfair competition claim, could have been brought in the Eastern District of Texas. Defendants'
25  deliberate failure to address this issue underscores the strength of Girafa's position that this action
26  could not have been brought in the Eastern District of Texas.  For this reason alone, this Court
27  should deny defendants' motion.
28

-7-   Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)

### 2. Texas is Inconvenient for the Parties and Witnesses

In order to upset a plaintiff's choice of forum, a defendant must make a "**strong showing of inconvenience**." *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 536 (N.D.Cal. 2005) (emphasis added). Determining the suitability of a transfer involves considering "private factors, such as the ease of access to proof, costs, availability of compulsory process for unwilling witnesses, and other practical considerations for an efficient and expeditious trial." *Id.*; *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1985) (holding that the private factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses[.]") In addition, the Court should also consider public factors such as the local public and jury pool's interest in localized controversies. *Costco Wholesale Corp.*, 372 F.Supp.2d at 536; *see also Decker Coal*, 805 F.2d at 843 (holding that public factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home[.]")

California courts consistently have held that the convenience of witnesses is "***the most important factor*** in passing on a transfer motion." *Los Angeles Memorial Coliseum Com. v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D.Cal. 1981) (emphasis added); *see also* Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3851, at 264 ("If the forum chosen by plaintiff will be most convenient for the witnesses, this is a powerful argument against transfer."). Even more important than the convenience of party witnesses is "the convenience of non-party witnesses[.]" *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D.Cal. 2005). The Court also stated that in assessing this factor, "courts consider the effect of a transfer on the availability of certain witnesses, and their live testimony, at trial." *Los Angeles Mem'l Coliseum*, 89 F.R.D. at 501. If possible, courts prefer live testimony where there are vital issues of fact hinge of credibility. Id. *Ellis v. Hollister, Inc.*, 2006 U.S. Dist. LEXIS 28171, *12-13 (E.D.Cal. 2006) (Exhibit S).

#### a. PRIVATE FACTORS
##### i. Relative Ease of Access to Proof

Here, it is not disputed that a majority of Alexa's witnesses and non-party witnesses are

located in or close to the Northern District of California. No witnesses, including any non-party witnesses, reside in the Eastern District of Texas. Additionally, no witnesses, including the non-party witnesses, are within the subpoena power of the Texas Court such that they can be compelled to appear at trial in Texas.

From the face of the '548 patent, it appears that the claimed invention was conceived of in the Northern District of California, as seven of the eight inventors resided in that district when the patent was issued and presumably were Alexa employees. At least two of these inventors, David L. Marvit and Ronna C. Tannenbaum, are believed to have left Alexa, but still reside in northern California. Accordingly, inventors like Marvit and Tannenbaum cannot be compelled to testify in Texas, but can be compelled in California. Moreover, there does not appear to be any witness that is within the Eastern District of Texas or subject to that Court's subpoena power.

In its complaint, Girafa has alleged that the patent is invalid under, among others, 35 U.S.C. § 112 for lack of enablement, failure to comply with the written description and the best mode requirements. Some if not all of the inventors will have to be deposed in connection with these allegations. At the very least, the best mode requirement is uniquely tied to the inventor's state of mind. *See Bayer AG & Bayer Corp. v. Schein Pharms., Inc.*, 301 F.3d 1306, 1314 (Fed. Cir. 2002) (the existence of a best mode is *a purely subjective matter* depending upon what the inventor actually believed at the time the application was filed.); *Dana Corp. v. IPC Ltd. Pshp.*, 860 F.2d 415, 418 (Fed. Cir. 1988) (the best mode requirement entailed a comparison of the facts known to the inventor regarding the invention at the time the application was filed and the disclosure in the application). The inventors -- some of whom are no longer employed by Alexa and ***over whom Alexa has no control*** -- are not a party to this lawsuit, and, therefore, their appearance at depositions and trial may have to be compelled through use of a subpoena. Given that most of the inventors still live in or close to the Northern District of California, it is undoubtedly more convenient for these non-party witnesses if this lawsuit were litigated in the Northern District of California. Any contention by Alexa that it is just as easy for these witnesses to appear at trial in the Eastern District of Texas, as opposed to the Northern District of California, simply is unreasonable.

-9-                             Plaintiff's Opposition to Defendants'
                                Motion to Dismiss, Transfer or Stay
                                08-2745 RMW (RS)

1   Likewise, in defending against this lawsuit, Girafa also requires testimony from Laura
2   Majerus, the attorney who prosecuted the patent-in-suit on a variety of issues to determine the
3   existence of prior art and if there is basis for a charge of inequitable conduct. While prosecuting the
4   '548 patent, Ms. Majerus worked for two firms in northern California, Graham & James LLP, and
5   Fenwick and West LLP, both of Palo Alto, California. Exhibits T, U. Ms. Majerus is now believed
6   to be working as an in-house attorney for Google, Inc. in Mountain View, California, which is within
7   the Northern District of California. Exhibit V. Compelling discovery of files from the law firms,
8   and deposition testimony from Ms. Majerus, will be more efficient from California. Moreover,
9   compelling Ms. Majerus as well as the third-party inventors to appear at trial ***can only be done*** from
10  this Court.

11  Additionally, the evidence needed to support Girafa's claim of unfair competition will also
12  be found *only* in this district since the decision to file the Texas action against Girafa was
13  presumably made by Mr. O'Driscoll and others at Alexa's San Francisco office.

14  In contrast, no sources of proof are known to exist in Texas. This factor, therefore, strongly
15  favors retaining this case in this district.

