John B. Scherling (SBN 122234)
Scott H. Davison (SBN 228807)
SUGHRUE MION, PLLC
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Telephone: 619.238.3545
Facsimile: 619.238.4931
jscherling@sughrue.com
sdavison@sughrue.com

William H. Mandir (admitted *pro hac vice*)
John F. Rabena (admitted *pro hac vice*)
Carl J. Pellegrini (admitted *pro hac vice*)
Chandran B. Iyer (admitted *pro hac vice*)
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: 202.293.7060
Facsimile: 202.293.7860
wmandir@sughrue.com
jrabena@sughrue.com
cpellegrini@sughrue.com
cbiyer@sughrue.com

Attorneys for Plaintiff
GIRAFA.COM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| GIRAFA.COM, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>ALEXA INTERNET, INC.; NIALL O'DRISCOLL,<br><br>  Defendants. | Case No.: 08-2745 RMW (RS)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Date: September 5, 2008<br>Time: 9:00 a.m.<br>Dept: 6, 4th Floor<br>Judge: Honorable Ronald M. Whyte |

Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)

08-2745 RMW (RS)

**TABLE OF CONTENTS**

I. INTRODUCTION AND ISSUES TO BE DECIDED ........................................................ 1

II. FACTUAL BACKGROUND ................................................................................................ 1

III. LEGAL ARGUMENT .......................................................................................................... 3

    A. The Legal Standard .................................................................................................... 3

    B. Girafa States A Claim In Its Third Claim For Relief For Unfair Competition ............ 3

        1. Defendants' Conduct is "Unfair" Within the Meaning of § 17200 .................. 3

        2. Girafa Need Not Await the Termination of the Texas Action to Bring Suit .... 8

    C. THE COMPLAINT STATES A CLAIM AGAINST O'DRISCOLL FOR INDIVIDUAL LIABILITY UNDER § 17200 .............................................................. 9

IV. CONCLUSION .................................................................................................................... 11

i    Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)

08-2745 RMW (RS)

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*In re Acacia Media Technologies Corp.*,
    2005 U.S.Dist. LEXIS 37009 (N.D. Cal. 2005) ............................................. 4, 5, 6, 7, 8

*Allergan Sales, Inc., v. Pharmacia & Upjohn, Inc.*,
    1997 U.S.Dist. LEXIS 7648 (S.D. Cal. 1997) ................................................................. 9

*Balistreri v. Pacifica Police Department*,
    901 F.2d 696 (9th Cir. 1990) .......................................................................................... 3

*Bell Atlantic Corp. v. Twombly*,
    127 S.Ct. 1955 (2007) .................................................................................................... 3

*Formula One Licensing, B.V. v. Purple Interactive Ltd.*,
    2001 U.S.Dist. LEXIS 2968 (N.D. Cal. 2001), ............................................................. 9

*Gilligan v. Jamco Develop. Corp.*,
    108 F.3d 246 (9th Cir. 1997) .......................................................................................... 3

*Hall v. City of Santa Barbara*,
    833 F.2d 1270 (9th Cir. 1986) ........................................................................................ 3

*Handgards, Inc. v. Ethicon, Inc.*,
    601 F.2d 986 (9th Cir. 1979) .................................................................................. 5, 7, 8

*Holden v. Hagopian*,
    978 F.2d 1115 (9th Cir. 1992) ........................................................................................ 3

*Kottle v. Northwest Kidney Ctrs.*,
    146 F.3d 1056 (9th Cir. 1998) .................................................................................... 5, 8

*Mendiondo v. Centinela Hospital Medical Ctr.*,
    521 F.3d 1097 (9th Cir. 2008) ........................................................................................ 3

*Monolithic Power Systems, Inc. v. O2 Micro International Ltd.*,
    2007 U.S.Dist. LEXIS 22556 (N.D. Cal. 2007) .................................................... 6, 7, 8, 9

*Professional Real Estate Investors, Inc. v. Columbia Pictures Industrial, Inc.*,
    508 U.S. 49 (1993) .......................................................................................................... 5

-ii-    Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)

08-2745 RMW (RS)

*Visto Corp. v. Sproquit Technologies, Inc.*,
    360 F.Supp.2d 1064 (N.D. Cal. 2005) .................................................................................. 9

**STATE CASES**

*Bradstreet v. Wong*,
    161 Cal.App.4th 1440 (2008) ............................................................................................10

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
    20 Cal.4th 163 (1999) ................................................................................................3, 4, 8

