1    ELIZABETH DAY, Bar No. 177125
     elizabeth.day@dlapiper.com
2    GREGORY J. LUNDELL, Bar No. 234941
     greg.lundell@dlapiper.com
3    DLA PIPER US LLP
     2000 University Avenue
4    East Palo Alto, California 94303-2214
     Tel: 650.833.2000
5    Fax: 650.833.2001

6    JOHN R. HURLEY, Bar No. 203641
     john.hurley@dlapiper.com
7    DLA PIPER US LLP
     153 Townsend Street, Suite 800
8    San Francisco, CA  94107-1957
     Tel: 415.836.2500
9    Fax: 415.836.2501

10   THOMAS G. PASTERNAK (pro hac vice)
     thomas.pasternak@dlapiper.com
11   R. DAVID DONOGHUE, (pro hac vice)
     david.donoghue@dlapiper.com
12   DLA PIPER US LLP
     203 North LaSalle Street, Suite 1400
13   Chicago, IL 60601-1293
     Tel: 312.368.4000
14   Fax: 312.236.7516

15   Attorneys for Defendants
     ALEXA INTERNET, INC. and NIALL
16   O'DRISCOLL

17                    UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19                          SAN JOSE DIVISION

20

21   GIRAFA.COM, INC.,                    CASE NO.  CV 08-02745 RMW

22              Plaintiff,                **REPLY IN SUPPORT OF DEFENDANTS'**
                                          **SPECIAL MOTION TO STRIKE**
23         v.                             **PLAINTIFF'S THIRD CLAIM FOR**
                                          **RELIEF**
24   ALEXA INTERNET, INC.; NIALL
     O'DRISCOLL ,                         **CAL. CODE CIV. PROC. § 425.16**
25
                Defendants.               Date: September 5, 2008
26                                        Time: 9:00 am
                                          Dept: 6, 4th floor
27                                        Judge: Ronald M. Whyte

28

1

## TABLE OF CONTENTS

2

**Page**

3    I.    INTRODUCTION ................................................................................................... 1

4    II.    LEGAL ARGUMENT ........................................................................................... 1

5        A.    Girafa's UCL Claim Is Not Excepted from the Anti-SLAPP Statute ..................... 2

6        B.    Girafa's Third Claim for Relief Has No Probability of Success on the
              Merits ........................................................................................................... 4

7            1.    Girafa Cannot Assert a UCL Claim Based on the Filing and
                   Prosecution of Another Lawsuit That Is Still Pending.............................. 4

8            2.    Girafa Has Not Alleged Facts to Support a UCL Claim for "Unfair"
                   Business Practices ....................................................................................... 6

9            3.    Girafa Has Not Discharged Its Burden to Show a Probability of
                   Success Against Niall O'Driscoll................................................................ 8

10   III.    CONCLUSION ...................................................................................................... 10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN FRANCISCO

WEST\21499375.2
357317-000011

-i-
REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE
PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### CASES

4

*Allergan Sales, Inc. v. Pharmacia & Upjohn Inc.*,
    1997 U.S. Dist. LEXIS 7648 (S.D. Cal. 1997) ................................................. 6

*Atlantic Richfield Co. v. USA Petroleum Co.*,
    495 U.S. 328 (1990) .......................................................................................... 8

*Bradstreet v. Wong*,
    161 Cal.App.4th 1440 (2008) .......................................................................... 9

*Brill Media Co., LLC v. TCW Group, Inc.*,
    132 Cal.App.4th 3124 (2005) ....................................................................... 2, 3

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ................................................................................. 6, 8

*Chavez v. Whirlpool Corp.*,
    93 Cal.App.4th 363 (2001) ............................................................................. 8

*Contemporary Services Corp. v. Staff Pro Inc.*,
    152 Cal.App.4th 1043 (2007) ........................................................................ 3

*Formula One Licensing, B.V. v. Purple Interactive Ltd.*, No. C 00-2222 MMC,
    2001 U.S. Dist. LEXIS 2968 (N.D. Cal. 2001) .............................................. 4

*Greka Integrated, Inc. v. Lowery*,
    133 Cal. App. 4th 1572 (2005) ...................................................................... 9

*Handgards, Inc. v. Ethicon, Inc.*,
    601 F.2d 986 (9th Cir.1979) ........................................................................... 7

