1   ELIZABETH DAY, Bar No. 177125
    elizabeth.day@dlapiper.com
2   GREGORY J. LUNDELL, Bar No. 234941
    greg.lundell@dlapiper.com
3   DLA PIPER US LLP
    2000 University Avenue
4   East Palo Alto, California 94303-2214
    Tel:  650.833.2000
5   Fax:  650.833.2001

6   JOHN R. HURLEY, Bar No. 203641
    john.hurley@dlapiper.com
7   DLA PIPER US LLP
    153 Townsend Street, Suite 800
8   San Francisco, CA  94107-1957
    Tel:  415.836.2500
9   Fax:  415.836.2501

10  THOMAS G. PASTERNAK (pro hac vice)
    thomas.pasternak@dlapiper.com
11  R. DAVID DONOGHUE, (pro hac vice)
    david.donoghue@dlapiper.com
12  DLA PIPER US LLP
    203 North LaSalle Street, Suite 1400
13  Chicago, IL 60601-1293
    Tel:  312.368.4000
14  Fax:  312.236.7516

15  Attorneys for Defendants
    ALEXA INTERNET, INC. and NIALL
16  O'DRISCOLL

17

18                    UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20                        SAN JOSE DIVISION

21  GIRAFA.COM, INC.,                    CASE NO.  CV 08-02745 RMW

22          Plaintiff,                   **REPLY IN SUPPORT OF DEFENDANTS'
                                         MOTION TO DISMISS PLAINTIFF'S
23      v.                               THIRD CLAIM FOR RELIEF UNDER
                                         FED. R. CIV. P. 12(b)(6)**
24  ALEXA INTERNET, INC.; NIALL
    O'DRISCOLL,                          Date:  September 5, 2008
25                                       Time:  9:00 am
            Defendants.                  Dept:  6, 4th Floor
26                                       Judge:  Ronald M. Whyte

27

28

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

1

## TABLE OF CONTENTS

2

Page

3    I.    INTRODUCTION. ................................................................................................ 1

4    II.   LEGAL ARGUMENT. ....................................................................................... 2

5          A.    The California Supreme Court's Holding in PG&E Precludes Girafa From
                 Basing a UCL Claim on the Filing and Prosecution of the Pending Texas
                 Action. ......................................................................................................... 2

6                1.    There is No Exception to PG&E for "Sham Litigation". ........................... 3

7                2.    UCL Claims Are Not Excepted from the Holding of PG&E. .................... 4

8          B.    Girafa Has Not Alleged Substantive Facts to Support Its UCL Claim. ................. 6

9                1.    "Unlawful" and "Fraudulent" Business Practices – Girafa Does Not
                       Oppose Defendants' Motion. ................................................................. 6

10               2.    "Unfair" Business Practices – Girafa Fails to Allege Violation of
                       Antitrust Law Or Policy. ....................................................................... 6

11         C.    Girafa Has Not Alleged Facts Sufficient to State a UCL Claim for Relief
                 Against Niall O'Driscoll. ............................................................................ 9

12   III.  CONCLUSION ............................................................................................... 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

-i-
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

1

## <u>TABLE OF AUTHORITIES</u>

2

### CASES

<u>Page</u>

3

4    *Allergan Sales, Inc. v. Pharmacia & Upjohn Inc.*,
       1997 U.S. Dist. LEXIS 7648 (S.D. Cal. 1997) ............................................... 5

5    *Atlantic Richfield Co. v. USA Petroleum Co.*,
6       495 U.S. 328 (1990)........................................................................................ 8

7    *Bernardo v. Planned Parenthood Fed'n of Am.*,
       115 Cal. App. 4th 322 (2004) ......................................................................... 6

8    *Bradstreet v. Wong*,
9       161 Cal.App.4th 1440 (2008) ......................................................................... 9

10   *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
        20 Cal. 4th 163 (1999) ............................................................................. 6, 7, 8

11   *Chavez v. Whirlpool Corp.*,
12      93 Cal.App.4th 363 (2001) ............................................................................. 8

13   *Formula One Licensing, B.V. v. Purple Interactive Ltd.*, No. C 00-2222 MMC,
        2001 U.S. Dist. LEXIS 2968 (N.D. Cal. 2001)........................................... 2, 4

14   *Handgards, Inc. v. Ethicon, Inc.*,
15      601 F.2d 986 (9th Cir.1979)........................................................................... 7

