ELIZABETH DAY, Bar No. 177125
elizabeth.day@dlapiper.com
GREGORY J. LUNDELL, Bar No. 234941
greg.lundell@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

JOHN R. HURLEY, Bar No. 203641
john.hurley@dlapiper.com
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, CA 94107-1957
Tel: 415.836.2500
Fax: 415.836.2501

THOMAS G. PASTERNAK (pro hac vice)
thomas.pasternak@dlapiper.com
R. DAVID DONOGHUE (pro hac vice)
david.donoghue@dlapiper.com
DLA PIPER US LLP
203 North LaSalle Street, Suite 1400
Chicago, IL 60601-1293
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Defendants
ALEXA INTERNET, INC. and NIALL O'DRISCOLL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GIRAFA.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEXA INTERNET, INC.; NIALL O'DRISCOLL, <br><br> Defendants. | CASE NO. CV 08-2745 RMW <br><br> **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY** <br><br> Date: September 5, 2008 <br> Time: 9:00 am <br> Dept: 6, 4th Floor <br> Judge: Honorable Ronald M. Whyte |

DLA PIPER US LLP
SAN FRANCISCO

WEST\21496481.2
357317-000011

REPLY BRIEF ISO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY;
CV 08-2745 RMW

## I. **INTRODUCTION.**

Girafa filed the above-titled case nearly three months after Alexa asserted its patent in the Eastern District of Texas. Now, Girafa takes the position that its later-filed action should somehow vitiate Alexa's decision to seek protection on its patent in Texas -- where Alexa's patent is being infringed. Adopting Girafa's position would mean that "a defendant could vitiate a plaintiff's forum choice anytime it chose, simply by filing a claim in a second venue." *BorgWarner, Inc. v. Hilite Int'l, Inc.*, Memorandum Opinion and Order in Case No. 07-cv-3339 (N.D. Ill. August 14, 2008) (attached as Ex. A to the Declaration of Gregory J. Lundell In Support of Defendant's Reply (the "Lundell Decl.")). Such a result cannot be countenanced, and Girafa provides no sound reason for doing so here.

The first-to-file doctrine applies in this case, and Girafa cannot shoe-horn this case into any recognized exception to the first-to-file doctrine. Girafa relies on its unfair competition claim to attempt to overcome application of the doctrine. As discussed in detail in Alexa's co-pending motions, however, Girafa has no basis for alleging unfair competition. Alexa has every right to assert its patent rights wherever they are violated. Likewise, Girafa alleges forum shopping, but neglects to recognize that U.S. Patent No. 6,282,548 gives Alexa protectable property rights in Texas and "that the material events of a patent infringement case do not revolve around any particular situs." *BorgWarner*, Memorandum Opinion and Order in Case No. 07-cv-3339, p. 7 (Lundell Decl., Ex. A). Finally, as an Israel/Delaware-based Internet company, Girafa is just as amenable to "convenient" litigation in Texas as it is in California and Girafa does not deny this fact. Because Girafa failed to show that the first-to-file doctrine does not apply to this case, Alexa respectfully requests that following this Court's decision to dismiss or strike Girafa's unfair competition claim, it should dismiss or transfer Girafa's patent declaratory judgment claims. Should this Court decline to dismiss or strike Girafa's unfair competition claims at this time, Alexa respectfully requests that this Court stay Girafa's patent declaratory judgment claims pending the outcome of Alexa's first-filed litigation in Texas.

DLA PIPER US LLP
SAN FRANCISCO

WEST\21496481.2
357317-000011

- 1 -
REPLY BRIEF ISO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY;
CV 08-2745 RMW

