1   ELIZABETH DAY, Bar No. 177125
    elizabeth.day@dlapiper.com
2   GREGORY J. LUNDELL, Bar No. 234941
    greg.lundell@dlapiper.com
3   DLA PIPER US LLP
    2000 University Avenue
4   East Palo Alto, California 94303-2214
    Tel:  650.833.2000
5   Fax:  650.833.2001

6   JOHN R. HURLEY, Bar No. 203641
    john.hurley@dlapiper.com
7   DLA PIPER US LLP
    153 Townsend Street, Suite 800
8   San Francisco, CA  94107-1957
    Tel:  415.836.2500
9   Fax:  415.836.2501

10  THOMAS G. PASTERNAK (pro hac vice)
    thomas.pasternak@dlapiper.com
11  R. DAVID DONOGHUE (pro hac vice)
    david.donoghue@dlapiper.com
12  DLA PIPER US LLP
    203 North LaSalle Street, Suite 1400
13  Chicago, IL 60601-1293
    Tel:  312.368.4000
14  Fax:  312.236.7516

15

16  Attorneys for Defendants
    ALEXA INTERNET, INC. and NIALL
    O'DRISCOLL
17

                 UNITED STATES DISTRICT COURT
18
              NORTHERN DISTRICT OF CALIFORNIA
19
                      SAN JOSE DIVISION
20

21  GIRAFA.COM, INC.,                    CASE NO.  CV 08-2745 RMW

22            Plaintiff,                 **DECLARATION OF GREGORY J.**
                                         **LUNDELL IN SUPPORT OF**
23       v.                              **DEFENDANTS' MOTION TO DISMISS,**
                                         **TRANSFER OR STAY**
24  ALEXA INTERNET, INC.; NIALL
    O'DRISCOLL,                          Date:  September 5, 2008
25                                       Time:  9:00 am
              Defendants.                Dept:  6, 4th Floor
26                                       Judge:  Honorable Ronald M. Whyte

27

28

DLA PIPER US LLP
SAN FRANCISCO

WEST\21500481.1
357317-000011

DECLARATION OF GREGORY J. LUNDELL ISO DEFENDANTS' MOTION TO
DISMISS, TRANSFER OR STAY; CV 08-2745 RMW

1    I, Gregory J. Lundell, declare as follows:

2    1.    I am an attorney with the law firm of DLA Piper US LLP, counsel for Defendants

3    Alexa Internet, Inc. and Niall O'Driscoll, in this action.  I have personal knowledge of the facts

4    stated herein and if called as a witness, could and would competently testify hereto.

5    2.    Attached hereto as Exhibit A is a true and correct copy of the Memorandum

6    Opinion and Order in *BorgWarner, Inc. v. Hilite Int'l, Inc.*, Case No. 07-cv-3339 (N.D. Ill August

7    14, 2008).

8    3.    Hybrid Patents, Inc. is located in Fort Worth, TX, which is in the Northern District

9    of Texas.  Attached hereto as Exhibit B is a true and correct copy of the Civil Cover Sheet for

10    *CoxCom, Inc. v. Hybrid Patents, Inc.*, 2007 WL 2500982 (N.D. Cal 2007).

11    I declare under penalty of perjury under the Laws of the United States of America that the

12    foregoing is true and correct.  This declaration is executed in East Palo Alto, California.

13

14    Dated:  August 22, 2008

15    /s/ Gregory J. Lundell
      GREGORY J. LUNDELL
16    Attorneys for Defendants
      ALEXA INTERNET, INC. and NIALL
17    O'DRISCOLL

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN FRANCISCO

- 1 -
DECLARATION OF GREGORY J. LUNDELL ISO DEFENDANTS' MOTION TO
DISMISS, TRANSFER OR STAY; CV 08-2745 RMW

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BORGWARNER, INC., and
BORGWARNER MORSE TEC, INC.,

        Plaintiffs,

        v.

HILITE INTERNATIONAL, INC., *et al.*,

        Defendants.

No. 07 C 3339
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

This is a motion to transfer venue pursuant to 28 U.S.C. §1404(a). Defendant Hilite International, Inc. ("Hilite") moves to transfer this action from the Northern District of Illinois to the District of Delaware. Plaintiffs BorgWarner, Inc. and BorgWarner Morse Tec, Inc. ("BorgWarner," collectively) oppose the motion. For the reasons stated below, Defendant's motion to transfer venue is denied.

