John B. Scherling (SBN 122234)
jscherling@sughrue.com
Scott H. Davison (SBN 228807)
sdavison@sughrue.com
SUGHRUE MION, PLLC
501 West Broadway, Suite 1600
San Diego, California 92101-3595
Tele: 619.238.3545
Fax: 619.238.4931

William H. Mandir (*pro hac vice*)
wmandir@sughrue.com
John F. Rabena (*pro hac vice*)
jrabena@sughrue.com
Carl J. Pellegrini (*pro hac vice*
cpellegrini@sughrue.com
Chandran B. Iyer (*pro hac vice*)
cbiyer@sughrue.com
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Tele: 202.293.7060
Fax: 202.293.7860

Attorneys for Plaintiff
GIRAFA.COM, INC.

Elizabeth Day (SBN 177125)
elizabeth.day@dlapiper.com
Gregory J. Lundell (SBN 234941)
Greg.lundell@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
Tele: 650.833.2000
Fax: 650.833.2001

John R. Hurley (SBN 203641)
john.hurley@dlapiper.com
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, California 94107-1957
Tele: 415.836.2500
Fax: 415.836.2501

Thomas G. Pasternak (*pro hac vice*)
thomas.pasternak@dlapiper.com
R. David Donoghue (*pro hac vice*)
david.donoghue@dlapiper.com
DLA PIPER US LLP
203 North Lasalle Street, Suite 1400
Chicago, Illinois 60601-1293
Tele: 312.368.4000
Fax: 312.236.7516

Attorneys for Defendants
ALEXA INTERNET, INC. And
NIALL O'DRISCOLLL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GIRAFA.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEXA INTERNET, INC.; NIALL O'DRISCOLL, <br><br> Defendants. | Case No.: 08-2745 RMW (RS) <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT** |

Plaintiff Girafa.com, Inc. ("Girafa") and defendants Alexa Internet, Inc. ("Alexa") and Niall O'Driscoll ("O'Driscoll") respectfully submit their Joint Case Management Statement and Rule 26(f) Report. The parties have conferred regarding this case and report as follows:

## I. JURISDICTION AND SERVICE

**The basis for the Court's subject matter jurisdiction over plaintiff's claims and defendants' counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.**

On June 2, 2008 Girafa filed the instant complaint seeking a declaration of non-infringement (Count I) and invalidity (Count II) of United States Patent No. 6,282,548. Girafa also alleges a violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (Count III).

Counts I and II of the complaint arise under the provisions of the Declaratory Relief Act, 28 U.S.C. § 2201 *et seq.,* and the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, to declare the rights and legal relations of the parties. An actual, justiciable controversy exists between Girafa and Defendants, arising from Alexa's allegation that Girafa has committed certain acts of patent infringement. Jurisdiction over Counts I and II is conferred on this Court pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (original jurisdiction under patent laws). Jurisdiction over Count III is conferred on this Court pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

No issues exist regarding personal jurisdiction.

Subject to the arguments set forth in defendants' pending motions, venue under 28 U.S.C. § 1391(b) is proper in this district.

No parties remain to be served.

## II. FACTS

**A brief chronology of the facts and a statement of the principal factual issues in dispute.**

On December 5, 2007 Girafa filed in the United States District Court for the District of Delaware a complaint for patent infringement against a number of defendants, including Alexa, alleging infringement of United States Patent No. 6,864,904 entitled "Framework For Providing

Visual Context to WWW Hyperlinks" ("the '904 patent") (*Girafa.com v. Amazon Web Services, LLC, et al.*, C.A. No. 07-787-SLR) ("the Delaware action"). On March 13, 2008, Girafa filed a Motion for Preliminary Injunction (the "PI Motion") against several parties, including Alexa, in the Delaware action. That motion has been fully briefed, argued and is awaiting a decision.

On March 21, 2008 Alexa filed in the United States District Court for the District for Eastern District of Texas a complaint for patent infringement alleging that Girafa infringes United States Patent No. 6,282,548 entitled "Automatically Generate And Displaying Metadata As Supplemental Information Concurrently With The Web Page, There Being No Link Between Web Page And Metadata" ("the '548 patent") (*Alexa Internet, Inc. v. Girafa.com, Inc.*, No. 2:08-cv-121) (as referenced above, "the Texas action"). On June 6, 2008, Girafa filed an answer to the complaint. On June 9, 2008 Girafa filed a motion to transfer the Texas action to California. The motion to transfer has been fully briefed and is awaiting a decision.

Girafa alleges that the claims, specification and prosecution history of the '548 patent limit the claims of the '548 patent to metadata about a *currently displayed* web page. Girafa further alleges that the claims, specification and prosecution history of the '548 patent therefore preclude any interpretation under which Girafa's technology could be considered infringement, inducement of infringement, or contributory infringement by Girafa's technology, which is about *linked* pages. Thus, Girafa alleges that, in asserting Alexa's '548 patent against Girafa, Alexa is trying to cover exactly what it told the U.S. Patent Office was *not* covered by the '548 patent, namely information about linked pages. Girafa further alleges that, in any event, the '548 patent is invalid.

