| | |
|---|---|
| 1 | ELIZABETH DAY, Bar No. 177125 |
|  | elizabeth.day@dlapiper.com |
| 2 | AARON WAINSCOAT, Bar No. 218339 |
|  | aaron.wainscoat@dlapiper.com |
| 3 | DLA PIPER LLP (US) |
|  | 2000 University Avenue |
| 4 | East Palo Alto, California 94303-2214 |
|  | Tel: 650.833.2000 |
| 5 | Fax: 650.833.2001 |

ELIZABETH DAY, Bar No. 177125
elizabeth.day@dlapiper.com
AARON WAINSCOAT, Bar No. 218339
aaron.wainscoat@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

JOHN R. HURLEY, Bar No. 203641
john.hurley@dlapiper.com
DLA PIPER LLP (US)
153 Townsend Street, Suite 800
San Francisco, CA 94107-1957
Tel: 415.836.2500
Fax: 415.836.2501

THOMAS G. PASTERNAK (pro hac vice)
thomas.pasternak@dlapiper.com
R. DAVID DONOGHUE, (pro hac vice)
david.donoghue@dlapiper.com
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1400
Chicago, IL 60601-1293
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Defendants
ALEXA INTERNET, INC. and NIALL O'DRISCOLL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**DOCUMENT SUBMITTED UNDER SEAL**

| | |
|---|---|
| GIRAFA.COM, INC., | CASE NO. CV 08-02745 RMW |
| Plaintiff, | **PUBLIC REDACTED VERSION** |
| v. | **DECLARATION OF M. ELIZABETH DAY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16(c)** |
| ALEXA INTERNET, INC.; NIALL O'DRISCOLL, | |
| Defendants. | |
| | Date: November 21, 2008 |
| | Time: 9:00 am |
| | Dept: 6, 4th floor |
| | Judge: Ronald M. Whyte |

-1-

I, M. Elizabeth Day, declare as follows:

1. I am a partner in the law firm of DLA Piper LLP (US) ("DLA Piper"), attorneys of record in this action for Defendants Alexa Internet, Inc. and Niall O'Driscoll ("Defendants"). I am lead counsel in this matter and have personal knowledge of the facts contained herein.

2. I submit this declaration in support of Defendants' Motion for Attorneys' Fees and Costs Pursuant to California Code of Civil Procedure Section 425.16(c) against Plaintiff Girafa.com, Inc. ("Plaintiff").

3. The special motion to strike Plaintiff's third claim pursuant to Code of Civil Procedure section 425.16 (the "Anti-SLAPP Motion"), filed on behalf of Defendants required the application of skill and experience in this area of law. Because the third claim involved broad factual allegations, counsel for Defendants were forced to expend time and effort to prepare and file the Anti-SLAPP Motion, review Plaintiff's opposition, prepare a reply brief and prepare and argue Defendants' position at the hearing before this Court on September 12, 2008. The total amount of fees incurred by counsel for Defendants on the current Anti-SLAPP Motion, $22,798.50, was reasonable.

4. A summary of the work performed, and the attorneys' fees sought, by Defendants in preparing and presenting their Anti-SLAPP Motion is filed herewith. Attached hereto as Exhibit A, Exhibit B, Exhibit C and Exhibit D are true and correct copies of the four DLA Piper fee invoices that reflect the work performed by DLA Piper attorneys in connection with the Anti-SLAPP Motion during June, July, August and September, 2008. Each entry on the invoices lists the date on which the work was performed, a description of the work performed, the name of the attorney performing the work, and the amount of time spent performing the work. The amount of attorneys' fees is determined by multiplying the hourly fee rate of the attorney who performed the work by the amount of time spent on the work. The relevant hourly rates are as follows: Thomas G. Pasternak, Partner ($▓▓▓); M. Elizabeth Day, Partner ($▓▓▓); Greg Lundell, Associate ($▓▓▓); John R. Hurley, Associate ($▓▓▓).

5. The Court will note that the attached invoices are redacted in part. These redactions reflect work performed by the attorneys on tasks unrelated to Defendants' Anti-SLAPP

2

Motion, such as Defendants' separate motion to dismiss, transfer or stay the litigation. Defendants are not seeking to recover any fees in connection with work that has been redacted in the invoices. Also, when an attorney's work on any given day was divided between work on the Anti-SLAPP Motion and other work on this case, the amount of time listed on the invoice for the attorney's work for that day has been adjusted downward so that it only reflects time spent on tasks relating to the Anti-SLAPP Motion.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of knowledge.

Dated: October 17, 2008

                                                                               _____
                                                                                M. Elizabeth Day