16  Defendants rely on *CoxCom, Inc.*, 2007 U.S.Dist. LEXIS 67168 (N.D.Cal. 2007) (Exhibit N)
17  to argue that the Court should transfer this action to the Eastern District of Texas. Defendants
18  contend that CoxCom has "nearly the exact same set of circumstances." Simple review of the facts
19  in *CoxCom*, however, shows that it actually supports Girafa's position. In *CoxCom*, the Court
20  decided to transfer the action to the Eastern District of Texas pursuant to § 1404 because neither of
21  the parties were citizens of California and none of the witnesses resided in California. On the other
22  hand, in this case, both defendants reside in this district and most of the relevant witnesses are
23  located here and are within the subpoena power of this Court. For this reason, *CoxCom* in actuality
24  warrants maintaining this action here.

25  Additionally, defendants claim that it is just as easy to obtain proof from Texas as it is from
26  California because Alexa has submitted itself to the jurisdiction of the Eastern District of Texas. This
27  argument is flawed because it fails to account for any of the non-party witnesses. Having this case
28

-10-     Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)

venued in this Court will ensure that Girafa will be able to obtain testimony from these non-party witnesses. On the other hand, the defendants will not be prejudiced if this action is maintained in this -- its home -- district.

For these reasons, this factor strongly favors maintaining the instant action in this Court.

### ii. Availability of Compulsory Process to Secure Witnesses' Attendance

"Live testimony is a primary reason courts are concerned about the convenience of witnesses." *Langford v. Ameritanz, Inc.*, 2006 U.S. Dist. LEXIS 32823, *24 (E.D.Cal. 2006) (Exhibit W). "A court will therefore *favor a forum* where non-party witnesses will fall under the court's subpoena power." *Id.* (emphasis added).

As noted above, Girafa's unfair competition allegation and some of its defenses to Alexa's allegation of infringement of the '548 patent, as well as Girafa's claim for declaratory relief of invalidity, require testimony and evidence from the inventors and attorney that prosecuted the '548 patent, Laura Majerus. As noted above, Ms. Majerus is now believed to be working as an in-house attorney in this district. Exhibit V. Compelling deposition testimony from Ms. Majerus will be more efficient from California. Moreover, compelling Ms. Majerus to appear at trial can *only be done* in California. Likewise, it is believed that most of the named inventors -- some of whom are no longer employed by Alexa -- also reside in northern California. These inventors cannot be compelled to testify in Texas, but can be compelled in California. Moreover, there does not appear to be any witness that is within the Eastern District of Texas. Thus this factor favors retaining this case in this district.

The bottom line is that other than arguing that it chose the Eastern District of Texas for its lawsuit, Alexa does not provide any reason why this lawsuit should be venued in Texas. Most of the evidence and witnesses that Girafa needs to prosecute this lawsuit are located in the Northern District of California. In fact, Alexa can point to no evidence or witnesses that are located in the Eastern District of Texas. For these reasons, it is respectfully requested that this action be maintained in this venue.

-11-    Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)

### iii. Willing Witnesses' Cost of Attendance

As discussed above, given that most of the witnesses reside in or near this district, having them attend depositions and trial in this district is most efficient. Thus this factor favors maintaining this case here.

### b. PUBLIC INTEREST FACTORS

#### i. Administrative Difficulties Flowing From Court Congestion

The "Overall Caseload Statistics" indicate that, although the Northern District of California has more civil cases per judgeship, this district resolves civil cases somewhat faster than the Eastern District of Texas. In the Northern District of California, the median time from filing to disposition of civil cases in 2007 was 6.7 months, while the median time in the Eastern District of Texas is 9.0 months. *See* http://www.uscourts.gov/cgi-bin/cmsd2007.pl (Statistics from the Northern District of California and the Eastern District of Texas are attached as Exhibits J and K respectively). Thus, this factor appears to slightly favor maintaining this action here.

#### ii. Localized Interests in Resolving the Controversy

Because Texas has no interest in this case, there is no local interest served by Alexa litigating its claims against Girafa in that state. The Northern District of California, however, as the home of Alexa and Mr. O'Driscoll, clearly has a local interest in adjudicating a dispute involving one of its corporations and one of its citizens.

#### iii. Forum's Familiarity With the Governing Law and Conflict of Laws

While both this district and the Northern District of California are familiar with federal patent law, the Northern District of California is more experienced at handling claims arising from California state law, such as Girafa's state law claim of unfair competition. Thus, this factor favors maintaining the case here.

-12-   Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)

### IV. CONCLUSION

Maintaining this case in the Northern District of California would provide the parties and the judicial system with the most efficient and least expensive resolution of both this case and Girafa's case against Alexa in a forum that has a demonstrable interest in the matter. Weighing this consideration, along with all of the other relevant factors, confirms that transfer to the Eastern District of Texas or dismissal is not warranted. For the same reasons, a stay of this action is also not warranted.

It is, therefore, respectfully requested that this Court deny Alexa's motion to transfer, dismiss or stay this action.

DATED: August 15, 2008

SUGHRUE MION, PLLC

By:  *s/ John B. Scherling*
John B. Scherling
Scott H. Davison
101 West Broadway, Suite 1600
San Diego, CA 92101

William H. Mandir (*pro hac vice*)
John F. Rabena (*pro hac vice*)
Carl Pellegrini (*pro hac vice*)
Chandran B. Iyer (*pro hac vice*)
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037

Attorneys for Plaintiff
GIRAFA.COM, INC.

-13-   Plaintiff's Opposition to Defendants'
Motion to Dismiss, Transfer or Stay
08-2745 RMW (RS)