*Farmers Insurance Exch. v. Sup. Ct.*,
    2 Cal.4th 377 (1992) ........................................................................................................... 4

*Hi-Top Steel Corp. v. Lehrer*,
    24 Cal.App.4th 570 (1994) ................................................................................................ 7

*Klein v. Earth Elements, Inc.*,
    59 Cal.App.4th 965 (1997) ................................................................................................ 4

*Pacific Gas and Electric Co. v. Bear Stearns & Co.*,
    50 Cal.3d 1118 (1990) ....................................................................................................... 8

*People v. First Federal Credit Corp.*,
    104 Cal.App.4th 721 (2002) .............................................................................................10

*People v. Toomey*,
    157 Cal.App.3d 1 (1984) ..................................................................................................10

*Rubin v. Green*,
    4 Cal.4th 1187 (1993) ........................................................................................................ 8

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ................................................................................... 1, 3, 4, 9

Cal. Bus. & Prof. Code § 17500 ...............................................................................................10

Cal. Civ. Code § 47 ................................................................................................................... 6

## I.    INTRODUCTION AND ISSUES TO BE DECIDED

Based on the filing of a patent infringement action in the Eastern District of Texas ("the Texas action") by defendant Alexa Internet, Inc. ("Alexa"), Plaintiff Girafa.com, Inc. ("Girafa") commenced this action for declaratory relief and unfair competition under Cal. Bus. & Prof. Code § 17200 on June 2, 2008. Defendants Alexa and Niall O'Driscoll ("O'Driscoll") now bring their motion to dismiss the unfair competition claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on defendants' motion, the Court must determine whether, in light of defendants' arguments, the instant action sufficiently alleges a claim for unfair competition against Alexa and O'Driscoll under § 17200.

Here, Girafa has alleged that Alexa can have no good faith belief in the merits of the Texas action, and filed that action solely in an improper attempt to force Girafa out of business or at least gain an unfair advantage in other patent litigation initiated by Girafa against Alexa in federal court in Delaware. It is well-established by prior caselaw in this district that such bad faith "sham" litigation is anticompetitive and, accordingly, constitutes a violation of § 17200. Thus, contrary to defendants' arguments, Girafa has alleged a cognizable § 17200 claim that it can bring without awaiting favorable resolution of the Texas action. Defendants' motion therefore should be denied.

## II.    FACTUAL BACKGROUND

As alleged in the complaint herein, on December 5, 2007 Girafa filed in the United States District Court for the District of Delaware a complaint for patent infringement against a number of defendants, including Alexa, alleging infringement of United States Patent No. 6,864,904 entitled "Framework For Providing Visual Context to WWW Hyperlinks" ("the '904 patent") (*Girafa.com v. Amazon Web Services, LLC, et al.*, C.A. No. 07-787-SLR) ("the Delaware action"). Complaint ¶ 7. On March 13, 2008, Girafa filed a Motion for Preliminary Injunction (the "PI Motion") against several parties, including Alexa, in the Delaware action. Complaint ¶ 8.

Alexa, (1) without a good faith belief in the merits of its claim, (2) in retaliation for Girafa's filing of the Delaware action and PI Motion, and (3) for the purposes of (a) causing Girafa resources

1  Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)

08-2745 RMW (RS)

1   to be diverted to defending meritless sham litigation during the pendency of the Delaware action and
2   (b) attempting to force Girafa out of business, on March 21, 2008 filed in the United States District
3   Court for the District for Eastern District of Texas a complaint for patent infringement alleging that
4   Girafa infringes United States Patent No. 6,282,548 entitled "Automatically Generate And
5   Displaying Metadata As Supplemental Information Concurrently With The Web Page, There Being
6   No Link Between Web Page And Metadata" ("the '548 patent") (*Alexa Internet, Inc. v. Girafa.com,
7   Inc.*, No. 2:08-cv-121) (as referenced above, "the Texas action"). Complaint ¶ 9, 33, 35.

8        The claims, specification and prosecution history of the '548 patent limit the claims of the
9   '548 patent to metadata about a *currently displayed* web page. The claims, specification and
10  prosecution history of the '548 patent therefore preclude any interpretation under which Girafa's
11  technology could be considered infringement, inducement of infringement, or contributory
12  infringement by Girafa's technology, which is about *linked* pages. Complaint ¶¶ 10-17. In asserting
13  Alexa's '548 patent against Girafa, Alexa is trying to cover exactly what it told the U.S. Patent
14  Office was **not** covered by the '548 patent, namely information about linked pages. Complaint ¶ 18.