*In  re Acacia Media Technologies Corp.*,
    2005 WL 1683660, 2005 U.S. Dist LEXIS 37009 (N.D. Cal. 2005) ........... 6, 7

*In re Lorenzo C.*,
    54 Cal.App.4th 1330 (1997) ........................................................................... 3

*Irwin v. Mascott*,
    96 F.Supp.2d 968 (N.D. Cal. 1999) ............................................................... 3

*Kashian v. Harriman*,
    98 Cal. App. 4th 892 (2002) ........................................................................... 1

*Lloyd Design Corp. v. Mercedes Benz of North America, Inc.*,
    66 Cal.App.4th 716 (1998) ............................................................................. 8

*Ludwig v. Superior Court*,
    37 Cal.App.4th 8 (1995) ............................................................................. 5, 6

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-ii-

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE
PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW

1

**TABLE OF CONTENTS**
(continued)

2

<u>Page</u>

3    *Metcalf v. U-Haul, Int'l,*
          118 Cal.App.4th 1261 (2004) ......................................... 2
4
     *Monolithic Power Systems, Inc. v. O2 Micro Int'l Ltd.,*
5          2007 U.S. Dist. LEXIS 22556 (N.D. Cal. 2007)...................... 6, 7

6    *Navellier v. Sletten*
          29 Cal. 4th 82 (2002) ............................................. 9
7
     *Norwood v. Judd,*
8          93 Cal.App.2d 276 (1949)........................................... 3

9    *Pacific Gas & Elec. Co. v. Bear Stearns & Co.,*
          50 Cal. 3d 1118 (1990) .......................................... 4, 5
10
     *Peregrine Funding, Inc. v. Sheppard Mullin,*
11         133 Cal. App. 4th 658 (2005) ...................................... 9

12   *Roberts v. Los Angeles County Bar Ass'n,*
          105 Cal.App.4th 604 (2003) ........................................ 9
13
     *Rubin v. Green,*
14         4 Cal. 4th 1187 (1993) .......................................... 5, 6

15   *Visto Corp. v. Sproqit Techs., Inc.,*
          360 F. Supp. 2d 1064 (N.D. Cal. 2005) ............................. 4
16
     *Vogel v. Felice,*
17         127 Cal.App.4th 1006 (2005) ...................................... 4

18   *Wilson v. Parker, Covert & Chidester,*
          28 Cal. 4th 811 (2002) .......................................... 1, 4
19

**STATUTES**

20

California Code of Civil Procedure § 425.16................................... 1, 2
21
California Code of Civil Procedure § 425.17.................................... 3
22
California Code of Civil Procedure § 425.17(c) ............................. 2, 3, 9
23
California Code of Civil Procedure § 425.16(c) ............................... 10
24
Business and Professions Code § 17200, et. seq............................... 1

25

26

27

28

DLA PIPER US LLP
SAN FRANCISCO

WEST\21499375.1
357317-000011

-iii-

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE
PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW

1    **I.    INTRODUCTION**

2        Plaintiff Girafa's third claim for relief directly attacks Defendants for filing a patent

3    infringement lawsuit in Texas (the "Texas Action"), alleging that Alexa's filing and prosecution

4    of that case  constitutes "unlawful, unfair and fraudulent conduct" under California's Unfair

5    Competition Law ("UCL").  Bus. & Prof. Code § 17200, et. seq. (Complaint, ¶¶ 33, 35.)  This is

6    exactly the type of claim that is subject to California's anti-SLAPP statute—the cause of action is

7    specifically intended to chill and burden protected rights to petition the courts for redress, such as

8    here, where all Alexa has done is file a patent lawsuit against Girafa.  It should come as no

9    surprise to Girafa that Alexa owns intellectual property and that Alexa would take steps,

10    including the commencement of a lawsuit, in order to protect that intellectual property from

11    infringers such as Girafa.

12        In opposition to Defendants' special motion to strike, Girafa has done nothing to remove

13    the claim from the ambit of the anti-SLAPP statute.  Girafa has not established that the claim falls

14    within any exception to the anti-SLAPP statute, and it has not established a probability of success

15    on the merits.  To the contrary, Girafa's claim based on the filing and prosecution of a still-

16    pending lawsuit is absolutely barred as a matter of law.  Girafa has no legal basis for its Third

17    Claim for Relief, and it should be stricken without leave to amend.

18    **II.    LEGAL ARGUMENT**

19        A two-step procedure applies to the evaluation of an anti-SLAPP motion.  *See, e.g.*

20    *Kashian v. Harriman*, 98 Cal. App. 4th 892, 905 (2002).  All that is required to strike a cause of

21    action is that: (a) the defendant make a *prima facie* case that the cause of action arises primarily

22    from protected activity; and (b) the plaintiff is unable to demonstrate the underlying merit of the

23    claim if all evidence proffered by the parties in support of and in opposition to the motion is given

24    credence.  *Wilson v. Parker, Covert & Chidester,* 28 Cal. 4th 811, 821 (2002).