16   *In re Acacia Media Technologies Corp.*,
        2005 WL 1683660, 2005 U.S. Dist LEXIS 37009 ......................................... 7

17   *Lloyd Design Corp. v. Mercedes Benz of North America, Inc.*,
18      66 Cal.App.4th 716 (1998) ............................................................................. 8

19   *Ludwig v. Superior Court*,
        37 Cal.App.4th 8 (1995) ............................................................................. 1, 5

20   *Madrid v. Perot Systems Corp.*,
21      130 Cal.App.4th 440 (2005) ........................................................................... 9

22   *Monolithic Power Systems, Inc. v. O2 Micro Int'l Ltd.*,
        2007 U.S. Dist. LEXIS 22556 (N.D. Cal. 2007)...................................... 3, 4, 8

23   *Multimedia Patent Trust*,
24      525 F. Supp. 2d at 1217 (2007)...................................................................... 7

25   *Pacific Gas & Elec. Co. v. Bear Stearns & Co.*,
        50 Cal. 3d 1118 (1990) ...................................................................... 1, 2, 3, 4

26   *People v. Toomey*,
27      157 Cal. App. 3d 1 (1984)............................................................................... 9

28   *Rubin v. Green*,
        4 Cal. 4th 1187 (1993) ................................................................................ 4, 5

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

i

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

*South Bay Chevrolet v. Gen. Motors Acceptance Corp.*,
    72 Cal. App. 4th 861 (1999) ................................................. 6

*Visto Corp. v. Sproqit Techs., Inc.*,
    360 F. Supp. 2d 1064 (N.D. Cal. 2005) ....................................................... 2, 4

### **STATUTES**

Cal. Bus. & Prof. Code § 17200 ...................................................................... 1, 6, 9

Federal Rules of Civil Procedure, Rule 12(b)(6) .......................................................... 1

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

ii

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

1  **I.    INTRODUCTION.**

2      In a ten-page opposition brief, plaintiff Girafa spends only about half a page addressing

3  the central and dispositive issue in Defendants' Motion to Dismiss.  Specifically, Girafa cannot

4  state a claim under California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code

5  §17200, *et. seq*, based on the filing and prosecution of another lawsuit that is still pending.

6  Indeed, any such California claim—no matter how the claim is captioned—must meet the

7  requirements of a malicious prosecution action: (1) the underlying suit must have lacked probable

8  cause; ***and*** (2) it must have terminated in favor of the party asserting a claim based on the

9  underlying suit.  Because Girafa's third claim for relief is based on defendant Alexa's filing and

10 prosecution of a still-pending patent infringement suit in Texas (the "Texas Action"), Girafa has

11 no claim for relief.  Understandably so as all Alexa has done is file a patent lawsuit against Girafa

12 in order to protect its intellectual property from further infringement.  There is nothing illicit or

13 "sham" about this scenario, but rather, it is extremely common in intellectual property disputes

14 for each party to seek to protect its intellectual property rights.

15      Although this is the first and central issue raised in Defendants' Motion to Dismiss, Girafa

16 buries its short response on pages eight and nine of its opposition.  (Opp. to 12(b)(6) at pp. 8:18-

17 9:9).  The reason for this is plain—Girafa has no real argument.  Girafa asserts that because it

18 alleges the Texas Action is a "sham," it can state a cause of action now instead of waiting for

19 resolution of the Texas Action.  This argument runs directly afoul of the California Supreme

20 Court's holding that even where it is alleged that the "[underlying] litigation was brought without

21 probable cause," no claim can be stated unless "the [underlying] litigation concluded in plaintiff's

22 favor."  *Pacific Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1137 (1990) ("*PG&E*").

23 The fact that Girafa asserts statutory UCL claims rather than common-law claims makes no

24 difference.  The California Court of Appeal has applied *PG&E* to unfair competition claims,

25 stating that it controls regardless of the label given to the claims.  *Ludwig v. Superior Court*, 37

26 Cal.App.4th 8, 25 (1995).

27      This is not to say that Girafa's other arguments have merit.  To the contrary, Girafa's

28 factual allegations do not meet the substantive requirements for claims under the UCL.  Even if

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

-1-

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

1   true, the allegations do not constitute "unlawful, unfair, or fraudulent" business practices.