## II. THE FIRST-TO-FILE DOCTRINE APPLIES.

### A. Girafa Does Not and Cannot Dispute That the First-To-File Doctrine Applies.

Girafa's Opposition fails to contest that the first-to-file doctrine dictates dismissal, transfer or stay of Girafa's declaratory judgment claims. Indeed, Girafa articulates no facts and cites no authority to preclude this Court's application of the first-to-file doctrine. Girafa's only argument against the application of the first-to-file doctrine comes in a footnote and is simply wrong. *See* Opposition at n. 4. Mr. O'Driscoll has nothing to do with Girafa's declaratory judgment claims, the claims to which Alexa's motion is directed. Mr. O'Driscoll is only implicated in this action as a result of Girafa's unfair competition claim, which as explained in the two accompanying replies filed herewith, lacks merit. Opposition, p. 4. It remains unclear why Mr. O'Driscoll was individually named when Girafa claims no remedy to its unfair competition claim that is unique to Mr. O'Driscoll, does not seek to pierce the corporate veil in order to reach him personally, and offers no real explanation for why it chose to bring an individual into the course of business litigation. Girafa's curious decision to individually name Mr. O'Driscoll aside, Girafa does not and cannot deny that "(1) the chronology of the actions; (2) the identity of the parties; and (3) the similarity of the issues at stake" all favor application of the first-to-file doctrine. Opposition, pp. 4-5.

Alexa agrees that application of the first-to-file doctrine is within the Court's discretion. Alexa does disagree, however, with Girafa's incorrect summary of the *Serco* case. *Serco Servs. Co. L.P. v. Kelley Co.*, 51 F.3d 1037 (Fed. Cir. 1995). It is Federal Circuit law that "[w]e apply the general rule favoring the forum of the first-filed case, 'unless considerations of judicial and litigant economy, requires otherwise.'" *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 and *Serco*, 51 F.3d at 1039). Moreover, the holding of *Serco*, apart from its recitation of the general rule, is limited to the circumstances where the declaratory judgment action was the first-filed action. *Serco*, 51 F.3d at 1039 ("The first-filed action is preferred, even if it is *declaratory* …") (emphasis added). Girafa's declaratory action is the second-filed action on the '548 patent and no conditions "require" this Court to hear Girafa's claims. Girafa cites no other authority that suggests another

DLA PIPER US LLP
SAN FRANCISCO

WEST\21496481.2
357317-000011

- 2 -
REPLY BRIEF ISO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY;
CV 08-2745 RMW

solution apart from applying the first-to-file rule in this case to dismiss, transfer or stay Girafa's declaratory judgment claims.

### B. No Exceptions to the First-To-File Doctrine Apply in This Case.

Girafa fails to identify a viable exception to the first-to-file rule that would negate the rule's application to this case (and none do). The first-to-file doctrine operates to prevent a plaintiff's initial choice of forum from being unjustly undermined. Girafa is attempting to undermine Alexa's choice by raising nearly identical patent claims to Alexa's Texas claims and then attempting to use its ill-founded unfair competition claim to "make it stick." Other district courts firmly agree. *See, e.g., BorgWarner,* Memorandum Opinion and Order in Case No. 07-cv-3339 at p. 10 (Lundell Decl., Ex. A).

#### 1. Alexa's Texas Lawsuit is Not a Lawsuit in Bad Faith That Can Support Deviation from the First-To-File Doctrine.

Girafa asserts, without a shred of authority or analysis, that Alexa's Texas lawsuit amounts to a bad faith exception to the first-to-file doctrine. In fact, no authority exists to support Girafa's allegations that Alexa's decision to enforce its patent rights amounts to bad faith capable of supporting an exception to the first-to-file doctrine. Girafa's argument is also notably void of any traditional recognized indicia of bad faith. *See, e.g., Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 960-62 (N.D. Cal. Mar. 19, 2008) (analyzing and rejecting indicia of bad faith as basis for applying the first-to-file doctrine); *see also Koresko v. Nationwide Life Ins. Co.*, 403 F. Supp. 2d 394, 402-03 (E.D. Pa. 2005) (noting that bad faith circumstances warranting exception to the first-to-file rule included filing a lawsuit during the middle of ongoing settlement negotiations and not telling the opposing attorneys of the filing). Alexa's co-pending motions also address, in detail, why Girafa's accusation of bad faith must fail. Girafa's arguments here cannot support a bad faith exception to the first-to-file doctrine.

#### 2. Alexa's Texas Lawsuit Does Not Amount to Forum Shopping That Can Support Deviation From the First-To-File Doctrine.