### II.    STATEMENT OF FACTS

On June 13, 2007, Plaintiff BorgWarner filed a complaint for patent infringement in this Court against Defendants Hilite, Aisin Seiki Co., and Aisin Automotive Casting Tennessee, Inc. This action involves BorgWarner's U.S. Patent No. 5,497,738 ("the '738 patent"). BorgWarner alleges that Defendants sell variable camshaft timing ("VCT") phasers and solenoid valves for use in automobiles that infringe upon the '738 patent. BorgWarner subsequently settled with the Aisin parties, and those parties were dismissed from the suit. On March 11, 2008, Hilite filed its answer, including a counterclaim and several affirmative defenses. BorgWarner then responded

with its answer to Hilite's pleadings. The parties have also served document requests and interrogatories, and have conducted a Rule 26(f) discovery conference.

On May 16, 2008—more than eleven months after BorgWarner initiated this action and five days after it filed its answer to BorgWarner's complaint—Hilite filed a complaint of its own in the United States District Court for the District of Delaware. Hilite's complaint alleges that BorgWarner is infringing upon its (Hilite's) VCT systems patent, U.S. Patent No. 6,209,497 ("the '497 patent"). In its complaint, Hilite asserts that its claim is related to a previous Delaware action between BorgWarner and Hitachi: *Hitachi, Ltd. v. BorgWarner Inc.*, No. 05-48-SLR (D. Del., filed Jan. 31, 2005). In that case, Hitachi sought a declaratory judgment that it had not infringed BorgWarner's '738 patent and that the '738 patent was invalid and unenforceable. The judge in Delaware—Judge Robinson—assigned a Special Master to handle discovery proceedings; the judge ultimately entered the Special Master's Reports and Recommendations as orders. The parties filed claim construction briefs and briefs on motions for summary judgment, but reached a settlement before the court in Delaware considered those motions.

Because Hilite asserted that its case is related to *Hitachi*, the case was assigned to Judge Robinson, who also presided over *Hitachi*. BorgWarner has not yet filed an answer in the action in Delaware .

Hilite has moved to transfer this action to the District Court of Delaware. Its argument—a variation of the transitive property[1]—is that because *Hitachi* is related to its Delaware action, this case must also be related to its Delaware action, because *Hitachi* and this

---

[1] *See* http://www.mathwords.com/t/transitive_property.htm (last visited July 25, 2008).

case both concern the '738 patent. BorgWarner insists that its action is the first-filed case, and that the Northern District of Illinois is the proper venue.

## III. <u>DISCUSSION</u>

Under certain circumstances, a federal court may transfer a case to another judicial district. *See* 28 U.S.C. §1404(a) ("[f]or the convenience of parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The Seventh Circuit has held that the requirements for transfer are: 1) venue is proper in the transferor and transferee court; 2) transfer is for the convenience of the parties and witnesses; and 3) transfer will serve the interests of justice. *Id.*; *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp.2d 796, 798 (N.D. Ill. 1998); *Van Holdt v. Husky Injection Molding Sys, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995); *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1127 (N.D. Ill. 1989).

### A.   *The first-filed rule does apply and favors the Northern District of Illinois*

Generally, the first-filed rule "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Newell Co. v. Lee*, 950 F. Supp. 864, 870 (N.D. Ill. 1997) (*quoting Northwest Airlines v. American Airlines*, 989 F.2d 1002, 1006 (8th Cir. 1993)). In this case, BorgWarner filed its action over eleven months before Hilite's action was filed in Delaware.

It is true that "[t]his circuit does not rigidly adhere to a 'first-to-file' rule, . . . and the mere fact that [the plaintiff] first filed the action in Illinois does not give it an absolute right to choose the forum." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir.

1995). However, the facts in *Trippe* are distinguishable from the circumstances present here. In *Trippe*, the Seventh Circuit affirmed the dismissal of the plaintiff's complaint in light of duplicate litigation in Rhode Island. The district court in Rhode Island had stayed the action there, having determined that the action in the Northern District of Illinois was the first-filed. The district court in the Northern District of Illinois held that it was not required to determine the issue of venue; in order to transfer from Rhode Island to Illinois, it was preferable to file a motion to transfer in Rhode Island, instead of filing an amended complaint in Illinois.