Accordingly, Girafa alleges that, rather than pursuing a legitimate claim on the merits, Alexa filed the Texas action (1) without a good faith belief in the merits of its claim, (2) in retaliation for Girafa's filing of the Delaware action and PI Motion, and (3) for the purposes of (a) causing Girafa resources to be diverted to defending meritless sham litigation during the pendency of the Delaware action and (b) attempting to force Girafa out of business.

Girafa also alleges that O'Driscoll is the Chief Executive Officer of Alexa and, in that role, knowingly encouraged, induced, authorized, aided and abetted the filing of the Texas action for the

reasons set forth above.

In response to Girafa's complaint, defendants have filed three motions that seek to dismiss, transfer or stay the declaratory relief patent claims (Counts I and II) and to dismiss Count III under either or both Rule 12(b)(6) and California's Anti-SLAPP statute, Cal. Code Civ. Proc §425.16. To the extent that the Court does not dismiss or transfer Girafa's claims pursuant to the pending motions, the principle factual issues are:

1. whether Girafa infringes the '548 patent;

2. whether Girafa has induced others to infringe the '548 patent and contributed to the infringement of the '548 patent;

3. whether Girafa is continuing to induce others to infringe the '548 patent or is continuing to contribute to the infringement of the '548 patent;

4. whether the '548 patent is valid;

5. to the extent that defendants allege infringement of the '548 patent, whether Alexa is entitled to damages for infringement of the '548 patent, and if so, the amount of such damages;

6. to the extent that defendants allege infringement of the '548 patent, whether Girafa should be enjoined from infringement of the '548 patent;

7. whether Alexa properly filed the Texas action to enforce its rights in the '548 patent;

8. whether Alexa's decision to file the Texas action was in bad faith and the role, if any, O'Driscoll and others played in the decision to file the Texas action.

To the extent that the Court does not grant defendants' pending motions, discovery will be required with respect to each of the foregoing disputed issues.

### III. LEGAL ISSUES

**A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statues and decisions.**

The fundamental issues of law to be addressed are: (1) the proper construction of any disputed claim terms; (2) whether Girafa infringes the '548 patent under 35 U.S.C. §271 et. seq.; (3) whether the '548 patent is valid under 35 U.S.C. §§101-103 and 112; and (4) whether defendants'

conduct in bringing the Texas action constitutes unfair competition under Cal. Bus. & Prof. Code § 17200.

## IV.  MOTIONS

**All prior and pending motions, their current status, and any anticipated motions.**

Presently pending before the Court are defendants': (1) Motion to Dismiss Plaintiff's Third Claim for Relief Under Fed. R. Civ. P. 12(b)(6); (2) Special Motion to Strike Plaintiff's Third Claim for Relief; and (3) Motion to Dismiss, Transfer or Stay. Each motion has been fully briefed and oral argument is scheduled for September 12, 2008.

Following discovery, the parties additionally contemplate the filing of motions for summary judgment with respect to the issues of validity, infringement and unfair competition.

## V.  AMENDMENT OF PLEADINGS

**The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.**

The parties do not anticipate the addition or voluntary dismissal of parties, claims or defenses, but reserve the right to assert additional claims or defenses, or add new parties, according to the schedule set forth in Section XVI below.

## VI.  EVIDENCE PRESERVATION

**Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of emails, voice mails, and other electronically-recorded material.**

The parties have implemented appropriate litigation holds to preserve evidence relevant to the issues reasonably evident in this action.

## VII.  DISCLOSURES

**Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.**

Contemporaneously with the filing of this Joint Case Management Statement and Rule 26(f) Report, the parties are making their initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

## VIII. CLASS ACTIONS

**If a class action, a proposal for how and when the class will be certified.**

This case is not a class action.

## IX. RELATED CASES

**Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.**

As discussed in Part II above, this case and *Alexa Internet, Inc. v. Girafa.com, Inc.*, No. 2:08-cv-121, presently pending in the Eastern District of Texas, both pertain to the '548 patent.

Also as discussed in Part II above, Alexa and Girafa are parties to *Girafa.com v. Amazon Web Services, LLC, et al.*, C.A. No. 07-787-SLR, presently pending in the District of Delaware, which concerns a different patent.

## X. RELIEF

**All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.**

Girafa seeks declarations that (1) it has not infringed and does not infringe the '548 patent and has not otherwise performed any acts that violate 35 U.S.C. § 271 and (2) the '548 patent is invalid. Girafa further seeks (1) a finding that this is an exceptional case under 35 U.S.C. § 285 and (2) an award of its attorneys' fees pursuant to that section.

In addition, Girafa seeks judgment that defendant's conduct has violated Cal. Bus. & Prof. Code § 17200 and that Alexa, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Alexa, be permanently enjoined and restrained from any further acts of unfair competition.

Girafa further seeks such further equitable relief, such as restitution, and legal relief as the Court or a jury deems proper under the circumstances, including awarding Girafa its costs and expenses.