15       Despite the clear inapplicability of the '548 patent to Girafa's technology, Alexa initiated the
16  Texas action alleging that the Girafa Toolbar and Thumbnail Service infringes the '548 patent.
17  Complaint ¶ 33. Thus, rather than pursuing a legitimate claim on the merits, Alexa filed the Texas
18  action to retaliate for Girafa's filing of the Delaware action and the PI Motion and to cause Girafa's
19  resources to be diverted during the pendency of the Delaware action to the unnecessary defense of
20  the meritless action brought in bad faith in the Eastern District of Texas. *Id.* In short, knowing that
21  continued infringement of the '904 patent may severely and irreparably damage Girafa within the
22  year, Alexa illegally, anticompetitively and deceptively filed the Texas action to put extreme
23  financial pressure on Girafa to gain improper business and litigation advantages and attempt to force
24  Girafa out of business. Complaint ¶ 33, 35.

25       Based on the foregoing allegations, Girafa alleges three counts in the instant action:
26  (1) Declaratory Judgment of Non-Infringement of the '548 patent (against Alexa); (2) Declaratory

27
28                                              -2-    Plaintiff Girafa.com's Opposition to Defendants' Motion to
                                                       Dismiss Plaintiff's Third Claim for Relief Under Fed. R.
                                                       Civ. Pro. 12(b)(6)
                                                       08-2745 RMW (RS)

1  Judgment of Invalidity of the '548 patent (against Alexa); and (3) Unfair Competition under Cal.
2  Bus. & Prof. Code § 17200 (against Alexa and O'Driscoll).

### III. LEGAL ARGUMENT

#### A. The Legal Standard

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986)). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a complaint need not contain detailed factual allegations; rather, it simply must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is sufficient if it gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 1964 (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) therefore is appropriate only when the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990)).

In ruling on a motion to dismiss, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Holden v. Hagopian*, 978 F.2d 1115, 1118 (9th Cir. 1992).

#### B. Girafa States A Claim In Its Third Claim For Relief For Unfair Competition
##### 1. Defendants' Conduct is "Unfair" Within the Meaning of § 17200

An unfair competition claim under Cal. Bus. & Prof. Code § 17200 encompasses a wide range of conduct. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) ("the unfair competition law's scope is broad"). "[I]t does not proscribe specific

-3-  Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)
08-2745 RMW (RS)

practices," but rather encompasses "'any *unlawful*, *unfair* or *fraudulent* business act or practice.'" *Id.* (quoting Cal. Bus. & Prof. Code § 17200) (emphasis added).[1] Thus, § 17200 establishes "three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech*, 20 Cal. 4th at 180.

Without conceding that Alexa has not violated the "unlawful" or "fraudulent" varieties of unfair competition,[2] Alexa's conduct in bringing the Texas action at a minimum is well within the "unfair" type of wrong encompassed by § 17200.

"[T]he 'unfair' standard under § 17200 is broad by design." *In re Acacia Media Technologies Corp.*, 2005 U.S. Dist. LEXIS 37009, *16 (N.D. Cal. 2005) (Exhibit G).[3] *See also Cel-Tech*, 20 Cal. 4th at 181 (in "restraining of all 'unfair' business practices," California's unfair competition law "undeniably establishes only a wide standard"). Between business competitors, "unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech*, 20 Cal. 4th at 187.

---

[1] "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. & Prof. Code § 17200. As amended in 1992, § 17200 covers single acts of misconduct. *Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 969 n.3 (1997).

[2] Section 17200 "borrows" violations of other laws and treats them as independently actionable "unlawful" unfair competition. *Farmers Ins. Exch. v. Sup. Ct.*, 2 Cal. 4th 377, 383 (1992). Conduct is "fraudulent" under § 17200 if it is likely to deceive members of the public. *Comm. On Children's Television v. General Foods Corp.*, 35 Cal. 3d 197, 211 (1983).

[3] For the Court's convenience, copies of unreported decisions cited herein are included as exhibits to the Declaration of John B. Scherling in Support of Plaintiff's Oppositions to Defendants' (1) Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. P. 12(b)(6), (2) Special Motion to Strike Plaintiff's Third Claim for Relief and (3) Motion to Dismiss, Transfer or Stay.