25        In its opposition, Girafa concedes that "the filing of a lawsuit [is normally] within the

26    zone of protected activity," but argues: (1) that its UCL claim falls within an exception to the

27    anti-SLAPP statute; and (2) that its UCL claim has a probability of success on the merits.  (Opp.

28    to anti-SLAPP at p. 4:10-13.) Girafa is wrong on both points.

-1-

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE
PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW

A.    **Girafa's UCL Claim Is Not Excepted from the Anti-SLAPP Statute.**

Girafa argues that its UCL claim falls within an exception to the anti-SLAPP statute. Specifically, Girafa cites to and relies upon Code of Civil Procedure § 425.17(c). (Opp. to anti-SLAPP at pp. 4-22-7:16). In relevant part, that statute provides as follows:

> (c) Section 425.16 does not apply to any cause of action brought against a person primarily engaged in the business of selling or leasing goods or services … arising from any statement or conduct by that person if both of the following conditions exist:

> (1) The statement or conduct consists of representations of fact about that person's or a business competitor's business operations, goods, or services, that is made for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services … .

> (2) The intended audience is an actual or potential buyer or customer, or a person likely to repeat the statement to, or otherwise influence, an actual or potential buyer or customer … .

Cal. Code Civ. Proc § 425.17(c). In sum, this provision creates an exception to the anti-SLAPP statute, and no motion to strike may be granted, where (1) the subject cause of action is based on representations of fact regarding a competitor, or its goods or services, (2) made for the purpose of increasing sales, and (3) the intended audience is actual or potential customers. *See Metcalf v. U-Haul, Int'l*, 118 Cal.App.4th 1261, 1265 (2004).

On the first prong of this exception, Girafa cites *Brill Media Co., LLC v. TCW Group, Inc*., 132 Cal.App.4th 3124, 329 (2005), for the proposition that the filing of litigation can constitute "conduct" that "consists of representations of fact" about a competitor or its goods or services. This argument oversimplifies and misstates the facts and holding of *Brill Media*.

In *Brill Media*, certain bondholders stood to financially gain from the default of Brill Media, which had issued the bonds. *Id*. at pp. 332-333. In order to prevent Brill Media from raising sufficient funds to make payment and to force a default, the bondholders made statements to sabotage Brill Media's attempt to sell off certain assets. *Id*. at pp. 332-336. Brill Media was consequently unable to make the bond payments, and the bondholders then initiated involuntary bankruptcy proceedings upon Brill Media's default. *Id*. at p. 336. Under the circumstances of that case, the court concluded the defendants' statements and act of initiating involuntary

WEST\21499375.2
357317-000011

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE
PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW

1   bankruptcy proceedings fell within the commercial speech exemption to the anti-SLAPP statute.

2   *Id.* at p. 342.

3       A subsequent Court of Appeal decision distinguishes *Brill Media* on its facts.  In

4   *Contemporary Services Corp. v. Staff Pro Inc.*, 152 Cal.App.4th 1043, 1053-54 (2007), the court

5   declined to follow *Brill Media*, holding that "the act of filing [an] underlying action for

6   defamation and unfair competition does not constitute 'representations of fact about [defendants']

7   or a business competitor's business operations, goods, or services… .'"  Although the cause of

8   action in *Contemporary Services Corp.* was also purportedly based on extra-judicial statements,

9   those statements were not factual representations regarding the operations, goods, or services of

10  the defendant or a competitor.  Consequently, the court in that case refused to follow *Brill Media*

11  and found that the subject cause of action was not excepted from the anti-SLAPP statute.  *Id.*

12      Similar to the situation in *Contemporary Services Corp.*, Alexa's act of filing the Texas

13  Action does not in and of itself constitute a representation regarding Girafa, its goods or services.

14  And Girafa does not base its claim on any extra-judicial statements or conduct.  Consequently,

15  Girafa's UCL cause of action does not fall within § 425.17(c) and is fully subject to a special

16  motion to strike.