2   Moreover, Girafa has not alleged any facts to support individual liability on the part of Alexa's

3   CEO, Niall O'Driscoll.

4          But the Court need not reach these points. Girafa cannot overcome the threshold barrier

5   to its UCL claim. The Texas Action is still pending, and so Girafa has no claim under California

6   law based on the filing and prosecution of that action.

7   **II.    LEGAL ARGUMENT.**

8          **A.    The California Supreme Court's Holding in *PG&E* Precludes Girafa From
           Basing a UCL Claim on the Filing and Prosecution of the Pending Texas
9          Action.**

10         As discussed in Defendants' moving papers, the California Supreme Court has held that a

11  plaintiff cannot assert claims based on the filing and prosecution of a lawsuit until termination of

12  that underlying suit. In *Pacific Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1124

13  (1990) ("*PG&E*"), the Court cited California's strong public policy in favor of providing access

14  to the courts, and reasoned that allowing tort claims based on pending litigation would

15  impermissibly burden the right to petition for redress. *Id*. at 1131, 1137. Also as discussed in

16  Defendants' moving papers, judges of this Court have followed and relied on *PG&E* to dismiss

17  interference claims based on the filing and prosecution of still-pending trademark and patent

18  infringement suits. *See, e.g., Formula One Licensing, B.V. v. Purple Interactive Ltd.*, No. C 00-

19  2222 MMC, 2001 U.S. Dist. LEXIS 2968 (N.D. Cal. 2001) (dismissing interference claims based

20  on pending trademark infringement suit); *Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d

21  1064, 1065, 1072 (N.D. Cal. 2005) (dismissing interference claims based on pending patent

22  infringement suit).

23         The California Supreme Court's decision in *PG&E* is dispositive here. Like the claims at

24  issue in *PG&E*, *Formula One*, and *Visto Corp*., Girafa's UCL claim attempts to impose liability

25  for the filing and prosecution of a still-pending lawsuit. And like the claims in those cases,

26  Girafa's UCL claim is premature—Girafa has no possible claim for relief unless and until the

27  Texas Action terminates in its favor.

28

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

- 2 -
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

1.      **There is No Exception to *PG&E* for "Sham Litigation".**

In an attempt to escape the holding of *PG&E*, Girafa argues that there is an exception to its holding in the case of "sham litigation."  Girafa cites the fact that "sham litigation" creates an exception to the *Noerr-Pennington* antitrust doctrine, and argues that *PG&E* "explicitly recognized the *Noerr-Pennington* doctrine exception for 'sham petitions, brought without probable cause for the purpose of harassment.'"  (Opp. to 12(b)(6) at pp. 8:18-9:9.)  Girafa then reasons that its UCL claim "is fully cognizable" because it is based on allegations that the Texas Action is "bad faith sham litigation."  (Opp. to 12(b)(6) at p. 9:3-4.)

Girafa's argument is based on a gross misreading of *PG&E*.  There is no exception to its holding based on "sham litigation."  To the contrary, the idea of "sham litigation" is already incorporated in the first part of the PG&E test—lack of probable cause in the underlying suit.  The *PG&E* Court stated that there is an exception to the *Noerr-Pennington* doctrine for "sham" litigation, but it did so in the context of developing its own test.  The Court noted that the policies underlying *Noerr-Pennington* had been applied to determine "the reach of the cause of action for malicious prosecution."  *PG&E*, 50 Cal. 3d at 1135.  Thus, the *PG&E* decision discusses the "sham" exception to *Noerr-Pennington* as analogous to the first requirement for a malicious prosecution claim—i.e., that the underlying claim must have been brought in bad faith.  *See id.* at 1135-37.

However, as the *PG&E* Court discussed, there is a temporal limitation on claims for malicious prosecution (and therefore to other claims seeking to impose liability for the filing and prosecution of a lawsuit) that goes above and beyond the "sham" exception to *Noerr-Pennington*.  Specifically, in order to state a claim for relief, a plaintiff cannot simply allege that "the [underlying] litigation was brought without probable cause," but must also allege "that the [underlying] litigation concluded in plaintiff's favor."  *PG&E*, 50 Cal. 3d at 1137.