Again, without a shred of authority or analysis, Girafa concludes that Alexa engaged in forum shopping when it filed its lawsuit in Texas. Conclusory statements such as lack of

DLA PIPER US LLP
SAN FRANCISCO

WEST\21496481.2
357317-000011

- 3 -
REPLY BRIEF ISO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY;
CV 08-2745 RMW

apparent connection with a particular forum or inconvenience to a party "cannot support a finding of forum shopping by the Court." *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 410 (E.D. Pa. 2008) (transferring declaratory judgment claims in a patent lawsuit to the Eastern District of Texas pursuant to the first-to-file doctrine over claims of forum shopping). Girafa fails to identify any substantive evidence that Alexa has engaged in forum shopping and therefore cannot use forum shopping as an escape from the first-to-file doctrine.

### 3. California Presents No Conveniences That Can Support Deviation From the First-To-File Doctrine.

Finally, as discussed below, California is not a more convenient forum in which to litigate Alexa's patent rights. Girafa fails to demonstrate how litigating in Texas will deprive it of evidence necessary to support its defenses, to the extent such evidence exists anywhere.

## III. TRANSFER IS APPROPRIATE UNDER 28 U.S.C. § 1404(A).

### A. Texas is a Proper Forum for Girafa's Declaratory Judgment Claims.

Girafa's argument that California is a more convenient forum for litigation ignores the fact that Alexa seeks only to transfer Girafa's declaratory judgment claims to Texas, and not the unfair competition claim, if it survives. In light of Alexa's decision to file affirmative patent infringement claims in the Eastern District of Texas and Girafa's ubiquitous existence in the United States, Girafa's argument that California is a more convenient forum to the parties carries no weight. Girafa only identifies tangential and speculative third parties that, on the chance they are required to appear at trial, would be forced to travel to Texas. It is notable that in neither its Motion to Transfer in Texas nor its Opposition here, has Girafa identified any specific testimony that it expects to secure only from these witnesses. Girafa apparently has not even attempted to contact these parties to investigate whether they refuse to appear in Texas. In any case, Girafa ignores the most salient facts: Alexa already brought claims of infringement against Girafa in Texas; and Texas has the same interest in seeing just adjudication of patent claims as California.

DLA PIPER US LLP
SAN FRANCISCO

WEST\21496481.2
357317-000011

- 4 -
REPLY BRIEF ISO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY;
CV 08-2745 RMW

### B. Girafa Should Have Brought Its Declaratory Judgment Claims in the Eastern District of Texas.

Girafa's declaratory judgment claims are claims that could have, and should have, already been asserted in Texas. Nowhere does Girafa deny that its Internet product and services, the accused product and services, are available in the Eastern District of Texas. Girafa has never moved to dismiss the Eastern District of Texas lawsuit for lack of personal jurisdiction. Indeed, as noted in Alexa's opening papers, Girafa admits jurisdiction in Texas is proper.

Girafa attempts to get around this fact with reference to its unfair competition claim. This attempt fails. First, Alexa has two motions pending to dismiss and/or strike this claim. If the Court grants either motion, Girafa's argument that its unfair competition claim anchors its declaratory judgment claims in California evaporates. Second, in the event the Court declines to grant either of Alexa's motions, Alexa has requested severance and transfer of Girafa's declaratory judgment claims. *See* Alexa's Motion to Dismiss, Transfer or Stay, p. 12. Girafa's declaratory judgment claims should not proceed here, independently of the affirmative lawsuit in Texas. Such an arrangement would carry the potential for inconsistent rulings and would truly inconvenience party and non-party witnesses. Girafa has not and cannot present any reason why it makes sense to proceed on these claims in parallel along with the case pending in Texas.

### C. Texas Has a Genuine Interest in Adjudicating Alexa's Patent Rights.

Girafa claims that "[b]ecause Texas has no interest in this case, there is no local interest served by Alexa litigating its claims against Girafa in that state." Opposition, p. 12. This is flat wrong: "the citizens of this venue [the Eastern District of Texas] have an interest in adjudicating issues of patent infringement with respect to products sold in the Eastern District of Texas." *See, e.g., Tidel Eng'g, L.P. v. Fire King Int'l, Inc.*, 2008 WL 899345, slip op. at *3 (E.D. Tex. March 31, 2008); *see also Medtronic, Inc. v. Cordis Corp.*, 2008 WL 858680, slip op. at *2 (E.D. Tex. March 31, 2008). The Internet is ubiquitous in its availability. Accordingly, a company doing business on the Internet and violating U.S. patent rights should be prepared to defend itself in any jurisdiction.