Normally, "[w]hen two similar actions are filed, the general rule favors the forum of the first-filed suit." *Schwarz v. National Van Lines, Inc.*, 317 F. Supp.2d 829, 832-33 (N.D. Ill. 2004). The first-filed rule applies unless matters of convenience or other circumstances suggest otherwise. *Campbell Software, Inc. v. Kronos, Inc.*, No. 95 C 7348, 1996 WL 124457, at *4 (N.D. Ill. Mar.19, 1996). In this case, there are no extenuating circumstances or clear reasons for disregarding the first-filed rule. Other than the parties being incorporated in Delaware, there are no other substantial ties to the state. BorgWarner filed its action in this court almost one full year before Hilite filed its action in Delaware. Hilite claims that the two actions are sufficiently related as to call for consolidation in the same venue, but it could have brought its claim as a counterclaim in this action instead of filing a separate suit in Delaware. It appears as though Hilite is seeking to dictate the venue of BorgWarner's action. Nevertheless, it is well-established that the plaintiff is normally entitled to its choice of venue. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").

4

Hilite's primary support for its motion to transfer is its pending action in Delaware. However, that case was filed too late and cannot be the basis for transferring the present case, which has been underway for over a year.

### B.    Venue is proper both in the Northern District of Illinois and in Delaware

It must first be determined that venue is proper in both the transferor district and transferee district. *Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995); *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Limited Partnership*, 807 F. Supp. 470, 474 (N.D. Ill. 1992). It is undisputed that venue is proper in both the Northern District of Illinois and in the District of Delaware, so I need not examine this issue further.

### C.    Convenience of parties and witnesses weighs against transfer

The issue of convenience to the parties and witnesses is a balancing test and must be considered on a case-by-case basis. 28 U.S.C. §1404(a). In order to transfer venue, the moving party must show that the transferee forum is "clearly more convenient." *Coffey*, 796 F.2d at 219-220. It is not enough to demonstrate that the transferee forum is merely as convenient. *Id.* at 220. Thus, Hilite must show that the Delaware court is more convenient to the parties and witnesses than the Northern District of Illinois.

The convenience to parties and witnesses requirement consists of five elements: 1) plaintiff's choice of forum; 2) situs of material events; 3) availability of evidence; 4) convenience of parties; and 5) convenience of witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp.2d 958, 960 (N.D. Ill. 2000). Each of these elements must be considered when determining which forum is more convenient. As explained below, all of these factors are either neutral or favor the Northern District of Illinois. Because Defendant has not shown that any of

5

the elements would clearly favor Delaware as the proper forum, the convenience of parties and witnesses weighs against transfer.

### 1. **Plaintiff's choice of forum**

Generally, "[a] plaintiff's choice of forum is entitled to substantial weight under §1404(a)." *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Plaintiff's preference becomes less important, however, if the choice of forum has "relatively weak connections with the operative facts giving rise to the claim." *Von Holdt*, 887 F. Supp. at 188. This action concerns Defendant's VCT components, which are located in automobiles sold throughout the United States, including the Northern District of Illinois. However, this district has held that "sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states." *Anchor Wall Systems, Inc. v. R&D Concrete Prods. Inc.*, 55 F. Supp.2d 871, 874 (N.D. Ill. 1999). Because the products at issue are installed in automobiles around the country, the fact that they are also in Illinois is not a strong argument for this district as the appropriate forum.

Plaintiff argues that it has long-standing ties to the Northern District of Illinois, and thus Illinois may constitute its home forum. When the '738 patent was filed, BorgWarner was headquartered in Chicago, and it continues to maintain operations within the Northern District. Because Defendant Hilite has the burden of proving that the District of Delaware is a more convenient forum than the Northern District of Illinois, it must show that the operative facts have a stronger connection to Delaware. They have not done so, and thus are unable to show why Plaintiff's choice of forum should be disregarded.

6

### 2. <u>Situs of material events</u>

The situs of material events is often less important in patent infringement cases than in other types of actions. In fact, this Court has held that "the material events of a patent infringement case do not revolve around any particular situs." *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). BorgWarner asserts that its headquarters and operations are located mainly in the Midwest, and that it has offices and facilities in the Northern District of Illinois. However, in patent infringement actions, the focus tends to be on the place where the infringing party's actions occur. *Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, at *7 (N.D. Ill Oct. 31, 2002).

In this case, the situs of material events does not favor one venue over the other. It is essentially a neutral factor, which in light of the clearly more convenient standard, does not support transfer.

### 3. <u>Availability of evidence</u>

There is some disagreement over where certain documents and witnesses are located. Hilite asserts that because BorgWarner had to defend in Delaware against Hitachi, it must have produced documents and depositions in Delaware. BorgWarner counters that its witnesses were not deposed in Delaware, and that its documents are located in Chicago, Michigan, and New York. Plaintiff further argues that, other than the extent to which Hilite has prepared for its own Delaware action, none of Hilite's documents are located in Delaware. Evidence will presumably have to be transported regardless of which forum is ultimately selected. For this reason, availability of evidence also fails to counsel in favor of transfer.