At this time Alexa has not answered Plaintiff's Complaint and has yet to determine what

damages it might be seeking. At a minimum, to the extent Alexa alleges infringement herein and prevails, Alexa will be entitled to seek a reasonable royalty for the use made of the invention by Girafa. Alexa is continuing to investigate whether Girafa.com has willfully infringed the '548 patent. Alexa reserves its right to seek treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees, expenses, and costs pursuant to 35 U.S.C. §285.

### XI. SETTLEMENT AND ADR

**Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.**

As discussed above, in addition to the instant litigation, plaintiff and defendant also are engaged in litigation in the Delaware action and the Texas action. The parties presently are in ongoing global mediation discussions in the District of Delaware before Magistrate Judge Leonard P. Stark. Accordingly, the parties respectfully submit that further ADR processes in this district are not necessary at this time.

### XII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

**Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.**

The parties do not consent to have a magistrate judge conduct all further proceedings.

### XIII. OTHER REFERENCES

**Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

### XIV. NARROWING OF ISSUES

**Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.**

The parties will cooperate in an effort to stipulate to admitted facts and undertake other measures to expedite the presentation of evidence at trial. A hearing date to resolve motions in

limine in advance of trial will facilitate the presentation of evidence as well.

## XV. EXPEDITED SCHEDULE

**Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.**

The parties do not believe that this is the type of case that can be handled on an expedited basis.

## XVI. SCHEDULING

**Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.**

The parties propose the following dates:

| | |
|---|---|
| Amendment of Pleadings or Joinder of Parties: | July 1, 2009 |
| Fact Discovery Cutoff: | September 18, 2009 |
| Expert Reports and Discovery: | |
|     Party Bearing Burden on Issue: | November 13, 2009 |
|     Rebuttal reports: | December 18, 2009 |
|     Discovery Cutoff: | January 29, 2010 |
| Final Day for Hearing Dispositive Motions: | March 19, 2010 |
| Pretrial Hearing: | May 6, 2010 |
| Trial: | July 19, 2010 |

With respect to the required disclosures under the Patent Local Rules, the parties respectfully request the opportunity to submit a supplemental schedule that addresses these deadlines as appropriate after receipt of the Court's rulings on defendants' pending motions.

## XVII. TRIAL

**Whether the case will be tried to a jury or to the court and the expected length of the trial.**

The parties anticipate that the patent issues will be tried to a jury and the unfair competition issues will be tried to the Court.

The parties further anticipate that trial of the case will require ten court days.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parents corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.**

Each party has filed its Civil Local Rule 3-16 Certification containing the following information:

Girafa.com, Inc. is a Delaware corporation with no parent corporation. No publicly held company owns 10% or more of its stock. Its principal officers are Chief Executive Eldad Barnoon, Chief Technology Officer Yuval Yarom and Chief Operating Officer Shirli Ran.

Alexa Internet, Inc. is a wholly owned subsidiary of Amazon.com, Inc. Legg Mason Capital Management, Inc. and affiliated funds owns 10% or more of the stock in Amazon.com, Inc.

Niall O'Driscoll, an individual, is the CEO of the Alexa Internet, Inc.

## XIX. OTHER DISCOVERY ISSUES

The parties do not anticipate that more than 25 interrogatories will be required by either plaintiff or defendants (with interrogatories propounded by Alexa and O'Driscoll together totaling no more than 25).

Exclusive of expert witness depositions, defendants submit that the parties each may take up to **10** depositions (with defendants Alexa and O'Driscoll together taking no more than 10 depositions), with each deponent being deposed only once. In light of the number of inventors of the '548 patent (eight), as well as other Alexa employees who will need to be deposed regarding topics including research and development, sales, marketing, the initiation of the Texas action and damages, as well as depositions of third parties, Girafa submits that each party should be allowed up to **20** depositions (with defendants Alexa and O'Driscoll together taking no more than 20 depositions), with each party being deposed only once.

The parties presumptively agree that each deposition will be limited to one day of seven hours. If needed for a fair examination of the deponent, or if otherwise appropriate under the

1  circumstances, the parties may agree to a particular deposition or particular depositions proceeding
2  for more than seven hours or encompassing more than one day.
3      The parties will prepare and submit to the Court an appropriate protective order addressing
4  the production and management of confidential information.
5      The parties will produce electronic discovery in native or PDF form as appropriate.

DATED: September 5, 2008      SUGHRUE MION, PLLC

By:   /s/ *John B. Scherling*
     John B. Scherling

Attorneys for Plaintiff
GIRAFA.COM, INC.

DATED: September 5, 2008      DLA PIPER US LLP

By:   /s/ *Elizabeth Day* (by consent)
     Elizabeth Day

Attorneys for Defendants
ALEXA INTERNET, INC. and NIALL O'DRISCOLL

### ECF CERTIFICATION

Pursuant to General Order No. 45, § X.B, the filing attorney attests that the content of this document is acceptable to all persons required to sign this document.