-4- Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)
08-2745 RMW (RS)

The Ninth Circuit long has recognized that "infringement actions initiated and conducted in bad faith contribute nothing to the furtherance of the policies of either the patent law or the antitrust law." *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 993 (9th Cir. 1979), *cert. denied*, 444 U.S. 1025 (1980). As the Ninth Circuit noted in *Handgards*, "[s]ubjecting a potential rival or actual rival to . . . (the burden of defending an infringement suit) may weaken him or even dissuade him from beginning or continuing the rivalry with the monopolist-patentee and perhaps without regard to the merits of the infringement claim." *Id.* n.12 (quoting 3 P. Areeda & D. Turner, Antitrust Law ¶ 708, at 145 (1978)). Thus, "[a]ntitrust law covers patent infringement lawsuits brought in bad faith."). *Acacia Media*, 2005 U.S. Dist. LEXIS 37009 at *18.[4]

In *Acacia Media* the plaintiff, New Destiny, alleged that Acacia Media, among other things, instituted a patent infringement lawsuit against New Destiny in bad faith. 2005 U.S. Dist. LEXIS 37009 at *18. New Destiny's counterclaims against Acacia Media included unfair competition under § 17200 and abuse of process. The Court held that Acacia Media's initiation of the patent infringement lawsuit against New Destiny could not form the basis of a counterclaim for abuse of process. *Id.* at *24. The Court also held, however, that New Destiny had stated a counterclaim under § 17200 because it alleged "conduct that 'threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws . . . , or otherwise significantly threatens or harms competition.'" Id. at *19-20. Although New Destiny alleged other improper conduct by Acacia

---

[4] The mere filing of a lawsuit is privileged under the *Noerr-Pennington* doctrine, which provides that a party constitutionally is entitled to seek relief in the courts without exposure to antitrust liability or liability under other legal theories. *Noerr-Pennington* immunity does not apply, however, if the suit is a "sham." A lawsuit is a sham if it is objectively baseless -- such that no reasonable litigant realistically could have expected success on the merits -- and is intended to disrupt a competitor's business relations. *See generally Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61 (1993). *See also Kottle v. Northwest Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998) (circumstances when litigation may be "sham" include (i) a single lawsuit that is objectively baseless and is a "concealed attempt to interfere with the plaintiff's business relationships" or (ii) intentional misrepresentations to the court that "deprive the litigation of its legitimacy").

-5- Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)

08-2745 RMW (RS)

1  Media as well, the Court's determination that New Destiny stated an unfair competition

2  counterclaim under § 17200 clearly was based substantially on the allegation that Acacia Media filed

3  and was pursuing objectively baseless patent infringement litigation.  *See* id. at *18-20.

4    *Monolithic Power Systems, Inc. v. O2 Micro Int'l Ltd.*, 2007 U.S. Dist. LEXIS 22556 (N.D.

5  Cal. 2007) (Exhibit H) also is instructive in the case at hand.  In *Monolithic Power Systems*,

6  Monolithic Power Systems ("MPS") initially filed in this district a declaratory judgment action with

7  respect to one of O2 Micro's patents.  2007 U.S. Dist. LEXIS 22556 at *9.  Five months later, O2

8  Micro responded by filing a patent infringement suit in the Eastern District of Texas accusing MPS

9  of infringing a different O2 Micro patent, and later amended the complaint to include allegations that

10 MPS' suppliers, customers and distributors infringed other O2 Micro patents as well.  *Id.* at *10-11.

11 After the Texas case was transferred to this district, MPS brought several counterclaims, including a

12 counterclaim under California's unfair competition law against O2 Micro alleging, in part, that O2

13 Micro's assertion and enforcement of its patents was in bad faith.  *Id.* at *9-11.

14   O2 Micro moved for summary judgment.  O2 Micro did not dispute that, as held in *Acacia*

15 *Media*, "pursuing patent infringement actions in bad faith is conduct that courts have found 'unfair'

16 under California's Unfair Competition Law."  *Monolithic Power Systems*, 2007 U.S. Dist. LEXIS

17 22556 at *18.  O2 Micro asserted, however, that MPS proffered no evidence of bad faith or sham

18 litigation, and no evidence that O2 Micro's activities are not immune from state tort liability under

19 the *Noerr-Pennington* doctrine and California's litigation privilege, Cal. Civ. Code § 47(b).  *Id.* at

20 *18-19.  Under the circumstances, including that O2 Micro had prevailed at trial with respect to one

21 of its patents, the Court found that MPS could not show that the initial commencement of the Texas

22 case was objectively baseless.  *Id.* at *22-24.  The Court further found, however, that O2 Micro's

23 *ongoing* pursuit of its infringement claims with respect to one of the patents that it had asserted in

24 //

-6- Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)

08-2745 RMW (RS)

the Texas case "is objectively baseless and in bad faith and, therefore, this activity is not immune and can be the basis for MPS' unfair competition claim." *Id.* at *24.[5]

Here, following the teaching of *Acacia Media*, Girafa did not institute a cause of action for abuse of process. However, also following the teaching of *Acacia Media*, as well as *Handgards*, *Monolithic Power Systems* and *Cell-Tech*, Girafa properly alleged its § 17200 unfair competition claim based on Alexa's bad faith institution of the Texas action.