17      Equally important, *Brill Media* does not assist Girafa on the "audience" requirement for

18  the § 425.17(c) exception.  Again, the *Brill Media* case arose not only from the filing of an

19  involuntary bankruptcy petition against Brill Media, but from extra-judicial statements made to

20  third parties.  132 Cal.App.4th at 342-43.  In contrast to *Brill Media*, the only statements cited by

21  Girafa here are statements in the complaint in Texas Action.  And the only "audience" disclosed

22  by the complaint itself is the court—not an actual or potential customer of any party.  (Ex. A to

23  Decl. of John B. Scherling.)[1]

---

24  [1]    There is no citable case authority directly addressing the issue of which party has the burden
    of proof on § 425.17 exceptions to the anti-SLAPP statute.  *Brill Media* appears to place this
25  burden on the moving party, but the issue was not squarely before the court.  Moreover, there is
    authority for the general proposition that  "[o]ne claiming an exemption from a general statute has
26  the burden of proving that he comes within the exemption." *Norwood v. Judd*, 93 Cal.App.2d
    276, 282 (1949); *see also In re Lorenzo C.*, 54 Cal.App.4th 1330, 1345 (1997); *Irwin v. Mascott*
27  96 F.Supp.2d 968, 980 (N.D. Cal. 1999).  Ultimately, it does not matter because the only
    evidence before the court regarding the "audience" for the Texas Action is the complaint in that
28  case, which demonstrates that § 425.17(c) is not applicable.

3

1

**B.      Girafa's Third Claim for Relief Has No Probability of Success on the Merits.**

"In order to establish a probability of prevailing on the claim, a plaintiff responding to an anti-SLAPP motion … 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient *prima facie* showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" *Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811, 821 (2002) (internal citations omitted); *accord Vogel v. Felice*, 127 Cal.App.4th 1006, 1017 (2005).

In this case, Defendants' anti-SLAPP motion should be granted because Girafa's third claim for relief is not legally sufficient—the face of the complaint discloses an absolute legal bar. Specifically, Girafa cannot assert a claim under California law for the alleged bad-faith filing and prosecution of a lawsuit where that underlying lawsuit is still pending.

**1.      Girafa Cannot Assert a UCL Claim Based on the Filing and Prosecution of Another Lawsuit That Is Still Pending.**

The California Supreme Court has held that a plaintiff cannot assert claims based on the filing and prosecution of a lawsuit until termination of that underlying suit.  In *Pacific Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1124 (1990) ("*PG&E*"), the Court cited California's strong public policy in favor of providing access to the courts, and reasoned that allowing tort claims based on pending litigation would impermissibly burden the right to petition for redress.  *Id*. at 1131, 1137.  This Court has followed *PG&E* to dismiss interference claims based on the filing and prosecution of still-pending trademark and patent infringement suits. *Formula One Licensing, B.V. v. Purple Interactive Ltd*., No. C 00-2222 MMC, 2001 U.S. Dist. LEXIS 2968 (N.D. Cal. 2001) (dismissing interference claims based on pending trademark infringement suit); *Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1065, 1072 (N.D. Cal. 2005) (dismissing interference claims based on pending patent infringement suit).  Girafa makes two arguments in an attempt to avoid the bar presented by *PG&E*, neither of which have merit.

First, Girafa asserts that "sham litigation" creates an exception to *PG&E*'s requirement of awaiting resolution of the underlying suit.  (Opp. to anti-SLAPP at p. 12:17-20.)  This argument makes no sense—every claim based on the bad-faith filing and prosecution of a lawsuit is based

4

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE
PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW

1   on an allegation of "sham litigation."  Girafa's argument would render *PG&E* meaningless.

2          Likewise, there is no authority to support Girafa's argument.  Girafa claims that in *PG&E*,

3   "the Court explicitly recognized the *Noerr-Pennington* doctrine exception for 'sham petitions,

4   brought without probable cause for the purpose of harassment,'" and uses this to argue for a

5   "sham litigation" exception to the overall holding of the case.  (Opp. to anti-SLAPP at p. 12:17-

6   20.)  But there is no basis to make this leap.  The Court examined the "sham litigation" exception

7   to *Noerr-Pennington* in fashioning its own test, but expanded on and went beyond the *Noerr-*

8   *Pennington* exception by requiring that in order to state a claim for relief based on bad-faith

9   petitioning activity, a plaintiff cannot simply allege that "the [underlying] litigation was brought

10  without probable cause," but must also allege "that the [underlying] litigation concluded in

11  plaintiff's favor."  *PG&E*, 50 Cal. 3d at 1137.