In its opposition, Girafa cites *Monolithic Power Systems, Inc. v. O2 Micro Int'l Ltd.* 2007 U.S. Dist. LEXIS 22556 (N.D. Cal. 2007), as support for the proposition that "Girafa's unfair competition claim based on that bad faith sham litigation [the Texas Action] is fully cognizable."  (Opp. to 12(b)(6) at p. 9:3-7.)  This citation is completely inapposite. *Monolithic Power Systems*

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

- 3 -

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

1   does not cite *PG&E* or discuss the issue currently before this Court—i.e., whether Girafa can

2   state a claim based on the filing and prosecution of a lawsuit when that other lawsuit is still

3   pending.  The fact that the defendant in *Monolithic Power Systems* failed to raise the issue is

4   certainly not binding on Defendants here.

5        Again, *PG&E* holds that in order to state claim for relief based on the filing and

6   prosecution of a lawsuit, a plaintiff cannot simply allege that "the litigation was brought without

7   probable cause," but must also allege "that the [underlying] litigation concluded in plaintiff's

8   favor."  *PG&E*, 50 Cal. 3d at 1137.  Girafa cannot satisfy this second requirement while the

9   underlying Texas Action is still pending, and its UCL claim must therefore be dismissed.

10          **2.      UCL Claims Are Not Excepted from the Holding of *PG&E*.**

11       Girafa attempts to distinguish *Visto Corp*. and *Formula One*—cases in which this Court

12  followed and relied on *PG&E*—because they concerned common-law tort claims rather than

13  statutory UCL claims.  (Opp. to 12(b)(6) at p. 9 n. 6.)  Girafa argues in a footnote that

14  "Defendants have cited no case applying *Pacific Gas and Electric* to bar an unfair competition

15  claim premised on bad faith sham litigation."  (Opp. to 12(b)(6) at p. 9 n. 6.)

16       Girafa's argument turns on a distinction without a difference.  The California courts have

17  made abundantly clear that statutory UCL claims are not privileged or preferred over common-

18  law claims.  Where UCL claims threaten protected rights, the California courts will dismiss them

19  on the same grounds as a common-law tort claim.  Moreover, the California Court of Appeal has

20  in fact applied *PG&E* to bar unfair competition claims premised on bad faith sham litigation

21       In *Rubin v. Green*, 4 Cal. 4th 1187 (1993), the California Supreme Court held that UCL

22  claims are subject to California's litigation privilege.  In so ruling, the Court reasoned that "the

23  policy of free access to the courts underlying the [litigation] privilege [is] 'equally compelling in

24  the context of common law and statutory claims … there is no valid basis for distinguishing

25  between the two.'"  *Id.* at 1202 (quoting *Ribas v. Clark*, 38 Cal.3d 355, 364 (1985)).  The Court

26  concluded that the protections of the litigation privilege "should not evaporate merely because the

27  plaintiff discovers a conveniently different label for pleading what is in substance an identical

28  grievance arising from identical conduct."  *Id.* at 1203.  The same rationale applies here.  Girafa

DLA PIPER US LLP
SAN FRANCISCO

- 4 -

WEST\21498233.2
357317-000011

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

1    cannot place a UCL label on its claim in order to bypass *PG&E.*

2         Girafa does cite one case in support of the argument that Girafa attempts to make in its

3    opposition. In *Allergan Sales, Inc. v. Pharmacia & Upjohn Inc.*, 1997 U.S. Dist. LEXIS 7648 at

4    *9 (S.D. Cal. 1997), the United States District Court for the Southern District of California

5    declined to apply *PG&E* to dismiss a UCL claim based on the filing and prosecution of another

6    pending action. In so doing, the court stated that "Pacific Gas, however, did not address whether

7    statutory claims under California's antitrust Cartwright Act and the Unfair Competition Act may

8    only be brought after resolution in the claimant's favor in the underlying action."

9         With all due respect, the *Allergan* case was incorrectly decided. As discussed previously,

10   the California Supreme Court has held that the policy of providing free access to the courts—the

11   policy underlying *PG&E*—is "equally compelling in the context of common law and statutory

12   claims." *Rubin*, 4 Cal. 4th at 1202. Just as important, the California Court of Appeal has held

13   that *PG&E* applies to any and all claims based on the filing and prosecution of a lawsuit.