DLA PIPER US LLP
SAN FRANCISCO

WEST\21496481.2
357317-000011

- 5 -
REPLY BRIEF ISO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY;
CV 08-2745 RMW

None of the other "public factors" favor litigating Girafa's declaratory judgment claims in California. The respective caseload statistics for the Eastern District of Texas and the Northern District of California do not present a clear directive to transfer to Texas or maintain Girafa's declaratory judgment claims in California. Maintaining the declaratory claims in California creates a significant risk that parallel proceedings will proceed simultaneously, a result that should be avoided. No other public factor, including the Texas Court's familiarity with California unfair competition law, prevented this Court from transferring nearly identical claims to Texas. *CoxCom, Inc. v. Hybrid Patents, Inc.*, 2007 WL 2500982 (N.D. Cal 2007) (slip op.).

### D. Litigating in California and Texas Creates an Enormous Inconvenience to Party and Non-Party Witnesses.

Avoiding circumstances where the same witness would be called in two different forums to address essentially the same issues amounted to "the most significant factor" in this Court's recent decision regarding transfer. *CoxCom,* 2007 WL 2500982, at *2 & n.4. Allowing Girafa's declaratory judgment claims to proceed in California would result in exactly those circumstances. Parallel proceedings would force the same witnesses to appear in both the Northern District of California and the Eastern District of Texas to address the issues of infringement and validity of the '548 patent.

Girafa's attempts to distinguish *CoxCom* miss the point. In *CoxCom*, this Court was faced with declaratory judgment claims and a § 17200 unfair competition claim. This Court recognized that the claims before it were retaliatory to another lawsuit dealing with the same patents that was filed months earlier in the Eastern District of Texas (where neither party was resident). (Lundell Decl., Ex. B (Hybrid is located in Fort Worth, TX, which is within the Northern District of Texas.)) Finding that the claims before it would likely be consolidated by the Texas Court, this Court declined to force witnesses to appear in both courts and ordered the entire action transferred to Texas. *CoxCom*, 2007 WL 2500982, **3-4. The circumstances here are nearly identical and warrant the same outcome.

DLA PIPER US LLP
SAN FRANCISCO

WEST\21496481.2
357317-000011

- 6 -
REPLY BRIEF ISO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY;
CV 08-2745 RMW

### E. Evidence and Important Witnesses Are Equally Available in Texas As in California.

Girafa's claims that it will be more difficult to obtain evidence if its claims are litigated in Texas ring hollow. Girafa's Opposition is limited to claiming that litigating in Texas will hamper its efforts to collect evidence from two of the eight inventors on the '548 patent and the prosecuting attorney, Ms. Majerus. Girafa claims that "[c]ompelling deposition testimony from Ms. Majerus will be more efficient from California" and "[c]ompelling discovery of files from the law firms [where Ms. Majerus worked] will be more efficient from California." Opposition at pp. 10-11. Alexa can imagine no reason as to why compelling deposition testimony would be more *efficient* if Girafa's claims were heard by this Court. This is especially true given that Girafa is located in Israel with a place of business in Delaware and its counsel spread across the United States, from San Diego to Washington, D.C. If Girafa were truly concerned with efficiency and convenience, it would have filed its declaratory judgment claims in Texas as counterclaims.

## IV. CONCLUSION.

For all of these reasons, and the reasons in its opening brief, Defendants respectfully request that the Court dismiss Girafa's declaratory relief claims or transfer them to Texas for consolidation with the Texas Action. If the unfair competition claim survives, it should be severed into a separate case that may remain in California, but that is stayed pending the outcome of the Texas Action.

Dated: August 22, 2008                DLA PIPER US LLP

By /s/ M. Elizabeth Day
ELIZABETH DAY
Attorneys for Defendants
ALEXA INTERNET, INC. and NIALL O'DRISCOLL

DLA PIPER US LLP
SAN FRANCISCO

WEST\21496481.2
357317-000011

- 7 -
REPLY BRIEF ISO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY;
CV 08-2745 RMW