### 4. Convenience of parties

BorgWarner asserts that the Northern District of Illinois is more convenient for it, as until recently, it was headquartered in Chicago, and it continues to maintain operations in the Northern District of Illinois. They also point out that its current headquarters are in Auburn, Michigan, which is geographically closer to Illinois than Delaware. Additionally, BorgWarner manufactures VCT components and solenoid valves related to the '738 patent in Dixon, Illinois. Hilite cites *Praxair, Inc. v. ATMI, Inc.*, No. Civ. 03-11-58-SLR, 2004 WL 883395 (D.Del. April 20, 2004), arguing that Delaware is preferable, since all parties have exposed themselves to suit in Delaware by incorporating in the state. Defendant extends *Praxair* too far, however. The case does hold that "home turf" through incorporation is sufficient to show that venue is proper. It does not, however, hold that incorporation necessarily translates into convenience that might warrant transfer.

Hilite has not established any substantial connection to Delaware that would throw the balance of convenience in its favor. Hilite is headquartered in Cleveland, Ohio, and has locations in Michigan, Ohio, and Texas. As such, Delaware is not clearly more convenient for either of the parties. This militates against transfer.

### 5. Convenience of witnesses

BorgWarner's primary witnesses are located in suburban Chicago, and Phoenix, Arizona. Hilite's proffered witnesses are located in Michigan and Germany. Defendant again cites *Praxair* for the proposition that "[t]he convenience of the witnesses is only relevant to the extent that they might be unavailable for trial." *Praxair*, 2004 WL 883395, at *2. In *Praxair*, the court noted that the transferee forum chosen by the defendants was equally inconvenient for witnesses,

8

and thus denied the motion to transfer. This is precisely the situation here. Hilite argues that the Northern District of Illinois is inconvenient, but offers no evidence that Delaware is any more convenient for potential witnesses. Thus, Defendant has not established that Delaware is clearly more convenient for witnesses than the Northern District of Illinois.

   D.    *The interests of justice favor the Northern District of Illinois*

   When considering a motion to transfer venue, courts examine the interests of justice in order to promote efficient administration of the judicial system. *Coffey*, 796 F.2d at 221. Courts in this District have looked to three specific considerations when examining which forum is supported by the interests of justice: "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Amoco Oil*, 90 F. Supp.2d at 960. Often deemed, 'public interest factors,' these elements are concerned more about the judicial system as a whole, and less about the specific parties at hand.

   1. **Familiarity with the applicable law**

   Generally, when courts consider familiarity with applicable law, they are concerned about one state's ability to apply the law of another state. This is typically not an issue in patent infringement cases, as the applicable law is federal patent law. Hilite relies heavily on the fact that its Delaware action was assigned to Judge Robinson, the same judge that presided over Hitachi's case against BorgWarner. It argues that because similar issue may have been raised in *Hitachi*, Judge Robinson is familiar with the applicable law and would be able to handle the case more efficiently. Defendant Hilite cites numerous cases in which the court has transferred patent cases based on related action already pending in the transferee forum. *See Portfolio Techs., Inc.*

9

*v. Church & Dwight Co.*, No. 04-C-5141, 2004 U.S. Dist. LEXIS 25068, at \*5-9 (N.D. Ill. Dec.

7, 2004); *Houck v. Trans World Airlines, Inc.*, 947 F. Supp. 373, 376 (N.D. Ill. 1996); *SEC v.*

*First Nat'l Fin. Corp.*, 392 F. Supp. 239, 241 (N.D. Ill. 1975).

There are two problems with this argument. First, *Hitachi* was settled before many issues

were even considered by the court in Delaware. Moreover, Judge Robinson appointed a Special

Master to oversee discovery proceedings, and she accepted the Special Master's Reports and

Recommendations without comment. Hilite's assertion that Judge Robinson likely reviewed the

motions and briefs, while true, is unpersuasive. Simply reviewing briefs and motions would not

have given Judge Robinson the kind of familiarity with the issues here to warrant transferring the

case. Second, transferring this case to the District of Delaware on the basis of familiarity with

the applicable law would reward Hilite for what is basically forum shopping. Hilite filed its

action in Delaware almost one year after the commencement of this case, and now relies on it as

a pending case supporting a motion to transfer. Adopting Hilite's position here would mean that

a defendant could vitiate a plaintiff's forum choice anytime it chose, simply by filing a claim in a

second venue.