As alleged in the complaint, the claims, specification and prosecution history of the '548 patent limit the claims of the '548 patent to metadata about a *currently displayed* web page; the claims, specification and prosecution history of the '548 patent therefore preclude any interpretation under which Girafa's technology could be considered infringement, inducement of infringement, or contributory infringement by Girafa's technology, which is about *linked* pages. Complaint ¶¶ 11-19.

Despite the clear inapplicability of the '548 patent to Girafa's technology, Alexa initiated the Texas action alleging that the Girafa Toolbar and Thumbnail Service infringes the '548 patent. Thus, rather than pursuing a legitimate claim on the merits, Alexa filed the Texas action to retaliate for Girafa's filing of the Delaware action and the PI Motion and to cause Girafa resources to be diverted during the pendency of the Delaware action to the unnecessary defense of the meritless action brought in bad faith in the Eastern District of Texas. Complaint ¶ 33. In short, knowing that continued infringement of the '904 patent may severely and irreparably damage Girafa within the year, Alexa filed the Texas action to put extreme financial pressure on Girafa to gain improper business and litigation advantages and attempt to force Girafa out of business. *Id.*

---

[5] *See also Hi-Top Steel Corp. v. Lehrer*, 24 Cal. App. 4th 570, 582-83 (1994) (cause of action for unfair competition was actionable under sham exception to *Noerr-Pennington* doctrine because defendants' administrative petitioning activity was brought with knowledge that it was groundless and to "disrupt plaintiffs' business by saddling them with onerous regulatory and administrative costs and burdens").

1   Accordingly, this action is based not just on the filing of a meritless lawsuit, but a bad faith
2   sham lawsuit, brought in an attempt to force Girafa out of business or at least gain an unfair
3   advantage in the Delaware action, when Alexa knew, or the most rudimentary pre-suit investigation
4   would have revealed, that Girafa does not infringe the '548 patent.  If this conduct does not allege
5   objectively baseless sham litigation intended to disrupt Girafa's business relations, or intentional
6   misrepresentations to the Court that "deprive the litigation of its legitimacy," *Kottle*, 146 F.3d at
7   1060, nothing does.

8   Girafa does not purport to allege an antitrust violation.  As recognized in *Handgards*, 601
9   F.2d at 993, however, such bad faith infringement actions "contribute nothing to the furtherance of
10  the policies of either the patent law or the antitrust law."  Accordingly, Alexa's filing of the Texas
11  action, for improper purposes, without question violates the "policy or spirit" of the antitrust laws,
12  and constitutes a wrongful attempt to threaten or harm competition.  *Cel-Tech*, 20 Cal. 4th at 187;
13  *Acacia Media*, 2005 U.S. Dist. LEXIS 37009 at *19-20.  *See also Monolithic Power Systems* 2007
14  U.S. Dist. LEXIS 22556 at *18.

15  Girafa plainly has alleged sufficient facts to support a cognizable legal theory under § 17200
16  and provide defendants fair notice of its claim and the grounds upon which it rests.

17  **2.   Girafa Need Not Await the Termination of the Texas Action to Bring Suit**

18  Defendants' reliance on *Pacific Gas and Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118
19  (1990) and *Rubin v. Green*, 4 Cal. 4th 1187 (1993) is unavailing.  In *Pacific Gas and Electric*, the
20  Court held that "a plaintiff seeking to state a claim for intentional interference with contract or with
21  prospective economic advantage because defendant induced another to undertake litigation, must
22  allege that the litigation was brought without probable cause and that the litigation concluded in
23  plaintiff's favor."  50 Cal. 3d at 1137.  In reaching this conclusion, however, the Court explicitly
24  recognized the *Noerr-Pennington* doctrine exception for "sham petitions, brought without probable
25  cause for the purpose of harassment." 50 Cal. 3d at 1133-34.