12         Girafa's second argument is that the UCL does not fall within the scope of *PG&E*,

13  arguing that "Defendants have cited no case applying *Pacific Gas and Electric* to bar an unfair

14  competition claim premised on bad faith sham litigation."  (Opp. to anti-SLAPP at p. 13:2-3.)

15  But the fact that *PG&E* concerned a common-law claim makes no difference.  In *Rubin v. Green*,

16  4 Cal. 4th 1187, 1202 (1993), the California Supreme Court held that the policy underlying

17  *PG&E* applies to both statutory and common-law claims:  "[T]he policy of free access to the

18  courts underlying the [litigation] privilege [is] 'equally compelling in the context of common law

19  and statutory claims … there is no valid basis for distinguishing between the two.'"  And in

20  *Ludwig v. Superior Court*, 37 Cal.App.4th 8, 12 (1995), the Court of Appeal held that *PG&E*

21  applies to bar any claim based on the filing and prosecution of lawsuit, including the claims for

22  unfair competition that the plaintiff had asserted in that case:

23         Although the [*PG&E*] court did not hold that the plaintiff's only
           remedy against the defendant was a cause of action for malicious
24         prosecution, it did hold that the plaintiff's claims against the
           defendant must be measured by the standards applicable to a
25         malicious prosecution action. That is, the plaintiff "must allege that
           the litigation was brought without probable cause and that the
26         litigation concluded in plaintiff's favor." Thus, for Barstow to
           prevail it was essential that it provide a *prima facie* case on these
27         points no matter how it chose to label its claims.

28  *Id.* at 25 (emphasis added; internal citations omitted; quoting *PG&E*, 50 Cal.3d at 1137).  Thus,

REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE
PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW

1    the fact that Girafa asserts a statutory UCL claim is of no import—*PG&E* presents an absolute

2    bar while the Texas Action is still pending.

3        None of the cases cited by Girafa dictate a contrary result. *Monolithic Power Systems,*

4    *Inc. v. O2 Micro Int'l Ltd*. 2007 U.S. Dist. LEXIS 22556 (N.D. Cal. 2007) does not cite *PG&E* or

5    discuss the issue currently before this Court—i.e., whether Girafa can state a claim based on the

6    filing and prosecution of a lawsuit when that other lawsuit is still pending. In *Allergan Sales, Inc.*

7    *v. Pharmacia & Upjohn Inc*., 1997 U.S. Dist. LEXIS 7648 at *9 (S.D. Cal. 1997), the United

8    States District Court for the Southern District of California did decline to apply *PG&E* to a UCL

9    claim based on another pending action on the basis that "Pacific Gas, however, did not address

10    whether statutory claims under California's antitrust Cartwright Act and the Unfair Competition

11    Act may only be brought after resolution in the claimant's favor in the underlying action." But

12    *Allergan* is not controlling authority and it was incorrectly decided. The court in that case did not

13    cite or discuss either *Rubin* or *Ludwig*, which dictate that a UCL claim is subject to *PG&E*.

14        *PG&E* presents an absolute bar to Girafa's UCL claim. It therefore has no probability of

15    success on the merits and should be stricken.

16        **2.    Girafa Has Not Alleged Facts to Support a UCL Claim for "Unfair"**
         **Business Practices.**

17

18        In its opposition, Girafa also argues that it has a probability of success on the merits

19    because it has adequately alleged a claim for "unfair" business practices under the UCL.[2] This is

20    not the case. Girafa has not alleged any threat to competition, and it has therefore failed to state a

21    claim for relief.

22        In order to state a claim for "unfair" business practices, Girafa must allege "conduct that

23    threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those

24    laws because its effects are comparable to or the same as a violation of the law," or that "[the

25    conduct] otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v.*

26    *Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). In its opposition, Girafa relies on *In*

27

28    [2]    Girafa does not argue that it has any probability of success on claims for fraudulent or
         unlawful business practices, and so these claims should be stricken outright.

1    *re Acacia Media Technologies Corp.*, 2005 WL 1683660, 2005 U.S. Dist LEXIS 37009 (N.D.