14        In *Ludwig v. Superior Court*, 37 Cal.App.4th 8, 12 (1995), the plaintiff asserted claims for

15   interference with contractual relations and prospective economic advantage—and unfair

16   competition—based on a number of alleged misdeeds, including the filing and prosecution of an

17   allegedly "meritless" lawsuit. The defendant in *Ludwig* brought a special motion to strike under

18   California's anti-SLAPP statute, and petitioned for a writ of mandate when the motion was

19   denied. *Id.* at 11-12. The Court of Appeal granted defendant's petition, and in so doing, held that

20   *PG&E* applied regardless of how the causes of action were characterized:

21            Although the [*PG&E*] court did not hold that the plaintiff's only
22            remedy against the defendant was a cause of action for malicious
              prosecution, it did hold that the plaintiff's claims against the
23            defendant must be measured by the standards applicable to a
              malicious prosecution action. That is, the plaintiff "must allege that
24            the litigation was brought without probable cause and that the
              litigation concluded in plaintiff's favor." Thus, for Barstow to
25            prevail it was essential that it provide a *prima facie* case on these
              points **no matter how it chose to label its claims**.

26   *Id.* at 25 (emphasis added; internal citations omitted; quoting *PG&E*, 50 Cal.3d at 1137). Like

27   the unfair competition claims in *Ludwig*, Girafa's UCL claim is subject to the holding of *PG&E*.

28   In order to state a claim, Girafa must allege that the Texas Action concluded in its favor—

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

- 5 -

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

1    something it cannot do while that case is still pending.

2        In sum, Girafa cannot use California law to collaterally attack, burden, and undermine

3    pending litigation.  Girafa's UCL claim must be dismissed.

4        **B.    Girafa Has Not Alleged Substantive Facts to Support Its UCL Claim.**

5        In addition to being barred by *PG&E*, Girafa's UCL claim is more substantively flawed –

6    it has not alleged the basic factual predicates for "unlawful, unfair and fraudulent" business

7    practices.  Cal. Bus. & Prof. Code § 17200.

8            **1.    "Unlawful" and "Fraudulent" Business Practices – Girafa Does Not**
             **Oppose Defendants' Motion.**

9

10       In its complaint, Girafa attempts to state claims for relief on all three prongs of the UCL,

11   alleging that "ALEXA and O'DRISCOLL have committed and continue to commit … unlawful,

12   unfair and fraudulent conduct …."  (Complaint, ¶ 35.)

13       As discussed in Defendants' moving papers, Girafa has not stated a claim for "unlawful"

14   business practices because it fails to identify the "statute, regulation or law" which the Defendants

15   allegedly violated.  *Bernardo v. Planned Parenthood Fed'n of Am.*, 115 Cal. App. 4th 322, 352

16   (2004).  And Girafa has no claim for "fraudulent" business practices because it has not alleged

17   any conduct that would be likely to deceive.  *South Bay Chevrolet v. Gen. Motors Acceptance*

18   *Corp.*, 72 Cal. App. 4th 861, 865 (1999).

19       Girafa offers no argument on these points, instead resting on the "unfair" prong of the

20   UCL.  (Opp. to 12(b)(6) at p. 4:5-7.)  Girafa asserts that it does not "conced[e] that Alexa has not

21   violated the 'unlawful' or 'fraudulent' competition."  (Opp. to 12(b)(6) at p. 4:5-6.)  But because

22   Girafa offers no argument regarding its claims for "unlawful" and "fraudulent" business practices,

23   its claims under these prongs of the UCL should be dismissed.

24           **2.    "Unfair" Business Practices – Girafa Fails to Allege Violation of**
             **Antitrust Law Or Policy.**

25

26       The parties agree that the California Supreme Court decision in *Cel-Tech Commc'ns, Inc.*

27   *v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999), provides the standard of decision

28   for Girafa's claim of "unfair" business practices.  Following *Cel-Tech*, Girafa's claim must be

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

- 6 -

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

1  based on "conduct that threatens an incipient violation of an antitrust law, or violates the policy or

2  spirit of one of those laws because its effects are comparable to or the same as a violation of the

3  law," or on allegations that "[the conduct] otherwise significantly threatens or harms

4  competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187

5  (1999).  As with the other prongs of the UCL, a plaintiff asserting a claim of "unfair" business

6  practices must "state with reasonable particularity the facts supporting the statutory elements of

7  the violation." *Multimedia Patent Trust*, 525 F. Supp. 2d at 1217 (2007).

8         In its opposition, Girafa relies on *In re Acacia Media Technologies Corp.*, 2005 WL

9  1683660, 2005 U.S. Dist LEXIS 37009, for the proposition that the bad-faith filing of a patent

10  infringement suit is "unfair" because it is conduct "threatens an incipient violation of an antitrust

11  law, or violates the policy or spirit of one of those laws ..., or otherwise significantly threatens or

12  harms competition." *Id.* at 2005 WL 1683660 *5.