## 2. <u>Speed at which the case will proceed to trial</u>

According to the 2007 Annual Report on Judicial Business of the United States Courts,

the median time from filing to disposition (with no court action) is 6.2 months in the Northern

District of Illinois and 12.5 months in Delaware. *See* Table C-5, U.S. District Courts: Median

Time Intervals from Filing to Disposition of Cases Terminated, by District and Method of

Disposition, During the 12-Month Period Ending September 30, 2007, *available at*

http://www.uscourts.gov/judbus2007/contents.html (last visited July 25, 2008). The median time

to trial is 29.0 months in the Northern District of Illinois and 30.3 months in Delaware. *Id.*

10

These statistics show that the judicial process currently takes a little longer in Delaware, which weighs against transfer.

### 3. Resolving controversies in their locale

This District has stated that "[t]he Northern District of Illinois has an interest in protecting its citizens from infringement and preventing infringers from operating within its boundaries." *Technical Concepts L.P. v. Zurn Indus, Inc.*, No. 02-C-5150, 2002 WL 31433408 at *7 (N.D. Ill. Oct. 31, 2002). However, that same case also held that the locale of infringement actions is often the primary place of the defendant's operations. *Id.* This does not support transfer to Delaware, however, as Delaware is not the location of Hilite's activities. Thus, concerns about resolving this controversy in its locale do not support transfer to the District of Delaware.

## IV.    CONCLUSION

In considering this motion to transfer venue from the Northern District of Illinois to the District of Delaware, I must consider the convenience of the parties and witnesses, and also the interests of justice. As explained above, the District of Delaware is not clearly more convenient for either the parties or witnesses. Additionally, the interests of justice weigh against transfer. For these reasons, Defendant's motion to transfer venue pursuant to 28 U.S.C. §1404(a) is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE:  August 14, 2008

11

# EXHIBIT B

2-07CV2398

44 - CAND (Rev 11/04)                    **CIVIL COVER SHEET**

he JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is required for the use the Clerk of Court for the purpose of initiating the civil docket sheet  (SEE INSTRUCTIONS ON PAGE TWO)

| **(a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| OXCOM, INC. | HYBRID PATENTS INCORPORATED |
| 400 LAKE HEARN DRIVE | 512 MAIN STREET, SUITE 601 |
| TLANTA, GA  30319 | FORT WORTH, TX  76102 |

C06 07918 EMC

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  TARRANT COUNTY |
|---|---|
| (EXCEPT IN U S PLAINTIFF CASES) | (IN U S PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES USE THE LOCATION OF THE |
| | TRACT OF LAND INVOLVED. |

| **(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Kirkland & Ellis LLP | |
| 555 California Street, 27th Floor | E-FILING    ADR |
| San Francisco, CA  94104 | |
| Tel: (415) 439-1400 | |
| Fax: (415) 439-1500 | |

| **BASIS OF JURISDICTION**   (PLACE AN X IN ONE BOX ONLY) | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR |
|---|---|---|

| | (For diversity cases only) | | | PLAINTIFF AND ONE BOX FOR DEFENDANT |

|  | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U S Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**. ORIGIN**                     *(PLACE AN "X" IN ONE BOX ONLY)*

| ☒ Original Proceeding | ☐ Removed from State Court | ☐ Remanded from Appellate Court | ☐ Reinstated or Reopened | ☐ Transferred from Another district (specify) | ☐ Multidistrict Litigation | ☐ Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

**. NATURE OF SUIT**                    (PLACE AN X ONLY)

| | **FORFEITURE/PENALTY** | **BANKRUPTCY** | **OTHER STATUTES** |
|---|---|---|---|
| **ERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| | ☐ 640 RR & Truck | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| **ERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **RISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 510 Motion to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | |
| ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 555 Prison Condition | | | |

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 54611000159
Cashier ID: morriss
Transaction Date: 12/27/2006
Payer Name: San Francisco Legal Support

CIVIL FILING FEE
 For: San Francisco Legal Support
 Case/Party: 0-CAN-3-06-CV-007918-001
 Amount: $350.00

CHECK
 Check/Money Order Num: 17278
 Amt Tendered: $350.00

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

06-cv-7918-EMC

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.

**TUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.**

**ERSITY)**   Declaratory judgment (28 U.S.C. §§ 2201, 2202) of non-
271, et seq ) and violations of Cal. Bus. & Prof. Code §17200 et seq.

| **ASS ACTION**   DEMAND $ | ☒ CHECK YES only if demanded in complaint: |
|---|---|
| | JURY DEMAND:  ☒ YES  ☐ NO |

**TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".**

**LACE AN "X" IN ONE BOX ONLY)**   ☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

**RE OF ATTORNEY OF RECORD**

ecember 27, 2006

NDC-JS44