-8-   Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)
08-2745 RMW (RS)

As demonstrated herein, this case presents a classic example of such bad faith sham litigation. Thus, despite the holding in *Rubin* that merely pleading a claim "under the unfair competition statute does not override the litigation privilege," 4 Cal. 4th at 1204, Girafa's unfair competition claim based on that bad faith sham litigation is fully cognizable. *See Monolithic Power Systems*, 2007 U.S. Dist. LEXIS 22556 at *24 (*Noerr-Pennington* doctrine and California litigation privilege did not shield bad faith ongoing pursuit of infringement claim from liability under the California unfair competition law); *Allergan Sales, Inc., v. Pharmacia & Upjohn, Inc.*, 1997 U.S. Dist. LEXIS 7648 *9-10 (S.D. Cal. 1997) (despite *Pacific Gas & Electric*, motion to dismiss § 17200 counterclaim alleging objectively baseless sham litigation denied) (Exhibit I).[6]

### C. THE COMPLAINT STATES A CLAIM AGAINST O'DRISCOLL FOR INDIVIDUAL LIABILITY UNDER § 17200

Girafa does not assert that defendant O'Driscoll is liable under Cal. Bus. & Prof. Code § 17200 on any alter ego theory. Rather, Girafa alleges on information and belief that O'Driscoll, "in his role as manager of ALEXA, knowingly encouraged, induced, authorized, aided and abetted the filing of the Texas action [to] divert GIRAFA's resources and attention from the Delaware action and GIRAFA's business operations, and attempt to drive GIRAFA out of business." Complaint ¶¶ 34-35.

Although not all of the remedies allowed for violation of § 17200 may be available against a defendant in his individual capacity, "it is well established that an owner or officer of a corporation

---

[6] *Visto Corp. v. Sproquit Technologies, Inc.*, 360 F. Supp. 2d 1064 (N.D. Cal. 2005) and *Formula One Licensing, B.V. v. Purple Interactive Ltd.*, 2001 U.S. Dist. LEXIS 2968 (N.D. Cal. 2001) (Exhibit M), cited by defendants, do not change this conclusion. Unlike *Monolithic Power Systems* and *Allergan*, the decision in *Visto* did not concern a statutory § 17200 unfair competition claim, but only claims for tortuous interference and defamation. In *Formula One*, the Court's discussion of *Pacific Gas and Electric* likewise only was in the context of the interference with prospective economic advantage claim. 2001 U.S. Dist. LEXIS 2968 at *13-16. Defendants have cited no case applying *Pacific Gas and Electric* to bar an unfair competition claim premised on bad faith sham litigation.

-9- Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)
08-2745 RMW (RS)

1  may be individually liable under the UCL if he or she actively and directly participates in the unfair
2  business practice." *Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1458 (2008).  Moreover, "if the
3  evidence establishes defendant's participation in the unlawful practices, either directly or by aiding
4  and abetting the principal, liability under sections 17200 and 17500 can be imposed." *People v.*
5  *Toomey*, 157 Cal. App. 3d 1, 15 (1984).  *See also People v. First Federal Credit Corp.*, 104 Cal.
6  App. 4th 721, 734-35 (2002) (principal in position of control who permitted unlawful false
7  advertising practice to continue held liable under Cal. Bus. & Prof. Code § 17500).

8        According to the Alexa website, O'Driscoll is the Chief Executive Officer of Alexa.
9  Complaint ¶ 3.  A reasonable inference is that, as Chief Executive Officer, O'Driscoll participates in
10 the management of Alexa and, "either directly or by aiding and abetting," authorized the filing of a
11 lawsuit so blatantly lacking in merit that it constitutes bad faith sham litigation.  Such circumstances
12 are sufficient to state a cognizable legal theory against O'Driscoll, and Girafa should be permitted its
13 day in court to prove those allegations.

-10-  Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)
08-2745 RMW (RS)

## IV. CONCLUSION

Girafa's allegations with respect to the bad faith litigation initiated in Texas by Alexa are more than sufficient to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. at 1974.  Defendants' motion should be denied.

DATED: August 15, 2008

SUGHRUE MION, PLLC

By: *s/John B. Scherling*
John B. Scherling
Scott H. Davison
101 West Broadway, Suite 1600
San Diego, CA 92101

William H. Mandir (admitted *pro hac vice)*
John F. Rabena (admitted *pro hac vice)*
Carl Pellegrini (admitted *pro hac vice)*
Chandran B. Iyer (admitted *pro hac vice*)
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037

Attorneys for Plaintiff
GIRAFA.COM, INC.

-11- Plaintiff Girafa.com's Opposition to Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. Pro. 12(b)(6)

08-2745 RMW (RS)