2    Cal. 2005), for the proposition that the bad-faith filing of a patent infringement suit is "unfair"

3    because it is conduct that "threatens an incipient violation of an antitrust law, or violates the

4    policy or spirit of one of those laws ..., or otherwise significantly threatens or harms competition."

5    *Id.* at 2005 WL 1683660 *5. Girafa also relies on *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986,

6    993 (9th Cir.1979), which held that:

7         [Patent] infringement actions initiated and conducted in bad faith
          contribute nothing to the furtherance of the policies of either the
8         patent law or the antitrust law. The district court was correct in
          holding, in effect, that such actions may constitute an attempt to
9         monopolize violative of Section 2 of the antitrust law.

10        Although bad-faith patent litigation may constitute a basis for an antitrust claim, it does

11   not follow that every allegation of bad-faith patent litigation constitutes an antitrust violation or

12   that such litigation necessarily runs afoul of antitrust law or policy. In *Handgards*, the patent

13   litigation at issue was allegedly part of a scheme to monopolize an entire industry. The plaintiff

14   alleged that the defendant "attempted to create a monopoly in the disposable glove industry by

15   accumulating a number of the relevant patents no matter how weak or narrow and then instigating

16   a series of lawsuits in order to slowly litigate the competition out of business." *Handgards*, 601

17   F.2d at 990. Similarly, in *Acacia*, the plaintiff alleged that the defendant had engaged in a pattern

18   of filing baseless litigation "against Defendant and others in Defendant's industry." *Acacia*, 2005

19   WL 1683660 *5 (emphasis added).

20        There are no similar allegations in this case. Girafa instead alleges that Alexa initiated the

21   Texas Action in order to retaliate against Girafa for filing an earlier lawsuit in Delaware and to

22   divert Girafa's resources from the Delaware action. Girafa alleges that Alexa filed the Texas

23   Action "to put extreme financial pressure on Girafa to gain improper business and litigation

24   advantages and attempt to force Girafa out of business." (Opp. to anti-SLAPP at p. 11:11-19).[3]

25        The fact that Girafa might suffer some harm from the conduct alleged does not implicate

26

27   [3]   Girafa also cites *Monolithic Power Systems, Inc. v. O2 Micro Int'l Ltd*. 2007 U.S. Dist.
     LEXIS 22556 (N.D. Cal. 2007), but admits that the defendant in that case did not dispute the
28   issue of whether bad-faith patent infringement suits constitute "unfair" business practices. (Opp.
     to 12(b)(6) at p. 6:14-15). The case therefore has no relevance to the present motion.

                                                   7

1  antitrust law or policy. "[T]he antitrust laws are intended to protect the competitive process, not

2  to protect individual competitors." *Lloyd Design Corp. v. Mercedes Benz of North America, Inc*.,

3  66 Cal.App.4th 716, 724 n. 6 (1998) (citing *Atlantic Richfield Co. v. USA Petroleum Co.*, 495

4  U.S. 328, 342-345 (1990). If there is no actual or threatened harm to competition—as opposed to

5  harm to an individual competitor—a practice does not give rise to liability under either antitrust

6  laws or the UCL. *See Chavez v. Whirlpool Corp.*, 93 Cal.App.4th 363, 374 (2001) (upholding

7  dismissal of both antitrust and "unfair" UCL claims based on lack of harm to competition).

8  Girafa has not alleged any threat to competition, but only to itself. As a result, Girafa has

9  not alleged "conduct that threatens an incipient violation of an antitrust law, or violates the policy

10  or spirit of one of those laws" or "[conduct that] otherwise significantly threatens or harms

11  competition," and it has no probability of success on a claim for "unfair" business practices. *Cel-*

12  *Tech*, 20 Cal. 4th 163, 187 (1999).