13        In reaching this holding, *Acacia* relied on the Ninth Circuit case *Handgards, Inc. v.*

14  *Ethicon, Inc.*, 601 F.2d 986, 993 (9th Cir.1979), which stated:

15             [Patent] infringement actions initiated and conducted in bad faith
              contribute nothing to the furtherance of the policies of either the
16             patent law or the antitrust law. The district court was correct in
              holding, in effect, that such actions may constitute an attempt to
17             monopolize violative of Section 2 of the antitrust law.

18        Defendants do not dispute the holdings of either *Acacia* or *Handgards*—but there is a

19  significant distinction between those cases and the present action.  In *Handgards*, the patent

20  litigation at issue was allegedly part of a scheme to monopolize an entire industry.  The plaintiff

21  alleged that the defendant "attempted to create a monopoly in the disposable glove industry by

22  accumulating a number of the relevant patents no matter how weak or narrow and then instigating

23  a series of lawsuits in order to slowly litigate the competition out of business." *Handgards*, 601

24  F.2d at 990.  Similarly, in *Acacia*, the plaintiff alleged that the defendant had engaged in a pattern

25  of filing baseless litigation "against Defendant and others in Defendant's industry." *Acacia*, 2005

26  WL 1683660 *5 (emphasis added).  This behavior stands in sharp contrast to the facts here, where

27  Alexa has just filed a patent lawsuit as part of an ongoing business dispute between the

28  companies and the merits of the case are far from being determined.

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

1    Moreover, in contrast, Girafa does not allege any threat to competition in any market or

2    industry.  Girafa makes conclusory statements that Alexa and O'Driscoll have engaged in

3    "anticompetitive" conduct, but does not state how the conduct is anticompetitive.  (Complaint,

4    ¶ 35.)  Girafa does not identify any relevant product or geographic markets, nor does it describe

5    how any competition in such a market might be harmed.

6    Girafa instead alleges that Alexa initiated the Texas Action in order to retaliate against

7    Girafa for filing an earlier lawsuit in Delaware and to divert Girafa's resources from the Delaware

8    action.  Girafa alleges that Alexa filed the Texas Action "to put extreme financial pressure on

9    Girafa to gain improper business and litigation advantages and attempt to force Girafa out of

10   business."  (Opp. to 12(b)(6) at p. 7:12-20.)[1]

11   If multiplication of litigation and its attendant costs were really a threat to Girafa's

12   business, it would not have initiated this new suit in California.  More important, the fact that

13   Girafa might suffer some harm from the conduct alleged does not mean that antitrust law or

14   policy is implicated.  "[T]he antitrust laws are intended to protect the competitive process, not to

15   protect individual competitors."  *Lloyd Design Corp. v. Mercedes Benz of North America, Inc*.,

16   66 Cal.App.4th 716, 724 n. 6 (1998) (citing *Atlantic Richfield Co. v. USA Petroleum Co.*, 495

17   U.S. 328, 342-345 (1990).  If there is no actual or threatened harm to competition—as opposed to

18   harm to an individual competitor—a practice does not give rise to liability under either antitrust

19   laws or the UCL.  *See Chavez v. Whirlpool Corp.*, 93 Cal.App.4th 363, 374 (2001) (upholding

20   dismissal of both antitrust and "unfair" UCL claims based on lack of harm to competition).

21   In sum, Girafa has not alleged "conduct that threatens an incipient violation of an antitrust

22   law, or violates the policy or spirit of one of those laws" or "[conduct that] otherwise significantly

23   threatens or harms competition."  *Cel-Tech*, 20 Cal. 4th 163, 187 (1999).  Girafa has only alleged

24   a threat of harm to itself, and has therefore failed to state a claim for "unfair" business practices.

25

26   ───────────────

27   [1]    Girafa also cites *Monolithic Power Systems, Inc. v. O2 Micro Int'l Ltd*. 2007 U.S. Dist.
      LEXIS 22556 (N.D. Cal. 2007), but admits that the defendant in that case did not dispute the
      issue of whether bad-faith patent infringement suits constitute "unfair" business practices.  (Opp.
28   to 12(b)(6) at p. 6:14-15.)  The case therefore has no relevance to the present motion.