### 3. Girafa Has Not Discharged Its Burden to Show a Probability of Success Against Niall O'Driscoll.

15  A large part of Girafa's opposition concerns specifics of the '548 patent at issue in the

16  Texas Action. Girafa recites the history and scope of the patent, and uses it to argue that the

17  Texas Action was initiated in bad faith. (Opp. to anti-SLAPP at pp. 13:7-20:13).

18  The factual points and evidence raised in this discussion have no bearing on Defendants'

19  anti-SLAPP motion because Girafa has no legal basis for its claims. Alexa certainly does not

20  agree with Girafa's claims about the validity of the Texas lawsuit and declines the invitation to

21  litigate whether Girafa infringes the '548 patent and correspondingly what the proper claim

22  construction is in the context of an anti-SLAPP motion especially when the claim itself is legally

23  barred.[4] The Court need not reach any issue regarding the '548 patent or the motivation behind

24  the filing of the Texas Action because, as previously discussed, the *PG&E* case is an absolute bar

25  to Girafa's UCL claim and because Girafa has not adequately alleged a basis for "unfair" business

---

26  [4] On page 17 of its opposition, Girafa refers to certain evidence submitted in connection with
27  the patent litigation currently proceeding in Delaware. Defendants note that the declarations to
   which Girafa refers were both filed under seal and any use of information contained in those
28  declarations outside of the litigation pending in Delaware would constitute a violation of the
   protective order entered in the Delaware action.

8

1   practices under the UCL.  When the appropriate time comes in Texas, Alexa will make the

2   validity of its lawsuit clear, as it will be required to do.  Finally, it goes without saying that when

3   a party chooses to sue another for patent infringement it likewise runs the risk of becoming a

4   defendant in a patent infringement action when its technology infringes.

5          It is equally noteworthy that Girafa does not argue or introduce evidence to show that

6   Niall O'Driscoll personally acted in bad faith with respect to the filing and prosecution of the

7   Texas Action.

8          Once a defendant establishes that a challenged cause of action arises from protected

9   activity, the burden shifts to the plaintiff to establish the probability that it will prevail on the

10  merits of its claims.  Code of Civil Procedure §425.16(b).  The plaintiff must establish—not just

11  through argument but through admissible evidence—that the acts constituting the cause of action

12  are not really privileged by the First Amendment or otherwise arising from protected activity *and*

13  that the claim is otherwise meritorious.  *Navellier v. Sletten*, 29 Cal. 4th 82, 94 (2002); s*ee also,*

14  *e.g., Greka Integrated, Inc. v. Lowery*, 133 Cal. App. 4th 1572, 1581 (2005); *Peregrine Funding,*

15  *Inc. v. Sheppard Mullin*, 133 Cal. App. 4th 658, 681-82 (2005).

16         Even assuming that Girafa's argument and evidence are sufficient to show a probability

17  that Alexa filed the Texas Action in bad faith, Girafa makes no effort to show how or why Niall

18  O'Driscoll would be personally liable.  At the very least, in order to hold O'Driscoll liable under

19  the UCL, Girafa must show that he "actively and directly participate[d] in the unfair business

20  practice."  *Bradstreet v. Wong*, 161 Cal.App.4th 1440, 1458 (2008).  Girafa has made no effort to

21  do so.

22         Girafa cannot simply rest on its allegation that O'Driscoll "knowingly encouraged,

23  induced, authorized, aided and abetted the filing of the Texas action." (Complaint, ¶ 33.)  Even if

24  this allegation were sufficient to state a claim for UCL liability, Girafa has the burden to support

25  this allegation with evidence.  In opposing an anti-SLAPP motion, a plaintiff "cannot simply rely

26  on its pleadings, even if verified, but must adduce competent, admissible evidence" to establish a

27  probability of prevailing on the merits.  *Roberts v. Los Angeles County Bar Ass'n*, 105

28  Cal.App.4th 604, 613-614 (2003).

9

1    Girafa has not attempted to introduce any evidence of O'Driscoll's involvement in any

2  allegedly unfair business practice.  The Court should therefore grant his special motion to strike

3  for this separate and independent reason.

4  **III.    <u>CONCLUSION</u>**

5    For the foregoing reasons, defendants Alexa and Niall O'Driscoll request that this Court

6  grant their special motion to strike the third claim for relief set forth in Girafa's complaint without

7  leave to amend.  Defendants also request that the Court award them, pursuant to Code of Civil

8  Procedure section 425.16(c), their reasonable attorneys' fees and costs in bringing this motion as

9  authorized by that statute.

DLA PIPER US LLP

10  Dated:  July 22, 2008

11                        By /s/ Elizabeth Day _____

12                             ELIZABETH DAY
                             elizabeth.day@dlapiper.com

13                             Attorneys For Defendants
14                             ALEXA INTERNET, INC. and NIALL
                             O'DRISCOLL

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEST\21499375.2          REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE
357317-000011            PLAINTIFF'S THIRD CLAIM FOR RELIEF; CV 08-02745 RMW