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

- 8 -

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

C.     **Girafa Has Not Alleged Facts Sufficient to State a UCL Claim for Relief Against Niall O'Driscoll.**

In its opposition, Girafa argues that it can state a claim against Niall O'Driscoll under the UCL "not … on any alter ego theory," but on the basis that "it is well established that an owner or an officer of a corporation may be individually liable under the UCL if he or she actively and directly participates in the unfair business practice." (Opp. to 12(b)(6) at pp. 9:12-13, 9:19-10:2 (quoting *Bradstreet v. Wong*, 161 Cal.App.4th 1440, 1458 (2008).) Girafa argues that because O'Driscoll is the CEO of Alexa, he "participates in the management of Alexa" and can therefore be held responsible under the UCL for the corporation's acts. (Opp. to 12(b)(6) at p. 10:9-10.)

Although UCL case law does not apply the same strict requirements as normal alter ego liability, those cases imposing UCL liability against corporate management do nevertheless require direct involvement by the individuals charged. Thus, in *People v. Toomey*, 157 Cal. App. 3d 1, 15-16 & n. 5 (1984), the California Court of Appeal held that the owner and managing principal of a corporation could be held liable under the UCL where he "personally participated in the misleading advertising" and where he dominated and controlled the company—"Toomey was in essence, the company." There are no such allegations against O'Driscoll here.

In addition, Girafa's opposition actually points out another reason why it has no claim against O'Driscoll. Girafa concedes that "not all of the remedies allowed for violation of § 17200 may be available against the defendant in his individual capacity." (Opp. to 12(b)(6) at p. 9:18-19.) This is important because where there is no available UCL remedy, there is no UCL claim for relief. *See Madrid v. Perot Systems Corp.*, 130 Cal.App.4th 440, 462 (2005) (upholding dismissal of UCL claim where allegations did not support UCL remedies of restitution or injunction).

The importance of this issue is illustrated by a case Girafa cites. In *Bradstreet v. Wong*, 161 Cal.App.4th 1440, 1458 (2008), the Court of Appeal held that employees who had not been paid all wages due had no monetary remedy against corporate principals under the UCL because the corporate principals had not personally received the benefit of the unpaid wages. Similarly, Girafa has no UCL claim against O'Driscoll because it has no remedy against him.

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

- 9 -
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW

1    Although Girafa prays for injunctive relief in its complaint, there is no basis for an

2    injunction against O'Driscoll.  Girafa's UCL claim is based on the filing and prosecution of the

3    Texas Action—and Girafa admits that defendant Alexa filed that lawsuit, not O'Driscoll.

4    (Complaint, ¶ 33.)  The point is that there is no basis for an injunction as the corporation is the

5    party to the lawsuit that is allegedly harming Girafa.  Even if O'Driscoll "is the Chief Executive

6    Officer of ALEXA" and he "knowingly encouraged, induced, authorized, aided and abetted the

7    filing of the Texas action" (Complaint, ¶¶ 3, 33), an injunction against him personally would do

8    nothing to abate the ongoing Texas Action.

9    Although Girafa argues that Alexa's Texas Action is "sham litigation," the real sham

10    litigation is here.  Girafa appears to have included O'Driscoll in this lawsuit for the purely

11    strategic purpose of supporting its argument that California is the best venue for the parties'

12    dispute.  Girafa has no basis for individual relief against O'Driscoll, and the Court should dismiss

13    Girafa's own "sham litigation" against him.

14    **III.    CONCLUSION**

15    Girafa cannot assert UCL claims based on alleged bad faith litigation unless and until the

16    Texas Action is concluded in its favor, and it has not alleged facts supporting claims of

17    "unlawful, unfair and fraudulent" business practices against either Alexa or O'Driscoll.  For the

18    reasons set forth herein and in Defendants' moving papers, the Court should dismiss Girafa's

19    third claim for relief.

20    Dated:  August 22, 2008

21                                                    DLA PIPER US LLP

22                                                    By /s/ Elizabeth Day

23                                                    ELIZABETH DAY
                                                     elizabeth.day@dlapiper.com

24                                                    Attorneys For Defendants
25                                                    ALEXA INTERNET, INC. and NIALL
                                                     O'DRISCOLL

26

27

28

DLA PIPER US LLP
SAN FRANCISCO

WEST\21498233.2
357317-000011

- 10 -

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD CLAIM FOR RELIEF UNDER FRCP 12(b)(6); CV 08-02745 RMW